UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS
919 18th Street, NW, Suite 901
Washington, DC 20006

Plaintiff,

v.

ELAINE L. CHAO, in her official capacity as the Secretary of Labor
United States Department of Labor
200 Constitution Avenue, NW
Washington, DC 20210

Defendant.

Case: 1:07-cv-02250
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/14/2007
Description: Admn. Agency Review

## CIVIL COMPLAINT

### PLAINTIFF

1. The National Association of Waterfront Employers ("NAWE") is a not-for-profit trade association incorporated under the laws of the District of Columbia with its principle place of business in the District of Columbia and operating under section 501(c)(6) of the Internal Revenue Code, 26 U.S.C. § 501(c)(6).

2. NAWE represents the United States private sector stevedoring companies and marine terminal operators (MTOs).

3. NAWE members load and unload vessels at the vast majority of the general marine cargo and container terminals along the Great Lakes, East Coast, Gulf Coast, West Coast, Alaska, Hawaii, territories and commonwealths of the United States.

4. NAWE members are admiralty and maritime employers under the admiralty and maritime clause of the United States Constitution: "The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction;" United States Constitution, Article III, section 2.

5. NAWE members are subject to the requirements of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* (the Longshore Act).

6. NAWE members are "employers" as that term is defined in the Longshore Act: "The term 'employer' means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel)." 33 U.S.C. § 902(4).

7. Some NAWE members are "carriers" or own "carriers" as that term is defined in the Longshore Act: "The term 'carrier' means any person or fund authorized under section 32 [33 U.S.C. § 932] to insure under this Act and includes self-insurers." 33 U.S.C. § 902(5).

8. NAWE represents NAWE members before Congress, the Department of Labor and the federal courts on Longshore Act issues and other federal issues.

9. NAWE publishes a monthly newsletter that provides NAWE members and others information related to the Longshore Act.

## DEFENDANT

10. Elaine Chao, or her successor, is the Secretary of United States Department of Labor located at 200 Constitution Avenue, NW, Washington, DC 20210 and is named in her official capacity (the Secretary).

11. The Longshore Act assigns responsibility for administering the Longshore Act, including the issuance of rules and regulations, to the Secretary of Labor.

12. The administration of the Longshore Act, including rulemaking, is subject to the requirements of the Administrative Procedure Act, 5 U.S.C. §§ 501 *et seq.* (the APA).

## JURISDICTION AND VENUE

13. In the alternative, the Court has jurisdiction under 28 U.S.C. § 1331 because the questions before the Court are questions of federal statutory and constitutional law.

14. The Court has jurisdiction under 28 U.S.C. § 1333 because the companies that NAWE represents are admiralty and maritime employers, the employees covered by the Longshore Act are engaged in admiralty and maritime commerce, and the Longshore Act is part of the admiralty and maritime laws of the United States.

15. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e).

## FACTS

16. On July 3, 2006, the Chief Administrative Law Judge (Chief ALJ) in the U.S. Department of Labor Office of Administrative Law Judges (an Article II judge under the United States Constitution) sent a memorandum to "interested parties" declaring that effective August 1, 2006 "[Longshore Act] cases will no longer display the claimant's full name in the decision or in the caption." (the Anonymous Claimant Rule) Exhibit A.

17. The Anonymous Claimant Rule as it applies to NAWE members was not published in the *Federal Register* as a proposed rule.

18. The Anonymous Claimant Rule as it applies to NAWE members was not published in the *Federal Register* as a final rule.

19. The Anonymous Claimant Rule as it applies to NAWE members does not appear in the Code of Federal Regulations.

20. Persons who are not a party to the litigation, but have a need to know the identity of the claimant have a federal right under the Constitution and laws of the United States to know the claimant's identity.

21. The Anonymous Claimant Rule does not provide a procedure or process for persons who are not parties to the litigation, but have a need to know the identity of the claimant, to obtain the name of a claimant.

22. Persons who are not a party to the litigation, but who may need to know the identity of the claimant, include but are not limited to: (a) future employers and carriers who may be subject to additional claims under the Longshore Act, (b) any persons who may be involved in future litigation with the claimant, (c) the press and (d) the general public.

