## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS<br>919 18th Street, N.W., Suite 901<br>Washington, D.C. 20006 | )<br>)<br>) |
| Plaintiff, | Case: 1:07-cv-02250<br>Assigned To: Collyer, Rosemary M.<br>Assign. Date: 12/14/2007 |
| v. | Description: Admn. Agency Review<br>) |
| ELAINE L. CHAO, in her official capacity as the Secretary of Labor<br>United States Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210 | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

### <u>MOTION FOR LEAVE TO INTERVENE</u>

The Old Republic Insurance Company and Association of Bituminous Contractors, Inc., by their counsel, respectfully move under Rule 24(b) and (c) of the Federal Rules of Civil Procedure and Local Rule 7(j) for leave to intervene as plaintiffs in this case. This motion should be granted for the reasons set forth below.

Plaintiff National Association of Waterfront Employers consents to this intervention. The U.S. Department of Justice, counsel for Defendant, has been contacted and advises that it has just recently received the case and is not prepared to consent or object to this motion at this time.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO INTERVENE

### I.    INTRODUCTION

In 2006 and 2007, without providing public notice or seeking public input, or comment as required by Section 4 of the Administrative Procedure Act ("APA"); 5 U.S.C. § 553, the Department of Labor's Chief Administrative Law Judge and later its Benefits Review Board instituted new procedures by which claimants for benefits under the Longshore and Harbor Worker's Compensation Act ("LHWCA") and its extensions, and the Black Lung Benefits Act ("BLBA") are identified by their initials only in the caption and text of formal decisions and orders adjudicating  claims for benefits (the "Anonymous Claimant Rule").  In order to ensure that no Administrative Law Judge who disagreed with the new policy could include the full name of any claimant in a decision, the Chief Administrative Law Judge disabled the ability of the word processing systems of the Office of Administrative Law Judges ("OALJ") to set forth the full name of any claimant in decisions and orders.

On December 14, 2007, after seeking an informal remedy, the National Association of Waterfront Employers ("NAWE") brought suit in this Court to seek relief from the unilateral action of Defendant eliminating the full names of claimants from agency decisions under the LHWCA.  Agency action is this matter is final and there are no further administrative remedies.

Pursuant to Federal Rule of Civil Procedure 24(b), the Proposed Intervenor Plaintiffs seek to intervene in the action as plaintiffs to challenge the Anonymous Claimant Rule.  Like the NAWE Plaintiffs, the Proposed Intervenor Plaintiffs' Complaint in Intervention raises a challenge under the laws of the United States, including the

common law, the APA, the LHWCA, the BLBA, and the First and Fifth Amendments of the Constitution of the United States. Like the NAWE Plaintiff, the Proposed Intervenor Plaintiffs have no further administrative remedy and seek an order declaring that the Anonymous Claimant Rule is invalid, enjoining Defendant, its agents, employees, successors, and all other persons acting in concert with the Defendant from enforcing or applying the Anonymous Claimant Rule ,or requiring the publication of the Anonymous Claimant Rule in accordance with the procedural requirements of 5 U.S.C. § 553, granting the Proposed Intervenor Plaintiffs' costs, disbursements and attorneys fees, and granting any other relief that the Court may deem appropriate.

## II.    INTEREST OF PROPOSED INTERVENORS

Proposed Intervenor Plaintiff Old Republic Insurance Company ("Old Republic") is a commercial workers compensation insurance carrier incorporated in the Commonwealth of Pennsylvania with its principal place of business in Greensburg, Pennsylvania. Old Republic is licensed in most coal mine states to sell workers compensation and employer liability insurance, including coverage for liability arising under the BLBA. Since 1974, Old Republic has processed over 25,000 claims for benefits under the BLBA and is the principal BLBA administrator for several large self-insured coal mine operators. BLBA claims are adjudicated according to the procedural provisions of the LHWCA. 30 U.S.C. § 932(a). Defendant applies the same Anonymous Claimant Rule in BLBA claims that is applied in LHWCA claims. Old Republic and its policy holders and self-insured customers are significantly and adversely affected by the Defendant's actions in the same manner that NAWE and its members are adversely affected.

Proposed Intervenor Plaintiff Association of Bituminous Contractors, Inc. ("ABC") is a nonprofit, multiemployer association incorporated in the District of Columbia. Its members are independent and general contractors that perform various types of construction work for coal company customers, including shaft and slope construction, the construction of structures such as preparation plants, road construction and electrical work at existing and future coal mine sites throughout the United States. Under the BLBA, construction companies are potentially liable for payment of black lung benefits to former employees whose work involved exposure to coal dust and who become totally disabled due to pneumoconiosis. Since the BLBA's amendment in 1978, ABC's member companies have been named as parties in over 700 federal black lung claims. ABC and its members are significantly and adversely affected by the Defendant's actions in the same manner that NAWE and its members are adversely affected.

## III.    ARGUMENT

Proposed Intervenor Plaintiffs should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b), which allows permissive intervention upon "timely application" when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).[1] In exercising discretion under Rule 24(b), the Court must consider whether the proposed intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R.

---

[1] It is arguable that intervention under Rule 24(a)(2) also is appropriate. There is no doubt that Proposed Intervenor Plaintiffs have an interest in the subject matter and are at substantial risk that the litigation will impair that interest. While Plaintiff NAWE seeks to protect their interest and is capable of doing so, NAWE seeks to overturn the Anonymous Claimant Rule in matters arising under the LHWCA only. Proposed Intervenor Plaintiffs seek relief from the Rule in matters arising under the BLBA also, and NAWE would not necessarily represent that interest and has not sought such relief.

Civ. P. 24(b)(3).    There is no requirement of a significant protectable interest.    See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002).

Timeliness is determined by all the circumstances of the case and by the sound discretion of the Court.    See NAACP v. New York, 413 U.S. 345, 365-66 (1973); see also Associated Builders & Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999).    In this case, the motion to intervene is being filed early in the case, before an answer has been filed, before any discovery has commenced, and before this Court has issued a motions schedule.    Proposed Intervenor Plaintiffs are not requesting delay, and Proposed Intervenor Plaintiffs' intervention will not delay the litigation of this action or prejudice any party.    NAWE has consented to intervention and Defendant still is considering its consent.

Rule 24(b)'s requirement of a common question of law or fact is met in this case. The common questions of law which Plaintiff, Defendant, and Proposed Intervenor Plaintiffs seek to address are:  (1) whether the anonymous claimant rule was adopted by Defendants without statutory authority and in violation of the law; and (2) whether the anonymous claimant rule is arbitrary and capricious in violation of the APA, the LHWCA, the BLBA, and the First and Fifth Amendments of the Constitution of the United States.    Thus, Proposed Intervenor Plaintiffs' claims have both questions of law and fact in common with the main action and are essentially the same cause of action.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Proposed Intervenor Plaintiffs'

motion for leave to intervene as plaintiffs.

Respectfully Submitted,

Dated: January 14, 2008                    By: _____

Mark E. Solomons
D.C. Bar No. 344440
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 533-2361
Facsimile:     (202) 261-0129
Email:  solomonsm@gtlaw.com


          /s/ Laura Metcoff Klaus
Laura Metcoff Klaus
D.C. Bar No.   294272
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 533-2362
Facsimile:     (202) 261-0137
Email:  klausl@gtlaw.com

*Attorneys for Old Republic Insurance Co.*

_/s/ Mary Lou Smith_
Mary Lou Smith
D.C. Bar No. 389507
Howe, Anderson & Steyer, P.C.
815 Connecticut Avenue, N.W. #620
Washington, D.C. 20006
Telephone:    (202) 296-5680
Facsimile:    (202) 331-8049
Email:         mlsmith@haspc.com

*Attorney for Association of Bituminous
Contractors, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2008 a true copy of this Motion to

Intervene and Memorandum of Points and Authorities was sent to Plaintiff's Counsel,

Francis Edwin Froelich, Carroll & Froelich, PLLC, 919 18th Street, N.W., Suite 901,

Washington, D.C. 20006, and Defendant's counsel, Scott Risner, U.S. Department of

Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Avenue, N.W,

Washington, D.C. 20001 in the manner indicated below:

(Served by overnight delivery)

Mark E. Solomons
D.C. Bar No. 344440
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 533-2361
Facsimile:    (202) 261-0129
Email:  solomonsm@gtlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OLD REPUBLIC INSURANCE COMPANY**<br>P.O. Box 2200<br>Greensburg, Pennsylvania 15601,<br><br>and<br><br>**ASSOCIATION OF BITUMINOUS**<br>    **CONTRACTORS, INC.**<br>815 Connecticut Avenue, N.W. #620<br>Washington, DC 20006<br><br>and<br><br>**JOHN DOES A-E**<br><br>                   Plaintiffs,<br><br>    v.<br><br>**ELAINE CHAO,**<br>Secretary of the U.S. Department of Labor,<br><br>and<br><br>**THE U.S. DEPARTMENT OF LABOR,**<br><br>                 Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT IN INTERVENTION FOR
## DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.    The Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33

U.S.C. §§ 901-952, and the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-945,

establish federally administered workers' compensation programs for certain maritime

and other workers and U.S. coal miners with black lung disease. As a general rule,

procedures for the adjudication of these claims, including black lung claims, are set forth in the LHWCA.

2.    Since 1927, when the LHWCA program began, decisions and orders in claims for benefits under the LHWCA were captioned to show the full name of the claimant and the name of the employer.  Since June 1970, when the Black Lung program began, black lung benefits decisions and orders were captioned to show the full name of the benefit claimant and the name of the employer.  The Social Security Administration was the first administrator of the BLBA and that agency always captioned its cases to show the full name of the claimant.  The U.S. Department of Labor's BLBA decisions also were captioned to show the full name of the claimant.

3.    Department of Labor regulations published after notice and comment rulemaking required each decision of an administrative law judge to include the full name of the claimant.  20 C.F.R. § 725.477(b) (2006).