23. On February 28, 2007, NAWE members and NAWE staff met with the Chief ALJ and asked that the Anonymous Claimant Rule be withdrawn and published as a proposed rule for public comment so that the procedural deficiencies surrounding the adoption of the rule and the legal and constitutional deficiencies with the rule could be addressed.

24. On May 7, 2007, NAWE sent a letter to the Chief ALJ formally asking for the Anonymous Claimant Rule to be withdrawn and published as a proposed rule for public comment because its adoption was procedurally deficient and the Anonymous Claimant Rule itself violated the laws and Constitution of the United States. Exhibit B.

25. On June 12, 2007 the Chief ALJ rejected the NAWE request. Exhibit C.

26. On July 20, 2007 the Acting Solicitor of Labor also rejected the NAWE request. Exhibit D.

27. The adoption of the Anonymous Claimant Rule has denied NAWE and NAWE members their procedural and substantive rights guaranteed under the Longshore Act, APA, common law and Constitution of the United States.

28. The Anonymous Claimant Rule was adopted by a federal official who has no statutory or constitutional authority to adopt such rules.

29. NAWE and NAWE members have been denied the right to participate in the adoption of rules that affect substantive rights guaranteed by the common law, statutes and Constitution of the United States.

30. NAWE and NAWE members have been and are being denied access to information that they have a common law, statutory and constitutional right to know.

31. NAWE and NAWE members have suffered these injuries in their capacity as "employers" and "carriers" as those terms are defined under the Longshore Act and as a member of the "press" as that term is used under the first amendment of the United States Constitution.

32. NAWE now has no meaningful administrative remedies available.

## COUNT 1

33. Incorporating by reference paragraphs 1-32, the Anonymous Claimant Rule is arbitrary, capricious and not in accordance with the law because the Anonymous Claimant Rule was not adopted in accordance with the procedural requirements of the Longshore Act and/or the APA.

## COUNT 2

34. Incorporating by reference paragraphs 1-32, the Anonymous Claimant Rule is arbitrary, capricious and not in accordance with the law because the Chief ALJ is without constitutional, statutory or delegated authority to adopt any rules, regulations or policies concerning the administration of the Longshore Act.

## COUNT 3

35. Incorporating by reference paragraphs 1-32, the Anonymous Claimant Rule is arbitrary, capricious and not in accordance with the law because the Anonymous Claimant Rule violates

the laws of the United States (including the common law, the APA and/or the Longshore Act) and the Constitution of the United States (including the first and fifth amendments thereto).

## RELIEF

36. The Plaintiff seeks a declaratory judgment that the Anonymous Claimant Rule violates the laws and/or the Constitution of the United States.

37. The Plaintiff seeks an order requiring the Secretary to withdraw the Anonymous Claimant Rule.

38. The Plaintiff seeks a permanent injunction prohibiting the Secretary from adopting a new Anonymous Claimant Rule unless a new rule is adopted by the Secretary through a formal rulemaking procedure as required by the APA.

39. The Plaintiff seeks a permanent injunction prohibiting the Secretary from adopting a new rule that provides for concealment of claimant's names except when such concealment is based on individualized and special circumstances consistent with law followed by Federal Article III courts.

Respectfully submitted,

_____
Francis Edwin Froelich, # 418399
CARROLL & FROELICH, PLLC
919 18th Street, NW, Suite 901
Washington, DC  20006
(202) 587-4802

Attorney for Plaintiff

Signed this 14th day of December, 2007.

# EXHIBIT A

**U.S. Department of Labor**  Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



DATE:       JULY 3, 2006

FROM:       JOHN M. VITTONE
            Chief Administrative Law Judge

TO:         INTERESTED PARTIES

SUBJECT:    CLAIMANT NAME POLICY

Beginning on August 1, 2006, administrative law judge decisions rendered in Black Lung Benefits Act and Longshore and Harbor Workers' Compensation Act cases will no longer display the claimant's full name in the decision or in the caption.

**Why is this change being made?**

The 1996 e-FOIA amendments required agencies to publish adjudicatory decisions on the Internet. A consequence of that law is that commercial Internet search engines negated any "practical obscurity" that was previously true of agency decisions relating to the BLBA and LHWCA. Thus, to limit a claimant's exposure on the Internet, the Department of Labor has decided that it will avoid referring directly to the claimant's name in decisions and other orders that are required to be posted on the DOL web site on or after August 1, 2006.