4.    In 2006 and 2007, without providing public notice or seeking public input or comment as required by Section 4 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553, the Department of Labor's Chief Administrative Law Judge and later its Benefits Review Board instituted new procedures by which claimants for benefits under the LHWCA and its extensions, and the BLBA are identified by their initials only in the caption and text of formal decisions and orders adjudicating such claims for benefits (the "anonymous claimant rule").

5.    In order to ensure that no Administrative Law Judge who disagreed with the new policy could include the full name of any claimant in a decision, the Chief

Administrative Law Judge disabled the ability of the word processing systems of the Office of Administrative Law Judges ("OALJ") to set forth the full name of any claimant in decisions and orders.

6.     On December 14, 2007, the National Association of Waterfront Employers ("NAWE") on its own behalf and on behalf of its members, brought suit in this Court seeking relief from the unilateral elimination of the full names of claimants from agency decisions under the LHWCA. Exhibit A

7.     NAWE states that this important change in the reporting of decisions is a substantive rule having a significant and adverse impact on them and their members, and for which notice and comment rulemaking is required as a matter of law.  NAWE further contends that the defendants have no legal authority to require all LHWCA claimants to litigate anonymously or to impose an across-the-board system of anonymous litigation on the parties to LHWCA claims, interested members of the public, the Press, and insurers and employers covered by the LHWCA.

8.     NAWE alleges that its members have been harmed by these actions and seek appropriate relief.

9.     NAWE asks this Court to either require notice and comment rulemaking or to enjoin the Defendants from their unauthorized abrogation of the centuries-old rule of American jurisprudence prohibiting anonymous litigation except in individualized and special circumstance.

10.     Intervenor Plaintiffs are an insurer, and claims administrator for self insured coal mine operators and, an association of employers covered by the BLBA. BLBA claims are adjudicated according to the procedural provisions of the LHWCA.  30 U.S.C. § 932(a).

11.     Defendants apply the same anonymous claimant rule in BLBA claims that is applied in LHWCA claims.  In addition, Defendants repealed without notice and comment, the regulation requiring the identification of claimants by name in BLBA decisions issued by the OALJ, a regulation that was adopted following notice and comment rulemaking pursuant to 5 U.S.C. § 553.

12.     Intervenor-Plaintiffs join in NAWE's opposition to the anonymous claimant rule and seek identical or closely similar relief to that sought by NAWE.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of the Action under 28 U.S.C. § 1331.

14.     Venue is proper in this Court under 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.  The Secretary of Labor and the U.S. Department of Labor are principally domiciled in the District of Columbia.

## PARTIES

15.     Intervenor-Plaintiff Old Republic Insurance Company ("Old Republic") is a commercial workers' compensation insurance carrier incorporated in the

Commonwealth of Pennsylvania with its principal place of business in Greensburg, Pennsylvania. Old Republic is licensed in most coal mine states to sell workers compensation and employer liability insurance, including coverage for liability arising under the BLBA. Since 1974, Old Republic has processed over 25,000 claims for benefits under the BLBA and is the principal BLBA administrator for several large self-insured coal mine operators. Old Republic and its policy holders and self-insured customers are significantly and adversely affected by the Defendants' anonymous claimant rule.

16.    Intervenor-Plaintiff Association of Bituminous Contractors, Inc. ("ABC") is a nonprofit, multiemployer association incorporated in the District of Columbia. Its members are independent and general contractors that perform various types of construction work for coal company customers, including shaft and slope construction, the construction of structures such as preparation plants, road construction and electrical work at existing and future coal mine sites throughout the United States. Under the BLBA, construction companies are potentially liable for payment of black lung benefits to former employees whose work involved exposure to coal dust and who become totally disabled due to pneumoconiosis. Since the BLBA's amendment in 1978, ABC's member companies have been named as parties in over 700 federal black lung claims. ABC and its members are significantly and adversely affected by the anonymous claimant rule.

17.    Intervenor-Plaintiffs A-E --  are other entities that may be added as plaintiffs that are significantly and adversely affected by the anonymous claimant rule.

18.     The Defendants, Elaine Chao in her capacity as the Secretary of the United States Department of Labor, and the United States Department of Labor ("Department") are responsible for the administration of the benefit programs authorized under the BLBA and LWHCA and for the adoption of the anonymous claimant rule.  The administrative practices and other functions of the Department of Labor's Office of Administrative Law Judges and Benefits Review Board are subject to the supervision and control of the Secretary of Labor and other employees of the Department of Labor.

## BACKGROUND

19.     On July 3, 2006, the Defendants' Chief Administrative Law Judge issued a memorandum to "interested parties" (generally not including litigants or their counsel) declaring that effective August 1, 2006, opinions in cases arising under the LHWCA and BLBA "will no longer display the claimant's full name in the decision or the caption." (The "anonymous claimant" rule.)  Exhibit B.

20.     This rule change was issued without providing notice and without an opportunity for interested parties to participate in accordance with 5 U.S.C. § 553.

21.     With respect to BLBA claims, the anonymous claimant rule was contrary to a preexisting rule that was published for notice and comment which provided:  "A decision and order [of an ALJ] shall contain … the names of the parties…."  20 C.F.R. § 725.477 (2007).

22.     The Chief Administrative Law Judge's repeal of this preexisting rule was not published in the Federal Register for notice and comment in accordance with 5

U.S.C. § 553, and the Chief Administrative Law Judge has no statutory authority to issue a rule.

23.    Following objections to the anonymous claimant rule by parties to black lung claims, the Assistant Secretary of Labor published a repeal of the relevant language of 20 C.F.R. § 725.477 in the Federal Register.

24.    Stating that the change "pertains only to the Department's formatting of decisions and orders," the repeal was published as a final rule without providing an opportunity for notice and comment in accordance with 5 U.S.C. § 553.  72 Fed. Reg. 4204-05 (Jan. 30. 2007).  Exhibit C.

25.    The Department did not also publish a rule precluding the use of a claimant's name in the caption or text of the opinion but instead installed software in the word processing system of the Office of Administrative Law Judges which substitutes initials for a claimant's name.  Accordingly, even those administrative law judges who considered the rule invalid or inappropriate could not override the Chief Administrative Law Judge's anonymous claimant rule thus depriving administrative law judges of the decisional independence conferred by the APA.  Exhibit D.

26.    On February 28, 2007, NAWE staff and members together with representatives of Intervenor-Plaintiffs met with the Chief Administrative Law Judge and asked that the anonymous claimant rule be terminated or that a proper rule be published for notice and comment in accordance with 5 U.S.C. § 553, so the legal and procedural objections of interested persons might be considered by the Department of Labor.

27.    On May 7, 2007, NAWE sent a letter to the Chief Administrative Law Judge formally asking that the anonymous claimant rule be withdrawn or that it be published for notice and comment in accordance with 5 U.S.C. § 553.  Exhibit E.

28.    On June 12, 2007, the Chief Administrative Law Judge rejected NAWE's request.  Exhibit F.

29.    On July 20, 2007, the Acting Solicitor of Labor also rejected NAWE's request.  Exhibit G.

30.    On August 6, 2007, Administrative Law Judge Thomas Phelan issued an order denying Intervenor-Plaintiff Old Republic's motion to republish a decision stating the claimant's name in the caption and text of his opinion.  Judge Phelan stated his belief that the anonymous claimant rule was invalid, but he did not want to delay the claim "since the related computer program has been designed to reject the use of full claimant names wherever utilized in the caption and text of the decision and order -- an action which I continue to maintain is an interference with the judicial independence of the affected United States Administrative Law Judges, including the undersigned."  Exhibit H.

31.    On or about August 3, 2007, the Benefits Review Board, the entity with authority to conduct appellate review of decisions of administrative law judges under the LHWCA and BLBA instituted the anonymous claimant rule without notice and comment rulemaking required by 5 U.S.C. § 553.

32.     Intervenor-Plaintiffs are injured and aggrieved by the anonymous claimant rule and believe these rules were adopted by the Department of Labor without legal authority and in violation of the APA.  5 U.S.C. §§ 551-559, 701-706.  The anonymous claimant rule diminishes the value of precedent and impairs the ability of all parties in BLBA and LHWCA cases to research the applicable law, to identify applicable precedent, to respond to arguments asserted by adversaries, and for employers and insurers to research the claims history of individual claimants in matters arising under the BLBA, LHWCA and many other state and federal laws in which such claims' history is or may constitute relevant evidence.  Exhibit I.

33.     There are no further administrative remedies available to Intervenor-Plaintiffs.

## CAUSES OF ACTION

### COUNT I

34.     Intervenor-Plaintiffs incorporate by reference paragraphs 1-33 of this Complaint in Intervention as though fully set forth herein.

35.     The anonymous claimant rule is contrary to longstanding American precedent disfavoring anonymous litigation that is expressly incorporated into the APA by 5 U.S.C. § 559 and that is presumed to be incorporated into the LHWCA, the BLBA, and the applicable provisions of the APA, including but not limited to 5 U.S.C. §§ 552 and 552(a) (also known as the Freedom of Information Act).  The anonymous claimant

rule was thus adopted by the Defendants without statutory authority and in violation of the law and must be set aside in accordance with 5 U.S.C. § 706(2).

## COUNT II

36.    Intervenor-Plaintiffs incorporate by reference paragraphs 1-35 of this Complaint in Intervention as though fully set forth herein.

37.    The identity of a claimant for benefits under the BLBA and LHWCA and the ability to search a claimant's claim history are matters of substantive significance to Intervenor-Plaintiffs, the NAWE Plaintiffs and the employers and insurers generally whether or not subject to liability under the BLBA and LHWCA.

38.    Defendant's adoption of an anonymous claimant rule is arbitrary, capricious and not in accordance with law because (1) the rule was not adopted in accordance with the procedural mandates of 5 U.S.C. § 553, the LHWCA and the BLBA and (2) the preexisting properly promulgated rule requiring that the name of the claimant be included in the captions of opinions was repealed in violation of notice and comment rulemaking as required by 5 U.S.C. § 553.  The rule must be set aside in accordance with 5 U.S.C. § 706(1),(2).