**Is the name of the claimant considered secret?**

No. By statute and regulation, black lung and longshore hearings are open to the public. 30 U.S.C. § 932(a); 33 U.S.C. § 923(b); 20 C.F.R. §§ 702.344 and 725.464. Thus, the claimant's name and the fact that the claimant has a case pending before an ALJ is a matter of public record. Consequently, except for documents to be posted on a DOL web site, the hearing process will not change.

**What about the decisions already on the DOL web site?**

The policy applies prospectively only. Decisions already on the web site are already in the public domain and will not be changed.

-2-

### How will decisions be captioned and how will they be cited in briefs or decisions?

The caption will display the claimant's initials. The initials used on the caption will be the first letter of the first name and the first letter of the last name. Middle names and prefixes or suffixes will not be used in the caption. A cover or referral memorandum, not part of the decision, will be sent only to the parties. That memo will identify the claimant's full name.

For opinions affected by this policy, initials rather than the name will be used for citation purposes. For example:

> *J.J. v. The Coal Co.*, 2006-BLA-00000 (Apr. 22, 2008)

For older opinions, you may continue to use the name as you would have before. For example:

> *Jones v. The Coal Co.*, 1999-BLA-10 (Apr. 22, 2000).

### Will the Claimant Name Policy be applied to cases other than those arising under the BLBA or the LHWCA?

No. The Claimant Name Policy only applies to black lung and longshore cases.

If a litigant in a different case area wishes to proceed anonymously, he or she should file a motion to do so with the presiding ALJ. The ALJ will then rule on the motion based on relevant law about when a litigant in a public hearing may proceed anonymously.

# EXHIBIT B

**Carroll**
**Froelich, PLLC**

919 18th Street, NW
Suite 901
Washington, DC 20006
p/202.587.4850
f/202.587.4888
www.cflaw.us

May 7, 2007

John M. Vittone
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street NW, Suite 400-N
Washington, DC 20001

RE:  Claimant Name Policy- Longshore

Dear Judge Vintone:

Thank you for meeting with us to discuss the Department of Labor's requirement of using claimant's initials instead of names. We respectfully request that the current policy be withdrawn and that a formal notice and comment rulemaking under the Administrative Procedure Act (APA) be initiated. The policy should be withdrawn for the reasons that we articulated in our meeting. The ultimate policy adopted through this rulemaking should be that the public has a right to know the names of individuals who avail themselves of government adjudication. If there are exigent situations that warrant a different result in an individual case, that determination should be made on a case-by-case basis.

Our position is supported by numerous judicial decisions and federal judicial policy. The Judicial Conference of the United States has a privacy policy in place that states, "Individuals who file a civil case in federal district court or appeal a civil case, may expect that the documents in their files are available electronically to the same extent that they are available at the courthouse with the exception of Social Security cases." The policy further states that the "Federal Court files unless sealed or otherwise restricted by statute, federal rules or conference policy are presumed to be available to the public." The Judicial Conference recognizes specific and very limited information that can be withheld from the public—social security numbers, dates of birth, financial account numbers and names of minor children.

The courts have long held that a common law right exists "to inspect and copy public records and documents including judicial records and documents", Nixon v. Warner Communications, 435 U.S. 589 (1978). This common law right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system," In re Continental Illinois Securities Litigation, 732 F 2nd 1303 (1984).

In addition to these common law rights, the Supreme Court has recognized a first amendment right of access to judicial proceedings, Richmond Newspapers Inc. v. Virginia, 448 US. 555 (1980). While the right is not absolute, any decision to limit access to litigation information requires that the rights and interest of the public be balanced against the interests of the individual. This balance must be performed on the record and on a case-by-case basis. An absolute ban on public access to the name of the litigant conflicts with current judicial policy, the common law and the Constitution.

The "policy" announced on July 3, 2006 governing longshore and harbor workers compensation cases is an agency rulemaking governed by the *Administrative Procedure Act*, 5 U.S.C. § 551, *et seq.* (APA). This agency decision decides important legal and constitutional rights without a hearing, without notice and comment, and without a record. Therefore, at a minimum this policy requires formal notice and comment under the APA. This failure to follow APA procedures renders the policy defective under the APA.