## COUNT III

39.    Intervenor-Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint in Intervention as though fully set forth herein.

40.    The anonymous claimant rule is arbitrary, capricious and not in accordance with law because this agency action (1) violates the Administrative Procedure Act including the Freedom of Information Act, to the extent the rule impairs the informational and statutory rights of plaintiffs to free access to claim information; (2) violates the LHWCA and BLBA to the extent those Acts expressly require free and unimpaired access to claimant information by a party that may be responsible for the payment of benefits; (3) violates the Fifth Amendment of the Constitution of the United States to the extent the Fifth Amendment ensures due process of law to employers and carriers in their defense of claims under the BLBA, LHWCA and other state and federal laws, and (4) violates the First Amendment to the Constitution of the United States to the extent it impairs the rights of Plaintiffs to access to important public information that is needed by Intervenors-Plaintiffs in conducting their business and in disseminating public information to their members and customers by publication or otherwise, as the case may be.  The rule must be set aside in accordance with 5 U.S.C. § 706(1),(2).

## RELIEF REQUESTED

Wherefore, Intervenors-Plaintiffs respectfully ask this Court:

1.    To declare that the Anonymous Claimant Rule is arbitrary, capricious, an abuse of discretion and not in accordance with law and was adopted by Defendants in excess of statutory authority, without observance of procedures required by law and in the absence of any record warranting the rule;

2.    To enjoin defendants, their agents, employees, successors, and all other persons acting in concert with them from enforcing or applying the Anonymous Claimant Rule;

3.    Grant to Intervenor-Plaintiffs costs, disbursements and attorneys fees pursuant to 5 U.S.C. § 552a as amended by the Open Government Act of 2007, and otherwise as provided by law; and

4.    Grant any other relief that the Court may deem appropriate.

Respectfully submitted,

_____

Mary Lou Smith
D.C. Bar No. 389507
HOWE, ANDERSON & STEYER, P.C.
815 Connecticut Avenue, NW. #620
Washington, D.C. 20006
(202) 296-5680
FAX: (202) 331-8049
e-mail: mlsmith@haspc.com

Mark E. Solomons
D.C. Bar No. 34440
Laura Klaus
D.C. Bar No. 294272

GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
(202) 533-2361
FAX: (202) 261-0129
e-mail: solomonsm@gtlaw.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Old Republic Insurance Company and Association of Bituminous Contractors, Inc. and John Does A-E

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark E. Solomons, Laura Klaus, and Precious Murchison, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037

Mary Lou Smith, Howe, Anderson & Steyer, P.C., 815 Connecticut Avenue, N.W. #620, Washington, D.C. 20006

Francis Edwin Froelich, Carroll & Froelich, PLLC, 919 18th Street, N.W., Suite 901, Washington, D.C. 20006

## DEFENDANTS

Elaine Chao, Secretary of the U.S. Department of Labor and the U.S. Department of Labor

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Scott Risner, U.S. Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Avenue, N.W., Washington, D.C. 20001

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust
☐ 410 Antitrust

○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br> Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br> Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br> Employment<br>☐ 446 Americans w/Disabilities-<br> Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br> Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br> Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original
Proceeding
○ 2 Removed
from State
Court
○ 3 Remanded from
Appellate Court
○ 4 Reinstated
or Reopened
○ 5 Transferred from
another district
(specify)
○ 6 Multi district
Litigation
○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1331; 28 U.S.C. § 1391(e); 5 U.S.C. § 703  Complaint in Intervention for Declaratory and Injunctive Relief against U.S. Department of Labor

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐<br>ACTION UNDER F.R.C.P. 23 | **DEMAND $** ⌐ ⌐ ⌐ ⌐ ⌐<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S)**
**IF ANY**        (See instruction)        YES ☒   NO ☐        If yes, please complete related case form.

DATE  1/11/08        SIGNATURE OF ATTORNEY OF RECORD  *Mark Cohen*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.        COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.        CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.        CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.        CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.        RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLERK﹣S OFFICE                                              CO-932
UNITED STATES DISTRICT COURT                                Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

NOTICE TO PARTIES:

    Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk﹣s records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

    Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

    Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

———————————

The plaintiff, defendant or counsel must complete the following:

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

    A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(e﹣s) below.]

|     |     |     |
|-----|-----|-----|
| [ ] | (a) | relates to common property |
| [X] | (b) | involves common issues of fact |
| [ ] | (c) | grows out of the same event or transaction |
| [ ] | (d) | involves the validity or infringement of the same patent |
| [ ] | (e) | is filed by the same pro se litigant |

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

    A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

    Check box if new case is related to a dismissed case: [ ]

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

_____

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E﹣S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**National Association of Waterfront Employers** v. Elaine L. Chao _____ C.A. No. **07-cv-2250**

'10/08 _____ *Mark Adam* _____

DATE                    Signature of Plaintiff /Defendant (or counsel)

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS
    919 18th Street, NW, Suite 901
    Washington, DC  20006

                       Plaintiff,

           v.

ELAINE L. CHAO, in her official capacity as the Secretary of Labor
    United States Department of Labor
    200 Constitution Avenue, NW
    Washington, DC  20210

                   Defendant.

Case: 1:07-cv-02250
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/14/2007
Description: Admn. Agency Review

## CIVIL COMPLAINT

### PLAINTIFF

1.    The National Association of Waterfront Employers ("NAWE") is a not-for-profit trade association incorporated under the laws of the District of Columbia with its principle place of business in the District of Columbia and operating under section 501(c)(6) of the Internal Revenue Code, 26 U.S.C. § 501(c)(6).

2.    NAWE represents the United States private sector stevedoring companies and marine terminal operators (MTOs).

3.    NAWE members load and unload vessels at the vast majority of the general marine cargo and container terminals along the Great Lakes, East Coast, Gulf Coast, West Coast, Alaska, Hawaii, territories and commonwealths of the United States.

4.  NAWE members are admiralty and maritime employers under the admiralty and maritime clause of the United States Constitution: "The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction;" United States Constitution, Article III, section 2.

5.  NAWE members are subject to the requirements of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* (the Longshore Act).

6.  NAWE members are "employers" as that term is defined in the Longshore Act: "The term 'employer' means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel)." 33 U.S.C. § 902(4).

7.  Some NAWE members are "carriers" or own "carriers" as that term is defined in the Longshore Act: "The term 'carrier' means any person or fund authorized under section 32 [33 U.S.C. § 932] to insure under this Act and includes self-insurers." 33 U.S.C. § 902(5).

8.  NAWE represents NAWE members before Congress, the Department of Labor and the federal courts on Longshore Act issues and other federal issues.

9.  NAWE publishes a monthly newsletter that provides NAWE members and others information related to the Longshore Act.

## DEFENDANT

10. Elaine Chao, or her successor, is the Secretary of United States Department of Labor located at 200 Constitution Avenue, NW, Washington, DC 20210 and is named in her official capacity (the Secretary).

11. The Longshore Act assigns responsibility for administering the Longshore Act, including the issuance of rules and regulations, to the Secretary of Labor.

12. The administration of the Longshore Act, including rulemaking, is subject to the requirements of the Administrative Procedure Act, 5 U.S.C. §§ 501 *et seq.* (the APA).

## JURISDICTION AND VENUE

13. In the alternative, the Court has jurisdiction under 28 U.S.C. § 1331 because the questions before the Court are questions of federal statutory and constitutional law.

14. The Court has jurisdiction under 28 U.S.C. § 1333 because the companies that NAWE represents are admiralty and maritime employers, the employees covered by the Longshore Act are engaged in admiralty and maritime commerce, and the Longshore Act is part of the admiralty and maritime laws of the United States.

15. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e).

## FACTS

16. On July 3, 2006, the Chief Administrative Law Judge (Chief ALJ) in the U.S. Department of Labor Office of Administrative Law Judges (an Article II judge under the United States Constitution) sent a memorandum to "interested parties" declaring that effective August 1, 2006 "[Longshore Act] cases will no longer display the claimant's full name in the decision or in the caption." (the Anonymous Claimant Rule)  Exhibit A.

17. The Anonymous Claimant Rule as it applies to NAWE members was not published in the *Federal Register* as a proposed rule.

18. The Anonymous Claimant Rule as it applies to NAWE members was not published in the *Federal Register* as a final rule.

19. The Anonymous Claimant Rule as it applies to NAWE members does not appear in the Code of Federal Regulations.

20. Persons who are not a party to the litigation, but have a need to know the identity of the claimant have a federal right under the Constitution and laws of the United States to know the claimant's identity.

21. The Anonymous Claimant Rule does not provide a procedure or process for persons who are not parties to the litigation, but have a need to know the identity of the claimant, to obtain the name of a claimant.

22. Persons who are not a party to the litigation, but who may need to know the identity of the claimant, include but are not limited to: (a) future employers and carriers who may be subject to additional claims under the Longshore Act, (b) any persons who may be involved in future litigation with the claimant, (c) the press and (d) the general public.

23. On February 28, 2007, NAWE members and NAWE staff met with the Chief ALJ and asked that the Anonymous Claimant Rule be withdrawn and published as a proposed rule for public comment so that the procedural deficiencies surrounding the adoption of the rule and the legal and constitutional deficiencies with the rule could be addressed.

24. On May 7, 2007, NAWE sent a letter to the Chief ALJ formally asking for the Anonymous Claimant Rule to be withdrawn and published as a proposed rule for public comment because its adoption was procedurally deficient and the Anonymous Claimant Rule itself violated the laws and Constitution of the United States. Exhibit B.

25. On June 12, 2007 the Chief ALJ rejected the NAWE request. Exhibit C.

26. On July 20, 2007 the Acting Solicitor of Labor also rejected the NAWE request. Exhibit D.

27. The adoption of the Anonymous Claimant Rule has denied NAWE and NAWE members their procedural and substantive rights guaranteed under the Longshore Act, APA, common law and Constitution of the United States.

28. The Anonymous Claimant Rule was adopted by a federal official who has no statutory or constitutional authority to adopt such rules.