Our preferred solution to this problem is to have the Department withdraw the current rule, issue a proposed rule under the APA and then develop a full record as required by the APA. If the Department develops a full record on this issue, the Department will have no choice but to adopt a different policy. If the policy is left as is, NAWE would have no choice but to challenge both the policy and the process by which the policy was adopted. That option would be our last choice in how to resolve this matter.

Again, we are appreciative of your efforts in meeting with our group and allowing us the opportunity to express our views on the claimant name policy.

Respectfully Submitted,

F. Edwin Froehich, MD, JD
General Counsel
National Association of Waterfront Employers

# EXHIBIT C

**U.S. Department of Labor**  Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



June 12, 2007

F. Edwin Froelich, MD, JD
General Counsel for the
 National Association of Waterfront Employers
Carroll & Froelich, PLLC
919 18th Street, N.W.
Suite 901
Washington, DC 20006

Dear Mr. Froelich:

Thank you for your letter of May 7, 2007 concerning the claimant name policy for Longshore cases.

In your letter you explain the reasons for your opposition to our practice of only using claimant's initials in the final decision and order that disposes of a longshore case. On behalf of the National Association of Waterfront Employers, you request that we cease our current practice, issue a proposed rule under the Administrative Procedure Act, and develop a record as required by the APA. If we do not adopt your suggestion, you suggest that you may challenge our practice of using only initials in final orders.

The Office of Administrative Law Judges does not have the authority to institute rulemaking proceedings under the APA. The authority to institute such proceedings resides with the Secretary of Labor. Accordingly, I am forwarding your letter and request for rulemaking to the Deputy Secretary and the Solicitor of Labor for their consideration.

Thank you for meeting with me and my staff on February 28, 2007. If I can be of further assistance please call on me at anytime.

Very truly yours,

JOHN M. VITTONE
Chief Judge

# EXHIBIT D

**U.S. Department of Labor**  Office of the Solicitor
Washington, D.C. 20210



JUL 20 2007

F. Edwin Froelich, MD, JD
General Counsel
National Association of Waterfront Employers
919 18th Street, NW
Suite 901
Washington, DC 20006

Re: Office of Administrative Law Judge's Claimant-Name Policy

Dear Dr. Froelich:

This is in response to your May 7, 2007, letter to Chief Administrative Law Judge John M. Vittone. In it, you ask the Department of Labor to withdraw its current policy of using claimants' initials (rather than full names) in decisions issued by administrative law judges under the Longshore and Harbor Workers' Compensation Act, and to initiate formal rulemaking proceedings under the Administrative Procedure Act instead.

As a valid rule of agency procedure, the Department's claimant-name practice is exempt from the Administrative Procedure Act's notice-and-comment rulemaking requirements. *See* 5 U.S.C. § 553(b)(3)(A). Accordingly, formal rulemaking is not required for the Office of Administrative Law Judges to adopt the practice.

Thank you for your interest in this matter.

Sincerely,

Jonathan L. Snare
Acting Solicitor of Labor

cc: Judge John M. Vittone

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
National Assoc of Waterfront Employers

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)
11001

**DEFENDANTS**
Elaine Chao (in official capacity)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Carroll & Froelich, PLLC
919 - 18th Street NW, Suite 901
Washington, DC 20006

Case: 1:07-cv-02250
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/14/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☒ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

③

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food &Drug | ☐ 480 Consumer Credit |
| ☐ 230 Rent, Lease & Ejectment | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 490 Cable/Satellite TV |
| ☐ 240 Torts to Land | Prisoner Petitions | ☐ 630 Liquor Laws | ☐ 810 Selective Service |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 640 RR & Truck | ☐ 850 Securities/Commodities/Exchange |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 650 Airline Regs | |
| | ☐ 550 Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| Personal Property | ☐ 555 Prison Condition | | |
| ☐ 370 Other Fraud | | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 371 Truth in Lending | Property Rights | | |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights | | ☐ 950 Constitutionality of State Statutes |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | Other Statutes | |
| | ☐ 840 Trademark | ☐ 400 State Reapportionment | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| | Federal Tax Suits | ☐ 430 Banks & Banking | |
| | ☐ 870 Taxes (US plaintiff or defendant | ☐ 450 Commerce/ICC Rates/etc. | |
| | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 460 Deportation | |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC § 501, 33 USC 901 challenge to final agency action

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 12/14/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.