29. NAWE and NAWE members have been denied the right to participate in the adoption of rules that affect substantive rights guaranteed by the common law, statutes and Constitution of the United States.

30. NAWE and NAWE members have been and are being denied access to information that they have a common law, statutory and constitutional right to know.

31. NAWE and NAWE members have suffered these injuries in their capacity as "employers" and "carriers" as those terms are defined under the Longshore Act and as a member of the "press" as that term is used under the first amendment of the United States Constitution.

32. NAWE now has no meaningful administrative remedies available.

## COUNT 1

33. Incorporating by reference paragraphs 1-32, the Anonymous Claimant Rule is arbitrary, capricious and not in accordance with the law because the Anonymous Claimant Rule was not adopted in accordance with the procedural requirements of the Longshore Act and/or the APA.

## COUNT 2

34. Incorporating by reference paragraphs 1-32, the Anonymous Claimant Rule is arbitrary, capricious and not in accordance with the law because the Chief ALJ is without constitutional, statutory or delegated authority to adopt any rules, regulations or policies concerning the administration of the Longshore Act.

## COUNT 3

35. Incorporating by reference paragraphs 1-32, the Anonymous Claimant Rule is arbitrary, capricious and not in accordance with the law because the Anonymous Claimant Rule violates

the laws of the United States (including the common law, the APA and/or the Longshore Act) and the Constitution of the United States (including the first and fifth amendments thereto).

## RELIEF

36.  The Plaintiff seeks a declaratory judgment that the Anonymous Claimant Rule violates the laws and/or the Constitution of the United States.

37.  The Plaintiff seeks an order requiring the Secretary to withdraw the Anonymous Claimant Rule.

38.  The Plaintiff seeks a permanent injunction prohibiting the Secretary from adopting a new Anonymous Claimant Rule unless a new rule is adopted by the Secretary through a formal rulemaking procedure as required by the APA.

39.  The Plaintiff seeks a permanent injunction prohibiting the Secretary from adopting a new rule that provides for concealment of claimant's names except when such concealment is based on individualized and special circumstances consistent with law followed by Federal Article III courts.

Respectfully submitted,

Francis Edwin Froelich, # 418399
CARROLL & FROELICH, PLLC
919 18th Street, NW, Suite 901
Washington, DC  20006
(202) 587-4802

Attorney for Plaintiff

Signed this 14th day of December, 2007.

# EXHIBIT A

**U.S. Department of Labor**
Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



DATE:          JULY 3, 2006

FROM:          **JOHN M. VITTONE**
               **Chief Administrative Law Judge**

TO:            **INTERESTED PARTIES**

SUBJECT:       **CLAIMANT NAME POLICY**

Beginning on August 1, 2006, administrative law judge decisions rendered in Black Lung Benefits Act and Longshore and Harbor Workers' Compensation Act cases will no longer display the claimant's full name in the decision or in the caption.

**Why is this change being made?**

The 1996 e-FOIA amendments required agencies to publish adjudicatory decisions on the Internet. A consequence of that law is that commercial Internet search engines negated any "practical obscurity" that was previously true of agency decisions relating to the BLBA and LHWCA. Thus, to limit a claimant's exposure on the Internet, the Department of Labor has decided that it will avoid referring directly to the claimant's name in decisions and other orders that are required to be posted on the DOL web site on or after August 1, 2006.

**Is the name of the claimant considered secret?**

No. By statute and regulation, black lung and longshore hearings are open to the public. 30 U.S.C. § 932(a); 33 U.S.C. § 923(b); 20 C.F.R. §§ 702.344 and 725.464. Thus, the claimant's name and the fact that the claimant has a case pending before an ALJ is a matter of public record. Consequently, except for documents to be posted on a DOL web site, the hearing process will not change.

**What about the decisions already on the DOL web site?**

The policy applies prospectively only. Decisions already on the web site are already in the public domain and will not be changed.

**How will decisions be captioned and how will they be cited in briefs or decisions?**

The caption will display the claimant's initials. The initials used on the caption will be the first letter of the first name and the first letter of the last name. Middle names and prefixes or suffixes will not be used in the caption. A cover or referral memorandum, not part of the decision, will be sent only to the parties. That memo will identify the claimant's full name.

For opinions affected by this policy, initials rather than the name will be used for citation purposes. For example:

> *J.J. v. The Coal Co.*, 2006-BLA-00000 (Apr. 22, 2008)

For older opinions, you may continue to use the name as you would have before. For example:

> *Jones v. The Coal Co.*, 1999-BLA-10 (Apr. 22, 2000).


**Will the Claimant Name Policy be applied to cases other than those arising under the BLBA or the LHWCA?**

No. The Claimant Name Policy only applies to black lung and longshore cases.

If a litigant in a different case area wishes to proceed anonymously, he or she should file a motion to do so with the presiding ALJ. The ALJ will then rule on the motion based on relevant law about when a litigant in a public hearing may proceed anonymously.

-2-

# EXHIBIT B

# Carroll
# Froelich, PLLC

919 18th Street, NW
Suite 901
Washington, DC 20006
p/202.587.4850
f/202.587.4888
www.cflaw.us

May 7, 2007

John M. Vittone
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street NW, Suite 400-N
Washington, DC 20001

RE:  Claimant Name Policy- Longshore

Dear Judge Vintone:

Thank you for meeting with us to discuss the Department of Labor's requirement of using claimant's initials instead of names.  We respectfully request that the current policy be withdrawn and that a formal notice and comment rulemaking under the Administrative Procedure Act (APA) be initiated.  The policy should be withdrawn for the reasons that we articulated in our meeting.  The ultimate policy adopted through this rulemaking should be that the public has a right to know the names of individuals who avail themselves of government adjudication.  If there are exigent situations that warrant a different result in an individual case, that determination should be made on a case-by-case basis.

Our position is supported by numerous judicial decisions and federal judicial policy.  The Judicial Conference of the United States has a privacy policy in place that states, "Individuals who file a civil case in federal district court or appeal a civil case, may expect that the documents in their files are available electronically to the same extent that they are available at the courthouse with the exception of Social Security cases."  The policy further states that the "Federal Court files unless sealed or otherwise restricted by statute, federal rules or conference policy are presumed to be available to the public."  The Judicial Conference recognizes specific and very limited information that can be withheld from the public—social security numbers, dates of birth, financial account numbers and names of minor children.

The courts have long held that a common law right exists "to inspect and copy public records and documents including judicial records and documents", *Nixon v. Warner Communications*, 435 U.S. 589 (1978).  This common law right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system," *In re Continental Illinois Securities Litigation*, 732 F 2nd 1303 (1984).

In addition to these common law rights, the Supreme Court has recognized a first amendment right of access to judicial proceedings, *Richmond Newspapers Inc. v. Virginia*, 448 US. 555 (1980).  While the right is not absolute, any decision to limit access to litigation information requires that the rights and interest of the public be balanced against the interests of the individual.  This balance must be performed on the record and on a case-by-case basis.  An absolute ban on public access to the name of the litigant conflicts with current judicial policy, the common law and the Constitution.

The "policy" announced on July 3, 2006 governing longshore and harbor workers compensation cases is an agency rulemaking governed by the *Administrative Procedure Act,* 5 U.S.C. § 551, *et seq.* (APA). This agency decision decides important legal and constitutional rights without a hearing, without notice and comment, and without a record. Therefore, at a minimum this policy requires formal notice and comment under the APA. This failure to follow APA procedures renders the policy defective under the APA.

Our preferred solution to this problem is to have the Department withdraw the current rule, issue a proposed rule under the APA and then develop a full record as required by the APA. If the Department develops a full record on this issue, the Department will have no choice but to adopt a different policy. If the policy is left as is, NAWE would have no choice but to challenge both the policy and the process by which the policy was adopted. That option would be our last choice in how to resolve this matter.

Again, we are appreciative of your efforts in meeting with our group and allowing us the opportunity to express our views on the claimant name policy.

Respectfully Submitted,

F. Edwin Froehich, MD, JD
General Counsel
National Association of Waterfront Employers

# EXHIBIT C

**U.S. Department of Labor**    Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



June 12, 2007

F. Edwin Froelich, MD, JD
General Counsel for the
 National Association of Waterfront Employers
Carroll & Froelich. PLLC
919 18th Street, N.W.
Suite 901
Washington, DC   20006

Dear Mr. Froelich:

Thank you for your letter of May 7, 2007 concerning the claimant name policy for Longshore cases.

In your letter you explain the reasons for your opposition to our practice of only using claimant's initials in the final decision and order that disposes of a longshore case. On behalf of the National Association of Waterfront Employers, you request that we cease our current practice, issue a proposed rule under the Administrative Procedure Act, and develop a record as required by the APA. If we do not adopt your suggestion, you suggest that you may challenge our practice of using only initials in final orders.

The Office of Administrative Law Judges does not have the authority to institute rulemaking proceedings under the APA. The authority to institute such proceedings resides with the Secretary of Labor. Accordingly, I am forwarding your letter and request for rulemaking to the Deputy Secretary and the Solicitor of Labor for their consideration.

Thank you for meeting with me and my staff on February 28, 2007. If I can be of further assistance please call on me at anytime.

Very truly yours,

JOHN M. VITTONE
Chief Judge

# EXHIBIT D

**U.S. Department of Labor**     Office of the Solicitor
Washington, D.C. 20210



JUL 2 0 2007

F. Edwin Froelich, MD, JD
General Counsel
National Association of Waterfront Employers
919 18th Street, NW
Suite 901
Washington, DC  20006

Re:  Office of Administrative Law Judge's Claimant-Name Policy

Dear Dr. Froelich:

This is in response to your May 7, 2007, letter to Chief Administrative Law Judge John M.
Vittone.  In it, you ask the Department of Labor to withdraw its current policy of using
claimants' initials (rather than full names) in decisions issued by administrative law judges under
the Longshore and Harbor Workers' Compensation Act, and to initiate formal rulemaking
proceedings under the Administrative Procedure Act instead.

As a valid rule of agency procedure, the Department's claimant-name practice is exempt from
the Administrative Procedure Act's notice-and-comment rulemaking requirements.  *See* 5 U.S.C.
§ 553(b)(3)(A).  Accordingly, formal rulemaking is not required for the Office of Administrative
Law Judges to adopt the practice.

Thank you for your interest in this matter.

Sincerely,

Jonathan L. Snare
Acting Solicitor of Labor

cc:  Judge John M. Vittone

# EXHIBIT B

**U.S. Department of Labor**     Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



DATE:            **JULY 3, 2006**

FROM:            **JOHN M. VITTONE**
                 **Chief Administrative Law Judge**

TO:              **INTERESTED PARTIES**

SUBJECT:         **CLAIMANT NAME POLICY**

Beginning on August 1, 2006, administrative law judge decisions rendered in Black Lung Benefits Act and Longshore and Harbor Workers' Compensation Act cases will no longer display the claimant's full name in the decision or in the caption.

### Why is this change being made?

The 1996 e-FOIA amendments required agencies to publish adjudicatory decisions on the Internet. A consequence of that law is that commercial Internet search engines negated any "practical obscurity" that was previously true of agency decisions relating to the BLBA and LHWCA. Thus, to limit a claimant's exposure on the Internet, the Department of Labor has decided that it will avoid referring directly to the claimant's name in decisions and other orders that are required to be posted on the DOL web site on or after August 1, 2006.

### Is the name of the claimant considered secret?

No. By statute and regulation, black lung and longshore hearings are open to the public. 30 U.S.C. § 932(a); 33 U.S.C. § 923(b); 20 C.F.R. §§ 702.344 and 725.464. Thus, the claimant's name and the fact that the claimant has a case pending before an ALJ is a matter of public record. Consequently, except for documents to be posted on a DOL web site, the hearing process will not change.

### What about the decisions already on the DOL web site?

The policy applies prospectively only. Decisions already on the web site are already in the public domain and will not be changed.

**How will decisions be captioned and how will they be cited in briefs or decisions?**

The caption will display the claimant's initials.    The initials used on the caption will be the first letter of the first name and the first letter of the last name.  Middle names and prefixes or suffixes will not be used in the caption.  A cover or referral memorandum, not part of the decision, will be sent only to the parties.  That memo will identify the claimant's full name.

For opinions affected by this policy, initials rather than the name will be used for citation purposes.  For example:

> *J.J. v. The Coal Co.*, 2006-BLA-00000 (Apr. 22, 2008)

For older opinions, you may continue to use the name as you would have before.  For example:

> *Jones v. The Coal Co.*, 1999-BLA-10 (Apr. 22, 2000).

**Will the Claimant Name Policy be applied to cases other than those arising under the BLBA or the LHWCA?**

No.  The Claimant Name Policy only applies to black lung and longshore cases.

If a litigant in a different case area wishes to proceed anonymously, he or she should file a motion to do so with the presiding ALJ.  The ALJ will then rule on the motion based on relevant law about when a litigant in a public hearing may proceed anonymously.

# EXHIBIT C

**4204**    Federal Register / Vol. 72, No. 19 / Tuesday, January 30, 2007 / Rules and Regulations

participants will receive substantial additional time to comply with Rule 610 and Rule 611 beyond the compliance dates originally set forth in the NMS Release, as modified by the Extension Release. In addition, the Commission recognizes that industry participants urgently need notice of the extended compliance dates so that they do not expend unnecessary time and resources in meeting the previous compliance dates. Providing immediate effectiveness upon publication of this release will allow industry participants to adjust their implementation plans accordingly.[6]

By the Commission.

Dated: January 24, 2007.

Florence E. Harmon,

*Deputy Secretary.*

[FR Doc. E7–1384 Filed 1–29–07; 8:45 am]

BILLING CODE 8011–01–P

---

**DEPARTMENT OF LABOR**

**Employment Standards Administration**

**20 CFR Part 725**

**RIN 1215–AB60**

**Regulations Implementing the Black Lung Benefits Act of 1969, as Amended**

**AGENCY:** Employment Standards Administration, Labor.

**ACTION:** Final rule.

**SUMMARY:** This final rule eliminates the procedural requirement that the Department's administrative law judges include the parties' names in decisions and orders issued in Black Lung Benefits Act claims. The Department is revising the rule to give the Office of Administrative Law Judges more flexibility in captioning these decisions. This will allow the Department the flexibility to limit the amount of personal information about black lung claimants that is included in published final decisions.

**DATES:** Effective January 30, 2007.

**FOR FURTHER INFORMATION CONTACT:** James L. DeMarce, Director, Division of Coal Mine Workers' Compensation, Office of Workers' Compensation Programs, Employment Standards Administration, 202–693–0046.

---

and comment are "impractical, unnecessary, or contrary to the public interest").

[6] The compliance date extensions set forth in this release are effective upon publication in the **Federal Register.** Section 553(d)(1) of the APA allows effective dates that are less than 30 days after publication for a "substantive rule which grants or recognizes an exemption or relieves a restriction." 5 U.S.C. 553(d)(1).

---

**SUPPLEMENTARY INFORMATION:** The current version of § 725.477(b) has been in effect since 1978. The regulation requires the Department of Labor's Office of Administrative Law Judges to include, among other things, the "names of the parties" in decisions and orders issued under the Black Lung Benefits Act, as amended, 30 U.S.C. 901–944. Coal miners or their survivors who have filed claims for benefits are parties to the claim; thus, their names are included in the decision and order. Given the nature of black lung benefits claims, the decision and order frequently contains a variety of personal information about the miner and his or her survivors and dependents. In virtually every case, this information includes detailed medical assessments of the miner's physical condition, including the miner's medical history, physical examination and objective test findings, medical treatment records, and hospitalization records. In certain cases, a miner's or survivor's financial records and the names, birthdates, and medical histories of dependents may also be disclosed.

For many years, publication of these decisions was not widespread. Although available for public inspection through the Office of Administrative Law Judges, only a small percentage of decisions were published in commercial legal reporters, such as the Black Lung Reporter. But beginning in November 1996, Congress required agencies to publish final adjudicatory decisions on the Internet (or in other electronic form). *See* 5 U.S.C. 552(a)(2). Accordingly, the Office of Administrative Law Judges now posts all final decisions on the Department of Labor's Web site. As a result, these decisions are now readily accessible to the public. By removing from § 725.477(b) the requirement that parties' names be included in decisions, the revised rule affords the Office of Administrative Law Judges the flexibility to adopt procedures, as it deems necessary, that both ensure public access to its decisions and eliminate the link between individual claimants and their medical and financial information necessarily disclosed in those decisions.

Finally, the revision to § 725.477(b) conforms the Black Lung Benefits Act regulations to the rules governing decisions issued by the Office of Administrative Law Judges under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901 *et seq.*, as well as decisions issued by the Benefits Review Board and the Employees' Compensation Appeals Board, two other Department of Labor adjudicatory bodies. Neither the

Longshore Act regulations nor the regulations governing decisions issued by the two Boards require that the parties' names be included in the decisions rendered. *See* 20 CFR 501.6 (Employees' Compensation Appeals Board); 20 CFR 702.348 (Longshore Act); 20 CFR 802.404 (Benefits Review Board).

**Rulemaking Analyses**

*Administrative Procedure Act*

Section 553 of the Administrative Procedure Act exempts "rules of agency organization, procedure, or practice." from proposed rulemaking (*i.e.*, notice-and-comment rulemaking). 5 U.S.C. 553(b)(3)(A). The Department's revision to § 725.477(b) pertains solely to the Department's formatting of decisions and orders and makes no change to a substantive standard. Accordingly, the Department has determined that this revision need not be published as a proposed rule under 5 U.S.C. 553(b). For the same reason, the Department has determined that there is good cause, within the meaning of 5 U.S.C. 553(d)(3), to make the revision effective upon publication.

*Regulatory Flexibility Act*

Because the Department has concluded that this action is not subject to the Administrative Procedure Act's proposed rulemaking requirements, it is not subject to the regulatory flexibility provisions of the Regulatory Flexibility Act(5 U.S.C. 601 *et seq.*).

*Unfunded Mandates Reform Act*

This action is not subject to sections 202 or 205 of the Unfunded Mandates Reform Act (UMRA, Pub. L. 104–4) because the Department has determined that the revision is not subject to the Administrative Procedure Act's proposed rulemaking requirements. In addition, this action does not significantly or uniquely affect small governments or impose a significant intergovernmental mandate as described in sections 203 and 204 of UMRA.

*Paperwork Reduction Act*

This action does not impose an information collection burden under the provisions of the Paperwork Reduction Act (44 U.S.C. 3501 *et seq.*).

*Executive Order 12866*

This action is not a "significant regulatory action" and is therefore not subject to review by the Office of Management and Budget under Executive Order 12866 (58 FR 51735 (Oct. 4, 1993)).

*Executive Order 13132*

This action will not have substantial direct effect on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government, as described in Executive Order 13132 (64 FR 43255 (Aug. 10, 1999)).

**List of Subjects in 20 CFR Part 725**

Administrative practice and procedure, Black lung benefits, Claims, Health care, Lung diseases, Miners, Mines, Workers' compensation.

■ For the reasons set forth in the preamble, 20 CFR Part 725 is amended as set forth below:

**PART 725—CLAIMS FOR BENEFITS UNDER PART C OF TITLE IV OF THE FEDERAL MINE SAFETY AND HEALTH ACT, AS AMENDED**

■ 1. The authority citation for part 725 continues to read as follows:

**Authority:** 5 U.S.C. 301, Reorganization Plan No. 6 of 1950, 15 FR 3174, 30 U.S.C. 901 *et seq.*, 921, 932, 936; 33 U.S.C. 901 *et seq.*, 42 U.S.C. 405, Secretary's Order 7–87, 52 FR 48466, Employment Standards Order No. 90–02.

■ 2. Amend § 725.477(b) by revising the first sentence to read as follows:

**§ 725.477   Form and contents of decision and order.**

\*      \*      \*      \*      \*

(b) A decision and order shall contain a statement of the basis of the order, findings of fact, conclusions of law, and an award, rejection or other appropriate paragraph containing the action of the administrative law judge, his or her signature and the date of issuance
\*   \*   \*.

Signed at Washington, DC, this 25th day of January, 2007.

**Victoria A. Lipnic,**
*Assistant Secretary for Employment Standards Administration.*

**Shelby Hallmark,**
*Director, Office of Workers' Compensation Programs.*

[FR Doc. E7–1432 Filed 1–29–07; 8:45 am]

**BILLING CODE 4510–CK–P**

---

**PEACE CORPS**

**22 CFR Part 304**

**RIN 0420–AA20**

**Claims Against Government under Federal Tort Claims Act**

**AGENCY:** Peace Corps.

**ACTION:** Fina rule and comment request.

**SUMMARY:** The Peace Corps is revising its regulations concerning claims filed under the Federal Tort Claims Act. These changes update Peace Corps' address, as well as authority cited in the regulation. Revisions also identify a new policy under which the Chief Financial Officer, rather than the Director of the Peace Corps, will have authority to approve claims for amounts under $5000.

**DATES:** This final rule is effective on March 16, 2007 without further action, unless adverse comment is received by Peace Corps by March 1, 2007. If adverse comment is received, Peace Corps will publish a timely withdrawal of the rule in the **Federal Register**.

**ADDRESSES:** You may submit comments by e-mail to *sglasow@peacecorps.gov*. Include Rin 0420–AA20 in the subject line of the message. You may also submit comments by mail to Suzanne Glasow, Office of the General Counsel, Peace Corps, Suite 8200, 1111 20th Street, NW., Washington, DC 20526. Contact Suzanne Glasow for copies of comments.

**FOR FURTHER INFORMATION CONTACT:** Suzanne Glasow, Associat General Counsel, 202–692–2150, *sglasow@peacecorps.gov*.

**SUPPLEMENTARY INFORMATION:** The revisions to the rules include updates to cited authority and Peace Corps' address. In addition, claims for less than $5000 will no longer require approval from the head of the agency. The Chief Financial Officer will be the designee of the head of the agency for such claims. The head of the agency will continue to have approval authority for all claims of $5000 or more.

**Section-by-Section Analysis**

*Section 304.1   Scope; Definitions*

Subpart (c) is amended to reflect the fact that 31 FR 16616 is no longer a thorough representation of the contents of 28 CFR part 14. The language of this section will be revised by deleting 31 FR 16616, and referring only to 28 CFR part 14.

*Section 304.2   Administrative Claim; When Presented; Appropriate Peace Corps Office*

Subpart (a) is amended to include Peace Corps' current address, 1111 20th Street, NW., Washington, DC 20526.

*Section 304.7   Authority To Adjust, Determine, Comprise, and Settle Claims*

This section is revised to state that the Chief Financial Officer has the authority to adjust, determine, compromise, and settle claims for less than $5,000 under section 2672 of title 28, United States Code. The Director of the Peace Corps retains authority for all claims of $5,000 or more.

*Section 304.9   Referral to the Department of Justice*

This section is revised to delete the reference to 28 CFR 14.7, which is an obsolete citation.

**Executive Order 12866**

This regulation has been determined to be nonsignificant within the meaning of Executive Order 12866.

**Regulatory Flexibility Act of 1980 (5 U.S.C. 605(b))**

This regulatory action will not have a significant adverse impact on a substantial number of small entities.

**Unfunded Mandates Act of 1995 (Sec. 202, Pub. L. 104–4)**

This regulatory action does not contain a Federal mandate that will result in the expenditure by State, local, and tribal governments, in aggregate, or by the private sector of $100 million or more in any one year.

**Paperwork Reduction Act of 1995 (44 U.S.C., Chapter 35)**

This regulatory action will not impose any additional reporting or recordkeeping requirements under the Paperwork Reduction act.

**Federalism (Executive Order 13132)**

This regulatory action does not have Federalism implications, as set forth in Executive Order 13132. It will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government.

**List of Subjects in Part 304**

Claims.

■ Accordingly, under the authority of 22 U.S.C. 2503(b) and 28 U.S.C. 2672, Peace Corps amends the Code of Federal Regulations, Title 22, Chapter III, as follows:

**PART 304—CLAIMS AGAINST GOVERNMENT UNDER FEDERAL TORT CLAIMS ACT**

■ 1. The authority citation is revised to read as follows:

**Authority:** 28 U.S.C. 2672; 22 U.S.C. 2503(b); E.O. 12137, as amended.

■ 2. Section 304.1(c) is revised to read as follows:

# EXHIBIT D

**U.S. Department of Labor**

Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)

**Issue Date: 28 February 2007**

Case No. 2006-BLA-6137

In the Matter of:
J.R.[1],
     Claimant,

v.

ROSE ANN COAL CO. INC.,

And

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
     Party-in-Interest.

BEFORE:    THOMAS F. PHALEN, JR.
              Administrative Law Judge

## <u>ORDER OF REMAND</u>

     This is a decision and order arising out of a claim for benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1977, 30 U.S.C. §§ 901-962, ("the Act") and the regulations thereunder, located in Title 20 of

---

[1] Effective August 1, 1006, the Department of Labor directed the Office of Administrative Law Judges, the Benefits Review Board, and the Employee Compensation Appeals Board to cease use of the name of the claimant and claimant family members in any document appearing on a Department of Labor web site and to insert initials of such claimant/parties in the place of those proper names. In support of this policy change, DOL has adopted a rule change to 20 C.F.R. Section 725.477, eliminating a requirement that the names of the parties be included in decisions. Further, to avoid unwanted publicity of those claimants on the web, the Department has installed software that prevents entry of the claimant's full name on final decisions and related orders. This change contravenes the plain language of 5 U.S.C. 552(a)(2) (which requires the internet publication), where it states that "in *each case* the justification for the deletion [of identification] shall be explained fully in writing." (*emphasis added*). The language of this statute clearly prohibits a "catch all" requirement from the OALJ that identities be withheld. Even if §725.477(b) gives leeway for the OALJ to no longer publish the names of Claimants – 5 U.S.C. 552(a)(2) clearly requires that the deletion of names be made on a case by case basis.

the Code of Federal Regulations.  Regulation section numbers mentioned in this Decision and Order refer to sections of that Title.[2]

J.R. ("Claimant") filed an initial claim on July 13, 1976.  (DX 1).  The Director issued a denial on January 22, 1980.  (DX1).  Claimant filed the instant claim for benefits on September 29, 2005.  (DX 3).  The Director issued a proposed decision and order awarding benefits on June 7, 2006.  (DX 36).  Employer timely appealed and the case was referred to the office of Administrative Law Judges on September 14, 2006.  (DX 44).

## MEDICAL EVIDENCE

Claimant selected Dr. Mettu to provide his Department of Labor sponsored complete pulmonary examination.  (DX 10).  Dr. Mettu conducted the examination on November 10, 2005.  (DX 11).

Narrative Reports

Dr. Mettu examined Claimant on November 10, 2005.  (DX 11).  Dr. Mettu considered the following:  symptomatology (sputum, wheezing, dyspnea, cough, and chest pain), individual history (attacks of wheezing, arthritis, heart disease, and diabetes mellitus), family history (diabetes), smoking history (twenty-eight half pack years, quitting in 1985), employment history (eight years),[3] physical examination, chest x-ray (clear), PFT (moderately severe obstructive airway disease), ABG, and an abnormal EKG.  Dr. Mettu diagnosed chronic bronchitis resulting

---

I also strongly object to this policy change for reasons stated by several United States Courts of Appeal prohibiting such anonymous designations in discrimination legal actions, such as *Doe v. Frank*, 951 F. 2d 320 (11th Cir. 1992) and those collected at 27 Fed. Proc., L. Ed. Section 62:102 (Thomson/West July 2005).  This change in policy rebukes the long standing legal requirement that a party's name be anonymous only in "*exceptional cases.*" See *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), *and Frank* 951 F.2d at 323 (noting that party anonymity should be rarely granted)(*emphasis added*).  As the Eleventh Circuited noted, "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323.

Finally, I strongly object to the specific direction by the DOL that Administrative Law Judges have a "mind-set" to use the complainant/parties' initials if the document will appear on the DOL's website, for the reason, *inter alia*, that this is not a mere procedural change, but is a "substantive" procedural change, reflecting centuries of judicial policy development regarding the designation of those determined to be proper parties in legal proceedings.  Such determinations are nowhere better acknowledged than in the judge's decision and order stating the names of those parties, whether the final order appears on any web site or not.  Most importantly, I find that directing Administrative Law Judges to develop such an initial "mind-set" constitutes an unwarranted interference in the judicial discretion proclaimed in 20 C.F. R. § 725.455(b), not merely that presently contained in 20 C.F.R. § 725.477 to state such party names.

[2] The Department of Labor amended the regulations implementing the Federal Coal Mine Health and Safety Act of 1969, as amended.  These regulations became effective on January 19, 2001, and are found at 65 Fed. Reg. 80, 045-80,107 (2000)(to be codified at 20 C.F.R. Parts 718, 722, 725 and 726).  On August 9, 2001, the United States District Court for the District of Columbia issued a Memorandum and Order upholding the validity of the new regulations.  All citations to the regulations, unless otherwise noted, refer to the amended regulations.

[3] Dr. Mettu originally accorded Claimant with sixteen years of coal mine employment.  Dr. Mettu was later notified by the District Director that Claimant only in fact had eight years of employment.  (DX 13).  This did not change his original diagnosis of legal pneumoconiosis.

from coal dust exposure. He stated that "working in coal mine caused and aggravated pulmonary impairment." In a subsequent report, he stated that "he quit smoking twenty years ago. Though he worked in coal mine eight years his chronic bronchitis and pulmonary impairment is significantly or substantially caused by coal dust exposure." (DX 13). Dr. Mettu made no finding as to whether Claimant is totally disabled by his pulmonary impairment.

<u>Complete Pulmonary Evaluation</u>

The District Director is required to provide each miner applying for benefits with the "opportunity to undergo a complete pulmonary evaluation at no expense to the miner." §725.406(a). A complete evaluation includes a report of the physical examination, a chest x-ray, a pulmonary function study, and an arterial blood gas study. Reviewing courts have added to this burden by requiring the pulmonary evaluation be sufficient to constitute an opportunity to substantiate a claim for benefits. *See Petry v. Director*, OWCP 14 B.L.R. 1-98, 1-100 (1990)(en banc); *see also Newman v. Director*, OWCP, 745 F.2d 1161 (8th Cir. 1984); *Prokes v. Mathews*, 559 F.2d 1057, 1063 (6th Cir. 1977).

Turning to the principles for weighing physician's findings, a finding of legal pneumoconiosis or total disability is to be based on a medical report, where a physician, exercising reasoned medical judgment based on medically acceptable clinical or laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevented the miner from engaging in his usual coal mine employment or comparable gainful employment. Also, the case law states that a report which is seriously flawed may be discredited. *Goss v. Eastern Assoc. Coal Corp.*, 7 B.L.R. 1-400 (1984). An unsupported medical conclusion is not a reasoned diagnosis. *Fuller v. Gibraltar Corp.*, 6 B.L.R. 1-1292 (1984). See *also Smith v. Eastern Coal Co.*, 6 B.L.R. 1-1130 (1984); *Duke v. Director, OWCP*, 6 B.L.R. 1-673 1983)(a report is properly discredited where the physician does not explain how underlying documentation supports his or her diagnosis). Furthermore, a report may be given little weight where it is internally inconsistent and inadequately reasoned. *Mabe v. Bishop Coal Co.*, 9 B.L.R. 1-67 (1986). Finally, an opinion may be given little weight if it is equivocal or vague. *Island Creek Coal Co. v. Holdman*, 202 F.3d 873 (6th Cir. 2000) (a physician, who concluded that simple pneumoconiosis 'probably' would not disrupt a miner's pulmonary function, was equivocal and insufficient to 'rule out' causal nexus as required by 20 C.F.R. §727.203(b)(3)); *Griffith v. Director, OWCP*, 49 F.3d 184 (6th Cir. 1995) (treating physician's opinion entitled to little weight where he concluded that the miner 'probably' had black lung disease).

I find Dr. Mettu's report does not satisfy the requirements of §725.406(a) for a number of reasons. First, he fails to articulate how he can conclude eight years of coal dust exposure can be the sole etiology for Claimant's pulmonary impairment in light of a twenty-eight half pack year smoking history.[4] Second, he makes no finding on whether Claimant is totally disabled; mainly, whether Claimant possesses or does not possess the pulmonary capacity to return to his former coal mine employment, or one of similarly arduous labor in a dust free environment.

---

[4] While Dr. Mettu mentions the smoking history in his report, he does not list it as a cause of Claimant's current pulmonary condition. He only lists "working in coal mines" as an etiology.

Considering the above, I therefore find that this report is not sufficient to constitute an opportunity to substantiate a claim for benefits or a clear denial of the claim.

IT IS ORDERED that this claim be remanded to the District Director to provide a complete pulmonary evaluation of J.R. The examination should yield a well reasoned and well documented opinion as to how the doctor can conclude coal mine employment contributes to Claimant's pulmonary condition or not, and whether Claimant is totally disabled or not. Should the examination report be given to Dr. Mettu for clarification, he should consider the following:

1. In diagnosing legal pneumoconiosis – what objective evidence did you rely upon to determine that coal dust exposure caused the current condition? In other words, how can you be sure that coal dust exposure caused Claimant's current condition in light of Claimant's smoking history?
2. Second, do you consider the Claimant's pulmonary condition to be totally disabling? In other words – does Claimant possess the pulmonary capacity to return to his former coal mine employment, or one of similarly arduous labor in a dust free environment, or does he not? What objective evidence do you base your conclusion upon?
   a. In determining this issue, Dr. Mettu must be provided with an accurate history of Claimant's employment history and a description of Claimant's last duties in the coal mines (coal loader). Dr. Mettu is encouraged to examine Claimant's CM-913. (DX 5).

A

THOMAS F. PHALEN, JR.
Administrative Law Judge

- 4 -

# EXHIBIT E

# Carroll
## Froelich, PLLC

919 18th Street, NW
Suite 901
Washington, DC 20006
p/202.587.4850
f/202.587.4888
www.cflaw.us

May 7, 2007

John M. Vittone
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street NW, Suite 400-N
Washington, DC 20001

RE:  Claimant Name Policy- Longshore

Dear Judge Vintone:

Thank you for meeting with us to discuss the Department of Labor's requirement of using claimant's initials instead of names.  We respectfully request that the current policy be withdrawn and that a formal notice and comment rulemaking under the Administrative Procedure Act (APA) be initiated.  The policy should be withdrawn for the reasons that we articulated in our meeting.  The ultimate policy adopted through this rulemaking should be that the public has a right to know the names of individuals who avail themselves of government adjudication.  If there are exigent situations that warrant a different result in an individual case, that determination should be made on a case-by-case basis.

Our position is supported by numerous judicial decisions and federal judicial policy.  The Judicial Conference of the United States has a privacy policy in place that states, "Individuals who file a civil case in federal district court or appeal a civil case, may expect that the documents in their files are available electronically to the same extent that they are available at the courthouse with the exception of Social Security cases."  The policy further states that the "Federal Court files unless sealed or otherwise restricted by statute, federal rules or conference policy are presumed to be available to the public."  The Judicial Conference recognizes specific and very limited information that can be withheld from the public—social security numbers, dates of birth, financial account numbers and names of minor children.

The courts have long held that a common law right exists "to inspect and copy public records and documents including judicial records and documents", *Nixon v. Warner Communications*, 435 U.S. 589 (1978).  This common law right "allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system," *In re Continental Illinois Securities Litigation*, 732 F 2nd 1303 (1984).

In addition to these common law rights, the Supreme Court has recognized a first amendment right of access to judicial proceedings, *Richmond Newspapers Inc. v. Virginia*, 448 US. 555 (1980).  While the right is not absolute, any decision to limit access to litigation information requires that the rights and interest of the public be balanced against the interests of the individual.  This balance must be performed on the record and on a case-by-case basis.  An absolute ban on public access to the name of the litigant conflicts with current judicial policy, the common law and the Constitution.

The "policy" announced on July 3, 2006 governing longshore and harbor workers compensation cases is an agency rulemaking governed by the *Administrative Procedure Act*, 5 U.S.C. § 551, *et seq. (APA)*. This agency decision decides important legal and constitutional rights without a hearing, without notice and comment, and without a record. Therefore, at a minimum this policy requires formal notice and comment under the APA. This failure to follow APA procedures renders the policy defective under the APA.

Our preferred solution to this problem is to have the Department withdraw the current rule, issue a proposed rule under the APA and then develop a full record as required by the APA. If the Department develops a full record on this issue, the Department will have no choice but to adopt a different policy. If the policy is left as is, NAWE would have no choice but to challenge both the policy and the process by which the policy was adopted. That option would be our last choice in how to resolve this matter.

Again, we are appreciative of your efforts in meeting with our group and allowing us the opportunity to express our views on the claimant name policy.

Respectfully Submitted,

F. Edwin Froehich, MD, JD
General Counsel
National Association of Waterfront Employers

EXHIBIT F

**U.S. Department of Labor**          Office of Administrative Law Judges
                                      800 K Street, NW, Suite 400-N
                                      Washington, DC  20001-8002

                                      (202) 693-7300
                                      (202) 693-7365 (FAX)



June 12, 2007


F. Edwin Froelich, MD, JD
General Counsel for the
 National Association of Waterfront Employers
Carroll & Froelich. PLLC
919 18th Street, N.W.
Suite 901
Washington, DC   20006

Dear Mr. Froelich:

Thank you for your letter of May 7, 2007 concerning the claimant name policy for Longshore cases.

In your letter you explain the reasons for your opposition to our practice of only using claimant's initials in the final decision and order that disposes of a longshore case. On behalf of the National Association of Waterfront Employers, you request that we cease our current practice, issue a proposed rule under the Administrative Procedure Act, and develop a record as required by the APA. If we do not adopt your suggestion, you suggest that you may challenge our practice of using only initials in final orders.

The Office of Administrative Law Judges does not have the authority to institute rulemaking proceedings under the APA. The authority to institute such proceedings resides with the Secretary of Labor. Accordingly, I am forwarding your letter and request for rulemaking to the Deputy Secretary and the Solicitor of Labor for their consideration.

Thank you for meeting with me and my staff on February 28, 2007. If I can be of further assistance please call on me at anytime.

Very truly yours,


JOHN M. VITTONE
Chief Judge

EXHIBIT G

**U.S. Department of Labor**    Office of the Solicitor
Washington, D.C. 20210



JUL 20 2007

F. Edwin Froelich, MD, JD
General Counsel
National Association of Waterfront Employers
919 18th Street, NW
Suite 901
Washington, DC 20006

Re: Office of Administrative Law Judge's Claimant-Name Policy

Dear Dr. Froelich:

This is in response to your May 7, 2007, letter to Chief Administrative Law Judge John M.
Vittone. In it, you ask the Department of Labor to withdraw its current policy of using
claimants' initials (rather than full names) in decisions issued by administrative law judges under
the Longshore and Harbor Workers' Compensation Act, and to initiate formal rulemaking
proceedings under the Administrative Procedure Act instead.

As a valid rule of agency procedure, the Department's claimant-name practice is exempt from
the Administrative Procedure Act's notice-and-comment rulemaking requirements. *See* 5 U.S.C.
§ 553(b)(3)(A). Accordingly, formal rulemaking is not required for the Office of Administrative
Law Judges to adopt the practice.

Thank you for your interest in this matter.

Sincerely,

Jonathan L. Snare
Acting Solicitor of Labor


cc: Judge John M. Vittone

# EXHIBIT H

**U.S. Department of Labor**

Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)

**Issue Date: 06 August 2007**

CASE No. 2000-BLA-402

In the Matter of
GARY L. KEARNS,
    Claimant

      v.

PEABODY COAL COMPANY,
    Employer

and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
    Party-In-Interest

BEFORE:    THOMAS F. PHALEN, JR.
            Administrative Law Judge

## ORDER GRANTING EMPLOYER'S MOTION FOR REISSUANCE OF DECISION AND ORDER ON REMAND IN PART, AND DENYING THE MOTION TO REISSUE THE ORDER USING THE FULL NAME OF THE CLAIMANT

On February 26, 2007, the above named Employer, Peabody Coal Co., filed a motion for reissuance of the undersigned's January 31, 2007 decision and order on remand. The motion seeks two items of relief from the effects of that decision and order. One involves correction of the name of the employer, and the other, an objection to a Department of Labor directive to use initials of claimants in captions and text of decision and orders, rather than their full names.

On March 26, 2007, the Director filed a memorandum in partial opposition to Employer's motion, insofar as the replacement of claimant names with initials is concerned. With regard to the first issue, the Director agreed with moving party's contention that the wrong employer's name had been set forth in the caption of the decision and order on remand. The decision and order incorrectly named "Whitaker Coal Co", rather than "Peabody Coal, Co", as the name of the Employer. Since the records support the position of the appropriate "Employer" to be "Peabody Coal, Co.", the decision will be reissued to reflect that correction, as further ordered herein.

The second issue involves the August 1, 2006 (effective date) action of the Department of Labor (DOL) directing the Office of Administrative Law Judges and the Employee Compensation Appeals Board to use initials instead of names of the claimants in the captions and

text of decisions and orders arising under the Black Lung Act (BLA) and the Longshore and Harbor Workers Compensation Act (LHWCA), when the decisions and orders are issued for publication on the web.

Employer correctly notes that my Footnote 1 to the January 31, 2007 decision and order expresses my opinion concerning the directive of the DOL to use initials instead of full names of claimants in the captions and text of BLA and LHWCA decisions and orders. The present decision and order contains that footnote, as revised to cover the approval of the final rule at 20 C.F.R. §725.477, and is correctly stated by the Employer in the present matter. Since judges speak through their orders, there is no need to repeat my statement as set forth in footnote 1, as it remains as stated therein. To the extent that the Director's memorandum expresses positions opposed to those stated in Footnote 1, my position as stated in the footnote has not changed. Therefore,

IT IS ORDERED that the decision and order in this matter will be simultaneously reissued with this order with the corrected name of the employer, "Peabody Coal Co." Stated therein[1]; and

IT IS FURTHER ORDERED that, while the position of the moving party on the use of initials instead of full claimant names is, for the most part, consistent with my position on the matter as stated in Footnote 1 of the decision and order on remand, I will not reissue the order with the full name of the Claimant set forth therein, as the action would be contrary to the provisions of 20 C.F.R §725.477, and would cause an unnecessary delay in the issuance and publication of the decision; since the related computer program has been designed to reject the use of the full claimant name wherever utilized in the caption and text of the decision and order – an action which I continue to maintain is an interference with the judicial independence of the affected United States Administrative Law Judges, including the undersigned.

THOMAS F. PHALEN, JR.
Administrative Law Judge

---

[1] The original decision and order is now vacated, and reissued to reflect the correct name of Employer, Peabody Coal Company. The decision and order on remand is otherwise reissued as stated in its entirety. Except for the portion of footnote 1 which acknowledges the proposed change to 72 Fed. Reg. 4204 amending 20 C.F.R. to reflect that the proposed change was adopted effective January 30, 2007.

# EXHIBIT I

## BLA Unpublished September 2007 Decisions

| Docket No. | Date Issued | Parties |
|---|---|---|
| <u>06-0925</u> | 09/12/2007 | E.R. v. Pike County Coal Corp. ... |
| <u>06-0948</u> | 09/14/2007 | J. C. C. v. U.S. Steel Mining Company, LLC ... |
| <u>07-0110</u> | 09/18/2007 | O.B. v. OWCP ... |
| <u>07-0108</u> | 09/20/2007 | E.W. v. Luttrell Mining ... |
| <u>07-0104</u> | 09/20/2007 | R. B. v. Bethenergy Mines, Inc. ... |
| <u>07-0201</u> | 09/20/2007 | J. R. H. v. Leeco, Inc. ... |
| <u>06-0964</u> | 09/21/2007 | J. S. v. F & D Coal Company ... |
| <u>07-0169</u> | 09/21/2007 | D.R.S. v. J & S Collieries, Inc. (dba J& ... |
| <u>07-0196</u> | 09/24/2007 | J.C. v. Jarisa, Inc. ... |
| <u>06-0946</u> | 09/24/2007 | W.H.G. v. Betty B. Coal Company ... |
| <u>06-0921</u> | 09/24/2007 | G.J. v. Trojan Mining ... |
| <u>07-0143</u> | 09/24/2007 | R.B. v. Harlan Cumberland Coal Co. ... |
| <u>06-0965</u> | 09/24/2007 | V.M. v. Oliver Coal Company ... |
| <u>06-0967</u> | 09/24/2007 | J.D.B. v. RAG American Coal Company ... |
| <u>07-0114</u> | 09/24/2007 | K.B. v. Jarisa Processing Inc. ... |
| <u>06-0976</u> | 09/24/2007 | P.P. v. Manning Coal Company ... |
| <u>07-0198</u> | 09/24/2007 | W.B. v. Stanco Equipment, Inc. ... |
| <u>06-0956</u> | 09/24/2007 | R.G. v. GCI, Incorporated ... |
| <u>06-0981</u> | 09/25/2007 | D.P. v. H & P Coal, Inc. ... |
| <u>06-0945</u> | 09/25/2007 | V.L. v. Westmoreland Coal Company ... |
| <u>07-0166</u> | 09/25/2007 | C.B. v. Incoal, Incorporated ... |
| <u>07-0197</u> | 09/25/2007 | J.T. v. Arch of North Fork, Inc. ... |
| <u>07-0148</u> | 09/25/2007 | J.R. v. OWCP ... |
| <u>06-0947</u> | 09/25/2007 | G.M. v. Lee West Coal Co. ... |
| <u>07-0165</u> | 09/25/2007 | K. O. v. Peabody Coal Co. ... |
| <u>06-0961</u> | 09/25/2007 | S.P. v. Westmoreland Coal Company ... |
| <u>07-0131</u> | 09/25/2007 | R.G. v. Arch of the North Fork ... |
| <u>06-0933</u> | 09/25/2007 | M.L.K. v. Expansion Coal Company ... |
| <u>06-0958</u> | 09/25/2007 | C. M. O. v. Midwest Coal Company ... |
| <u>07-0215</u> | 09/25/2007 | V. P. v. Eastover Mining Company ... |
| <u>07-0146</u> | 09/25/2007 | E.M. v. Harlan Fuel Co., Inc./Great We ... |
| <u>06-0850</u> | 09/25/2007 | Taylor v. Rag American Coal Company ... |
| <u>07-0174</u> | 09/26/2007 | J.H. v. Leslie Resources, Inc. ... |

| 07-0250 | 09/26/2007 | H. D. v. Island Fork Construction, LTD. ... |
| 07-0255 | 09/27/2007 | R.A.F. v. Bethenergy Mines, Inc., ... |
| 07-0159 | 09/27/2007 | K. L. v. Shamrock Coal Co., Inc. ... |
| 06-0957 | 09/27/2007 | B.H. v. Johnson Coal Company, Inc. ... |
| 07-0126 | 09/28/2007 | I.M. v. U.S. Steel Mining Co. ... |
| 06-0922 | 09/28/2007 | R.J.F. v. Zeigler Coal Company ... |
| 07-0214 | 09/28/2007 | J.H.F. v. OWCP ... |
| 07-0175 | 09/28/2007 | D.C. v. Island Creek Coal Company ... |
| 07-0147 | 09/28/2007 | E.R. v. Royal Coal Company ... |
| 07-0224 | 09/28/2007 | M.L. v. Diamond May Mining Co. ... |
| 07-0117 | 09/28/2007 | J.L.J. v. Frontier-Kemper Constructors, ... |
| 07-0188 | 09/28/2007 | T. L. v. OWCP ... |
| 07-0182 | 09/28/2007 | J.S. v. Apogee Coal Company/Arch of Ke ... |
| 06-0977 | 09/28/2007 | C.J.C. v. Shrewsbury Coal Company c/o Ac ... |
| 07-0122 | 09/28/2007 | J.K. v. OWCP ... |
| 07-0137 | 09/28/2007 | A.P. v. Lancashire Coal Co. ... |
| 07-0189 | 09/28/2007 | P. A. v. OWCP ... |

To Top of Document  | Return to BLA Unpublished Decisions Index

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS    )
919 18th Street, N.W., Suite 901                )
Washington, D.C. 20006                          )

                  Plaintiff,

             v.

ELAINE L. CHAO, in her official capacity as the Secretary of Labor    )
United States Department of Labor    )
200 Constitution Avenue, N.W.    )
Washington, D.C. 20210    )
               )
             Defendant.    )

Case:  1:07-cv-02250
Assigned To:  Collyer, Rosemary M.
Assign. Date:  12/14/2007
Description:  Admn. Agency Review

**ORDER GRANTING MOTION FOR LEAVE TO INTERVENE**

The Motion of the Old Republic Insurance Company and Association of Bituminous Contractors, Inc. (hereinafter, "Proposed Intervenor Plaintiffs") for leave to intervene in the above-entitled action having come before the Court on _____ day of _____, 200___, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion for Leave to Intervene of Proposed Intervenor Plaintiffs is GRANTED, and Intervenor Plaintiffs are authorized to file their Complaint in Intervention.

Dated: _____, 200___

                        _____
JUDGE OF THE UNITED STATES DISTRICT COURT

**Error! Unknown document property name.**