UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF )
WATERFRONT EMPLOYERS )
    )
    Plaintiff, )
    )
    and )
    )
OLD REPUBLIC INSURANCE CO. )
and ASSOCIATION OF BITUMINOUS )
CONTRACTORS, INC. )
    )
    Intervenor Plaintiffs, )
    )
    v. )    Case: 1:07-CV-2250 (RMC)
    )
ELAINE L. CHAO, in her official )
capacity as the Secretary of Labor )
United States Department of Labor )
    )
    Defendant. )

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Mark E. Solomons
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

Mary Lou Smith
Howe, Anderson & Steyer, P.C.
815 Connecticut Avenue, N.W. #620
Washington, D.C. 20006

May 8, 2008

Francis Edwin Froelich
CARROLL & FROELICH, PLLC
919 18th Street, N.W., Suite 901
Washington, D.C. 20006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

I.    INTRODUCTION .................................................................................. 1

II.   STATEMENT OF THE CASE ............................................................... 5

III.  STANDARD OF REVIEW ..................................................................... 8

IV.   ARGUMENT .......................................................................................... 9

      A.    THIS COURT HAS JURISDICTION OVER THE SUBJECT
            MATTER OF THIS CASE ...................................................... 9

      B.    THE COMPLAINTS STATE CLAIMS UPON WHICH RELIEF
            CAN AND SHOULD BE GRANTED .................................... 14

            1.    The Anonymous Claimant Rule Violates Both
                  Plaintiffs' and Intervenors' Constitutional Right of
                  Access to BLBA and LHWCA Decisions and the
                  Related Presumption Against Anonymous
                  Litigation .............................................................. 14

            2.    Notice and Comment Is required Before the
                  Anonymous Claimant Rule Can Be Implemented ............. 19

            3.    Plaintiffs Are Entitled to Relief for the
                  Department's Violation of FOIA's Recordkeeping
                  Requirements ......................................................... 22

            4.    Neither the Chief ALJ Nor the Benefits Review
                  Board Is Authorized to Promulgate an Anonymous
                  Claimant Rule ....................................................... 24

V.    CONCLUSION ..................................................................................... 26

TABLE OF AUTHORITIES

Cases:                                                                                    Page

Astoria Fed. Savings & Loan v. Solimino,
        501 U.S. 104 (1991) ............................................................................    15

Block v. Community Nutrition Inst.,
        467 U.S. 340 (1984) ............................................................................     9

Bowen v. Massachusetts,
        487 U.S. 879 (1988) .......................................................................... 10,12

Bowen v. Mich. Acad. of Family Physicians,
        476 U.S. 667 (1986) ............................................................................     9

Buaiz v. United States,
        471 F. Supp.2d 129 (D.D.C. 2007) ...................................................     8

Conley v. Gibson,
        355 U.S. 41 (1957) ...............................................................................     9

Chrysler Corp. v. Brown,
        441 U.S. 281 (1979) ............................................................................    21

Detroit Free Press v. Ashcroft,
        195 F.Supp.2d 937 (E.D. Mich. 2002) .............................................    14

Director, Office of Workers' Compensation Programs v. Greenwich Collieries,
        512 U.S. 267 (1994) ............................................................................    21

Doe v. City of Chicago,
        360 F.3d 667 (7th Cir. 2004) .............................................................    17

Doe v. Frank,
        951 F.2d 320 (11th Cir. 1992) ...........................................................    17

Doe v. Stegall,
        653 F.2d 180 (5th Cir. 1981) ......................................................... 16,19

FCC v. Schreiber,
        381 U.S. 279 (1965) ............................................................................    14

Fitzgerald v. Hampton,
        467 F.2d 755 (D.C. Cir. 1983) ....................................................... 14,15

Graber Mfg. Co. v. Dixon,
    223 F.Supp. 1020 (D.D.C. 1963) ........................................................... 16

Japan Whaling Ass'n v. American Cetacean Soc'y,
    478 U.S. 221 (1986) ........................................................................... 9

Metropolitan Stevedore Co. v. Rambo,
    521 U.S. 121 (1997) ........................................................................... 9

Lujan v. Defenders of Wildlife,
    504 U.S. 551 (1992) ........................................................................... 8

National Ass'n of Home Health Agencies v. Schweiker,
    690 F.2d 932 (D.C. Cir. 1982)............................................................ 21

People for the Ethical Treatment of Animals v. U.S. Dep't of Agriculture,
    2007 WL 1720136 at *7 (D.D.C. June 11, 2007) ............................... 11

Phoenix Consulting Inc. v. Republic of Angola,
    216 F.3d 36 (D.C. Cir. 2000)............................................................... 9

Potomac Elec. Power Co. v. Director, OWCP,
    449 U.S. 268 (1980) ......................................................................... 25

Public Citizen v. Dep't of State,
    276 F.3d 634 (DC Cir. 2002).............................................................. 21

Richmond Newspapers, Inc. v. Virginia,
    468 U.S. 555 (1980) ...................................................................... 1,14

Soc'y of Prof'l Journalists v. Sec'y of Labor,
    616 F.Supp. 569 (D. Utah 1985) ....................................................... 15

Transohio Savings Bank v. Director, Office of Thrift Supervision,
    967 F.2d 598 (D.C. Cir. 1992)............................................................ 12

Trudeau v. FTC,
    456 F.3d 178 (D.C. Cir. 2006)......................................................... 9,18


Constitution:

Amend. I, U.S. Const. ................................................................... 4,10,11
Amend. V, U.S. Const. .................................................................. 4,10,11

Statutes and Regulations:

Freedom of Information Act,
  5 U.S.C. § 552 ............................................................................................................. 1,2,11
  5 U.S.C. § 552(a)(2) ................................................................................................ 23
  5 U.S.C. § 552(b)(6) ................................................................................................ 13

Electronic Freedom of Information Act Amendments of 1996

  5 U.S.C. § 552(a)(6) .................................................................................... 2
  5 U.S.C. § 552(b) ........................................................................................ 2


Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706 ......................... 4
  5 U.S.C. § 551(4) ..................................................................................... 6,20
  5 U.S.C. § 553 ..................................................................................... 3,4,7,11
  5 U.S.C. § 553(b) .................................................................................. 20,21
  5 U.S.C. § 556(d) ...................................................................................... 21
  5 U.S.C. § 702 ........................................................................................... 10
  5 U.S.C. § 704 ................................................................................... 10,11,12
  5 U.S.C. § 559 ..................................................................................... 15,18

5 U.S.C. § 3105 ......................................................................................... 5

28 U.S.C. § 1331 ....................................................................................... 9

28 U.S.C. § 1333 ....................................................................................... 9

Black Lung Benefits Act, as amended, 30 U.S.C. §§ 901-945 ......................... 1
  30 U.S.C. § 901 ......................................................................................... 5
  30 U.S.C. § 931 ......................................................................................... 5
  30 U.S.C. § 932(a) ..................................................................................... 2,5
  30 U.S.C. § 934 ......................................................................................... 5
  30 U.S.C. § 936(a) ................................................................................... 4,7,24

Longshore and Harbor Workers' Compensation Act,
33 U.S.C. §§ 901-950 ................................................................................. 1,5
  33 U.S.C. § 908(i) ..................................................................................... 5
  33 U.S.C. §§ 919-922 ................................................................................. 2,5
  33 U.S.C. § 919(d) ..................................................................................... 5
  33 U.S.C. § 921 ......................................................................................... 5
  33 U.S.C. § 923(a) ..................................................................................... 17
  33 U.S.C.  § 939(a)(1) ............................................................................... 24

Federal Rules of Civil Procedure
    Rule 10(a)............................................................................... 17
    Rule 12 .................................................................................. 23
    Rule 12(b)(1)............................................................................ 4,8
    Rule 12(b)(6)....................................................................4,8.9,11,24

20 C.F.R. § 1.1 (2008)..................................................................... 25

20 C.F.R. § 1.2 (2008)..................................................................... 25

20 C.F.R. § 1.2(e) (2008) ................................................................. 25

20 C.F.R. § 701.201 (2008) .............................................................. 25

20 C.F.R. § 725.477 (2007)............................................................ 6,19

29 C.F.R. § 18.1 (2008) ................................................................... 17

72 Fed. Reg. 4204 (Jan. 30, 2007)...................................................... 7

70 Fed. Reg. 59,200 (Oct.  11, 2005) ............................................. 25,26

52 Fed. Reg. 48466......................................................................... 25

Miscellaneous:

S. Rep. No. 79-752 (1945), as reprinted in
    Legislative history of the Administrative Procedure Act,
    S. Doc. No. 248, 79th Cong., 2d Sess. 185 (1946)...................................... 23

Key, "The Common Law Right to Inspect and Copy Judicial Records
    In Camera or On Camera," 16 Ga. L.Rev. 639 (1982)................................... 1

Pollock, English Law Before the Norman Conquest, 1 Select Essays
    in Anglo-American Legal History (1907) ................................................. 1

The Report of the Attorney General's Committee
    on Administrative Procedure (1941)...................................................... 15

Remarks of President William J. Clinton on enactment of e-FOIA, available at
    http://www.usdoj.gov/oip/foia_updates/Vol_XVII_4/page2.htm ................. 2,3

Department of Labor, Office of Administrative Law Judges website,
    http://www.oalj.dol.gov.................................................................... 6

Department of Labor, Benefits Review Board website,
  http://www.dol.gov/brb/decisions.htm ........................................................    6

## I.     INTRODUCTION

Throughout the history of the common law in England, dating back to before the Norman Conquest in 1066, and throughout the history of American jurisprudence, dating back to before our Constitution, persons seeking to enter a public forum to adjudicate their rights or the rights of others received no expectation of anonymity. Indeed, an open and transparent judicial system is a core principle of democracy. It is an important and universally honored tradition that fosters public confidence that all those who come before the courts can expect fair, principled and equal treatment under the law. See Pollock, English Law Before the Norman Conquest, 1 SELECT ESSAYS IN ANGLO-AMERICAN LEGAL HISTORY 88, 89 (1907); W.O. Key, Jr., "The Common Law Right To Inspect and  Copy Judicial Records: In Camera or On Camera," 16 GA. L. REV. 659 note (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 565 n.5 (1980).

The Department of Labor ("DOL" or the "Department") has decided that this substantial and time-honored tradition of openness in the law of democratic nations should be supplanted for claims arising under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("LHWCA") and Black Lung Benefits Act, 30 U.S.C. §§ 901-945 ("BLBA"), by according anonymity to all claimants for benefits under these laws whether or not they seek this special treatment. The Department contends the enactment of the Electronic Freedom of Information Act Amendments of 1996, Pub. L. 104-231, 110 Stat. 3048 (codified in scattered sections of 5 U.S.C. § 552 ("e-FOIA")),

1

requiring the maximum publication of agency decisions on the internet, created a corresponding special need to protect the identity of benefits claimants under the BLBA and LHWCA.[1]  This was accomplished by the Department's administrative law judges and Benefits Review Board by substituting the initials of the claimants in the caption and text of decisions and opinions for the name of the claimants in decisions published on the internet (the "Anonymous Claimant Rule").  The practice is not, however, limited to documents appearing on the internet or the Department's website.  It is applied across the board to decisions published on the internet and on paper.  Under the Anonymous Claimant Rule, <u>Marbury v. Madison</u> would be <u>M. v. M</u>.

Section 2(b) of e-FOIA states:

The purposes of this Act are to

(1)    foster democracy by ensuring public access to agency records and information;

(2)    improve public access to agency records and information;

(3)    ensure agency compliance with statutory time limits; and

(4)    maximize the usefulness of agency records and information collected, maintained, used, retained, and disseminated by the Federal Government.

Section 2(a)(6) of e-FOIA adds, "Government agencies should use new technology to enhance public access to agency records and information.  As President Clinton explained when he signed the legislation: "The legislation I

---

[1]    Black lung and Longshore claims share the same statutory procedures for the adjudication of claims.  33 U.S.C. §§ 919-922, <u>incorporated by reference into</u> 30 U.S.C. § 932(a).

sign today brings FOIA into the information and electronic age by clarifying that it applies to records maintained in electronic format. This law also broadens public access to government information by placing more material on-line and expanding the role of the agency reading room." http://www.usdoj.gov/oip/foia_updates/Vol_XVII_4/page2.htm at p. 13-14.

The Department's response to e-FOIA's unambiguous pro-access mandate was the Anonymous Claimant Rule, which denies public access to important agency records, and renders these records inaccessible in a timely way to persons who have a legitimate purpose for obtaining them.

On December 14, 2007, the National Association of Waterfront Employers ("NAWE") filed a Complaint in this Court against the Secretary of Labor ("Secretary") seeking a declaratory judgment that the Anonymous Claimant Rule violates the laws and Constitution of the United States, and an order requiring the Secretary to withdraw the rule. In addition, NAWE asks this Court to bar any subsequent Anonymous Claimant Rule unless it is duly promulgated following notice and comment rulemaking as required by 5 U.S.C. § 553, and unless such rule is consistent with the law followed by United States courts. NAWE Complaint, ¶¶ 36-39.

On February 20, 2008, the Old Republic Insurance Company and Association of Bituminous Contractors, Inc. filed a Complaint in Intervention For Declaratory and Injunctive Relief, seeking essentially the same relief. Intervenors' Complaint at 11. This Court granted the Motion to Intervene on January 15, 2008.

The Complaints before this Court allege that the Anonymous Claimant Rule is arbitrary and capricious and not in accordance with the law because:

1.   It departs from long-standing precedent and statutory law embedded in the LHWCA, BLBA and Administrative Procedure Act, 5 U.S.C. § 551-559, 701-706 ("APA") without any supporting legal authority, and is prohibited by these authorities;

2.   It abridges parties' rights to needed information in violation of the LHWCA, BLBA, APA, the Freedom of Information Act, and the First and Fifth Amendments to the Constitution of the United States;

3.   It was adopted without observance of the procedures required by the LHWCA, BLBA, and APA, by agency personnel who have no authority to establish a rule of general applicability; and

4.   In the case of the BLBA, the Department repealed a rule previously published following notice and comment rulemaking requiring the name of the claimant in the caption and text of the decision without notice and comment rulemaking as required by 30 U.S.C. § 936(a) and 5 U.S.C. § 553.

NAWE Complaint ¶¶ 33-35; Intervenors' Complaint ¶¶ 35, 38, 40.

No other agency or court has adopted a similar rule mandating the anonymity of a class of litigants coming before it.

On March 25, 2008, the Secretary filed a motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure seeking the dismissal of this cause of action on the grounds that (1) this Court lacks jurisdiction over the subject matter and (2) the Complaints fail to state a claim upon which relief can be granted.

The Department's Motion to Dismiss is without merit and should be denied for the reasons set forth herein.

## II.   STATEMENT OF THE CASE

The BLBA is a federal workers' compensation law providing benefits to coal miners and their families on account of total disability or death due to pneumoconiosis or black lung disease.  30 U.S.C. § 901.  The LHWCA provides workers' compensation benefits to certain maritime workers and others.  33 U.S.C. §§ 901-950.   Both programs share a statutory system for the adjudication of benefits claims.  33 U.S.C. §§ 919-922; 30 U.S.C. § 932(a).  If claims are not resolved administratively, they are adjudicated on the record by administrative law judges ("ALJs") appointed pursuant to 5 U.S.C. § 3105. Claim procedures are governed by the APA.  33 U.S.C. § 919(d).  Appeals from decisions by ALJs are heard by the Benefits Review Board, which conducts an appellate review, and then by further appeal to a U.S. Court of Appeals.[2]  33 U.S.C. § 921.

The LHWCA was enacted in 1927, and the BLBA in 1969.  The latter was jointly administered with the Social Security Administration until January 1, 1974.  30 U.S.C. § 931.  Benefits in both programs are payable by responsible employers and, if no employer can be found liable, by various funds.  30 U.S.C. § 934; 33 U.S.C. § 908(i).   Throughout the history of both programs, the captions and text of decisions and orders resolving claims included the full name of the claimant.

---

[2]   The Courts of Appeals, of course, do not use an Anonymous Claimant Rule.

The precedential and important opinions of ALJs and the Benefits Review Board in both programs are published by a private publisher and are available by subscription service.[3] All opinions are available on the Internet websites of the Office of Administrative Law Judges and Benefits Review Board at http://www.oalj.dol.gov/ and http://www.dol.gov/brb/decisions.htm. Published decisions of the Benefits Review Board are available on Lexis/Nexis and Westlaw. All of the reporting services now will be required to identify the claimant by initials only.

Beginning August 1, 2006, pursuant to a "Memorandum to Interested Persons," from the Chief Administrative Law Judge of the Department, a "ruling"[4] was put in place to terminate the use of claimants' names in the captions and text of BLBA and LHWCA decisions. NAWE Complaint, Ex. A; Intervenors' Complaint, Ex. B. There was no public process of any kind and the "interested persons" who received the Chief ALJ's Memorandum did not include the plaintiffs or intervenors here. Neither was there a publication in the Federal Register. NAWE Complaint, ¶ 3. No other Department of Labor program was affected.

At that time, a Black Lung regulation provided: "A decision and order [of an ALJ] shall contain . . . the names of the parties . . . ." 20 C.F.R. § 725.477

---

[3]    The Black Lung Reporter and Benefits Review Board Service (reporting LHWCA decisions) are published by JURIS and until 1995, were published by Matthew Bender Co.
[4]    This "ruling" easily fits the definition of a "rule" as that term is defined in the APA. See 5 U.S.C. § 551(4).

(2007). This provision was adopted pursuant to 30 U.S.C. § 936(a) and 5 U.S.C. § 553 following publication for notice and comment in the Federal Register.

The Chief ALJ apparently was unaware of the regulation until after the controversy over the Anonymous Claimant Rule began to mount. On January 30, 2007, the Department, acting through an Assistant Secretary of Labor, repealed the regulation without allowing public participation or a delayed effective date. The Preamble announced that the repeal of the rule "pertains only to the Department's formatting of decisions and orders." 72 Fed. Reg. 4204-05 (Jan. 30, 2007); Intervenors' Complaint, Ex. C.

On the Longshore side, the Anonymous Claimant Rule was simply implemented by the Department. There was no publication or notice in the Federal Register.

Plaintiffs, intervenors and others met with the Department's Chief ALJ to seek a reversal of the new policy. They informed the Chief ALJ that the Anonymous Claimant Rule deprived employers and insurers of access to the claims history of BLBA and LHWCA claimants and information concerning claims filings. At that meeting, Plaintiffs identified numerous reasons why they and other members of the public had an immediate need to know the identity of parties. In this meeting, Plaintiffs suggested that the ALJs follow the longstanding rule for allowing litigants to proceed anonymously that are applied by the courts of the United States. The Chief ALJ indicated that he had never considered the needs discussed and currently had no process for accommodating them. Following the meeting, NAWE reiterated these concerns

and requests in a letter to the Chief ALJ.  NAWE Complaint, Ex. B.  The Chief

ALJ and then the Solicitor of Labor refused to honor this request.  Intervenors'

Complaint, Ex. E-H.

The Anonymous Claimant Rule was not itself published as an agency

regulation.  In order to enforce the rule, the word processing program used by

ALJs was revised to prohibit the intentional or inadvertent use of a claimant's

name.

On or about August 3, 2007, the Benefits Review Board adopted the

Anonymous Claimant Rule without regulatory activity of any kind.

The plaintiffs and intervenors include an association of employers and

insurers who are engaged in maritime trades, in insuring maritime risks and in

reporting on and publishing news that is of interest to its members (NAWE), an

insurer in the business of insuring workers compensation, general liability and

other risks (Old Republic), and an association of employers engaged in coal

mine  construction  and  related  activities  (Association  of  Bituminous

Contractors), which also publishes information of interest to its members.

### III.    STANDARD OF REVIEW

The Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure.  When a Rule 12(b)(1) motion is

filed, the plaintiff bears the burden of establishing the factual predicate for

jurisdiction by a preponderance of the evidence.  Lujan v. Defenders of Wildlife,

504 U.S. 551, 561 (1992); Buaiz v. United States, 471 F. Supp.2d 129, 133 (D.D.C.

2007).  In deciding a Rule 12(b)(1) motion, the Court may go "beyond the

pleadings and resolve any disputed issues of fact, the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).

Under Rule 12(b)(6), dismissal is inappropriate unless the "plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957). When evaluating a Rule 12(b)(6) motion the Court "must treat the Complaint's factual allegations as true [and] grant plaintiff the benefit of all reasonable inferences from the facts alleged." Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006).

In matters like this arising at least in part under the APA, several other interpretive guidelines apply as well. The APA's promise of judicial review is generous, liberally construed and readily available in the absence of powerful evidence of Congress's intent to the contrary. Japan Whaling Ass'n v. American Cetacean Soc'y, 478 U.S. 221, 230 n.4 (1986); Block v. Community Nutrition Inst., 467 U.S. 340, 345 (1984). There is a "strong presumption that Congress intends judicial review of administrative action." Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670 (1986). The Court does not defer to the Department's interpretation of the APA. Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 137 n.9 (1997).

## IV.    ARGUMENT

### A.    THIS COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THIS CASE

This Court's jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1333 and is predicated upon the presentation of several federal questions arising under

the LHWCA, BLBA, APA, (including FOIA) and the First and Fifth Amendments to
the Constitution of the United States.

The Department argues that this Court has no subject matter jurisdiction
because there is no applicable waiver of sovereign immunity. The APA, of
course, embodies a broad waiver of sovereign immunity opening most agency
action to judicial review. 5 U.S.C. § 702; Bowen v. Massachusetts, 487 U.S. 879
(1988). Section 702 provides:

> . . . An action in a court of the United States seeking
> relief other than money damages and stating a claim
> that an agency or an officer or employee thereof acted
> or failed to act in an official capacity or under color of
> legal authority shall not be dismissed nor relief therein
> denied on the ground that it is against the United
> States or that the United States is an indispensible
> party in any such action and a judgment or decree may
> be entered against the United States. . . .

5 U.S.C. § 702.

Section 704 of the APA further provides:

> Agency action made reviewable by statute and final
> agency action for which there is no other adequate
> remedy in a court are subject to judicial review. . . .

5 U.S.C. § 704.

The Department contends that Section 704 modifies Section 702 to
preclude a challenge to agency action where there is an "adequate remedy in a
court. . . ." Def. Motion at 9. DOL argues that FOIA, to the extent it allows
plaintiffs to obtain agency records, provides an adequate remedy and thus

there is no effective waiver of sovereign immunity under the APA. [5]  Id. Therefore, according to the Department, the Court has no subject matter jurisdiction.

The Department's arguments miss the point by a wide margin.    The Complaints assert rights arising under the First and Fifth Amendments to the Constitution of the United States to fully open and accessible decisionmaking under the BLBA and LHWCA.  FOIA has no capability of ensuring full access to judicial or administrative proceedings nor can it vindicate Constitutional rights. Plaintiffs here seek not merely the production of paper.    They seek the restoration of a core principle of democracy.  DOL's notion that FOIA provides any remedy like that is silly.

Plaintiffs also seek enforcement of rights arising under the APA to have the benefit of notice and comment rulemaking under 5 U.S.C. § 553 and publication under 5 U.S.C. § 552.  In the case of the BLBA, they also seek the enforcement of the requirement that a substantive regulation, published following notice and comment rulemaking, purporting to enhance the openness of agency proceedings and resolve a conflict at the intersection of private rights and public access to government information, may not be repealed without

---

[5]    It is debatable whether Section 704 is a significant limitation on the waiver expressed in Section 702 or a separate impediment to review more properly considered in a 12(b)(6) motion especially where, as here, the adequacy of the remedy is factually in dispute.  The sections are not textually tied but this Court has suggested in dictum that a fully adequate FOIA remedy is an exception to the Section 702 immunity waiver.  People for the Ethical Treatment of Animals v. U.S. Dep't of Agriculture, 2007 WL 1720136 at *7 (D.D.C. June 11, 2007).  The debate need not be resolved or revisited in this case because it is clear that FOIA on its face provides no remedy to the Plaintiffs here.

notice and comment on the theory that the action is merely a matter of "formatting." FOIA not only is inadequate to this purpose, it is irrelevant.

Plaintiffs challenge the authority of the Chief ALJ and BRB to adopt an important rule and claim that neither entity has legal authority to deny public access to the identity of BLBA and LHWCA claimants and the details of their cases. FOIA is irrelevant to this objection and cannot provide an adequate, or any remedy that enjoins or corrects illegal action by a government employee.

Plaintiffs seek the vindication of broad informational rights arising under the common law and a centuries old tradition of a transparent judicial system, codified in the APA, that are abridged by the adoption of the Anonymous Claimant Rule. Equitable relief is necessary to reach these objectives and this is not available under FOIA. Merely being able to obtain decisions under FOIA, if and when the Department is willing to produce them, falls far short of the relief requested here.

The APA's prescription for the judicial review of agency action is broadly construed to favor review, and, in particular, a narrow and restrictive construction of 5 U.S.C. § 704 that limits rights to review has been rejected by the Supreme Court in Bowen v. Massachusetts, 487 U.S. at 904; see Transohio Savings Bank v. Director, Office of Thrift Supervision, 967 F.2d 598, 608 (D.C. Cir. 1992) (holding also that the adequate remedy exception does not apply if the other law does not afford the relief requested in the APA suit). However broadly or narrowly the Section 704 limitation is construed, however, there is

no plausible argument that FOIA provides an adequate legal remedy for the causes of action before the Court in this case.

The adequacy of the remedy under FOIA also fails on factual inquiry. The Complaint alleges that the Anonymous Claimant Rule precludes employers and insurers from obtaining needed information in their capacities both as claim defendants and entities that have a legitimate need for information about applicants for employment, employees and litigants inside and outside of the LHWCA/BLBA contexts.    The Anonymous Claimant Rule hampers the investigative media from obtaining information it may seek and fundamentally precludes access to information that may be of interest to the public for a multitude of legitimate reasons.

FOIA is not an adequate remedy for any of these information seekers. The Department is notoriously slow in responding to FOIA requests and could not provide a timely response to a person writing a brief, or an employer about to make an employment decision or an insurer or lawyer needing information for a case going to trial.  Nor is FOIA a remedy for a reporter facing a deadline. The time discrepancies are so extreme it is hard to see how DOL's FOIA theory carries any force.  The notion of doing legal research by FOIA is ludicrous.  Not only is the FOIA remedy inadequate, it is no remedy at all as a factual matter.[6] The obvious futility of a remedy makes it inadequate as a matter of law.

---

[6]    It bears mentioning also that since the Department has decided that a claimant's name and the details of a claimant's case are worthy of protection as a matter of privacy, it is likely that the Department would not disclose that information under FOIA, invoking the qualified privacy privilege.  5 U.S.C. § 552(b)(6).

Congress surely did not intend that FOIA would be the remedy for the violation of the rights at issue here.

**B.    THE COMPLAINTS STATE CLAIMS UPON WHICH RELIEF CAN AND SHOULD BE GRANTED**

**1.    The Anonymous Claimant Rule Violates Both Plaintiffs' and Intervenors' Constitutional Right of Access to BLBA and LHWCA Decisions and the Related Presumption Against Anonymous Litigation**

A customary and constitutionally embedded presumption of openness in criminal and civil judicial proceedings is well-recognized.   See Richmond Newspapers, Inc. v. Virginia, 448 U.S. at 589-93 (pointing to history, custom, common law and the importance of public scrutiny of government actions, holding that the right to a criminal trial open to the public is implicitly guaranteed by the First Amendment).   The principle that absent an overriding interest, trials must be open to the public has been applied to civil trials and administrative proceedings, based on the Court's recognition of a "general policy favoring disclosure of administrative agency proceedings."    FCC v. Schreiber, 381 U.S. 279, 293 (1965) (holding that FCC did not abuse its discretion when it required an open hearing in an investigatory proceeding). Federal courts also have recognized a presumptive right of access to civil and administrative proceedings.   See Fitzgerald v. Hampton, 467 F.2d 755, 764 (D.C. Cir. 1983) (finding right of public access to a Civil Service Commission employee removal hearing); see also Detroit Free Press v. Ashcroft, 195 F.Supp.2d 937 (E.D. Mich. 2002) (noting "courts consistently have found a right of access to civil proceedings and quasi-judicial administrative proceedings");

Soc'y of Prof'l Journalists v. Sec'y of Labor, 616 F.Supp. 569 (D. Utah 1985) (finding right of public access to agency investigative hearing). Significantly, the APA, 5 U.S.C. § 559, provides that the subchapter does not "limit or repeal additional requirements imposed by statute or otherwise recognized by law. Except as otherwise required by law, requirements or privileges relating to evidence or procedure apply equally to agencies and persons." Under section 559 of the APA, the legal presumption against anonymous litigation applicable in federal courts is embedded in administrative law and extends to administrative proceedings. See Astoria Fed. Savings & Loan v. Solimino, 501 U.S. 104, 108 (1991).

The D.C. Circuit's decision in Fitzgerald is instructive. There, the court found a general policy favoring disclosure in administrative agency proceedings, explaining: "[W]hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process." Fitzgerald v. Hampton, 467 F.2d at 765. The Court commented that "in administrative hearings, the rule of the 'open' forum is prevailing - if not by statutory mandate, then by regulation or practice." Id. (citing The Report of the Attorney General's Committee on Administrative Procedure (1941)). The Court added that its conclusion "accords not only with the federal judicial tradition but also to general practice in administrative proceedings." Id. at 766-67.

The policy favoring public access to administrative hearings includes public access to the administrative record. Graber Mfg. Co. v. Dixon, 223 F.Supp. 1020, 1022 (D.D.C. 1963). There, the plaintiffs sought to shield their documents from public disclosure. The United States District Court for the District of Columbia recognized that "the public interest in open [administrative] hearings place[d] the burden on plaintiffs [who were charged by FTC with violating the Clayton Act] to show that their documents should be received in confidence." The Court acknowledged that "[w]ithout free access to the record, future respondents would find it difficult to prepare a defense, and attorneys would not be able adequately to advise clients." Only where plaintiffs show that public disclosure of information in a document would cause "serious injury to [their] business," should in camera status be granted. Id. at 1022-23.

A similar showing is required of any party who seeks an exception to the presumption against anonymous litigation. For example, the Fifth Circuit has recognized that in determining whether a party may sue anonymously in a civil action, courts should balance the reasons for maintaining a party's privacy against "the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981). In that case, the court held that in light of threats against plaintiffs and community hostility, plaintiffs were entitled to proceed anonymously. In contrast, the Eleventh Circuit rejected a plaintiff's request to proceed with a suit under a pseudonym where the plaintiff sought to shield information about his alcoholism from public disclosure in a claim for unlawful discrimination.

16

<u>Doe v. Frank</u>, 951 F.2d 320, 322-23 (11ᵗʰ Cir. 1992).  The court denied the request, finding that Fed. R. Civ. P. 10(a), which requires a complaint to include the parties' names, "serves more than administrative convenience.  It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."[7]  <u>Id.</u> at 322.  Adopting the balancing test of <u>Stegall</u>, the court stated:  "Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough."  <u>Id.</u> at 324.  <u>See</u> <u>also</u> <u>Doe v. City of Chicago</u>, 360 F.3d 667, 669 (7th Cir. 2004).

The alternatives posed by the defendant do not provide relief from the Anonymous Claimant Rule.  Defendant argues that the Anonymous Claimant Rule does not violate Plaintiffs' due process rights because "the [Rule] has no effect on the ability of parties in OALJ proceedings to present their evidence and arguments to the decision-maker."  Def. Motion at 27.  According to Defendant, the "DOL has adopted extensive discovery procedures by which parties may obtain relevant evidence in OALJ proceedings, including

---

[7]    Although the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 10(a), may not generally apply to administrative proceedings, 33 U.S.C. § 923(a), "[t]he Rules of Civil Procedure for the District Courts of the United States shall be applied in any situation not provided for or controlled by these rules [of practice and procedure for administrative hearings before the Office of Administrative Law Judges], or by any statute, executive order or regulation." 29 C.F.R. § 18.1.

information about whether a claimant has filed previous claims for benefits." Id. The determination of whether the Anonymous Claimant Rule affects the ability of the Plaintiffs to present their evidence and arguments is a factual matter appropriately asserted in an answer. Moreover, Defendant is wrong and again completely misses the point because Plaintiffs and the members they represent are denied the information.

Treating Plaintiffs' allegations as true, the Anonymous Claimant Rule impairs Plaintiffs' substantive rights to access public information, research the applicable law, identify applicable precedent, respond to arguments asserted by adversaries, research the claims history of individual claimants in matters arising under the BLBA, LHWCA and other state and federal laws and defend claims under the BLBA and LHWCA. See Plaintiffs-Intervenors' Compl., Count III, ¶¶ 39-40; see also, NAWE Compl., Count 3, ¶ 35. The discovery procedures applicable under the BLBA and LHWCA are insufficient to address these impairments and are not available to non-parties who also have a need for claims information. The harms alleged in the Complaints here are legally sufficient to state a violation of Plaintiffs' due process, common law and APA rights. See 5 U.S.C. § 559; Trudeau v. FTC, 456 F.3d at 188 (whether a plaintiff alleges claims upon which relief can be granted depends, in part, on whether the allegations in the complaint are legally sufficient to state the violations of which plaintiff claims).

In any event, that plaintiffs can still "attend and observe OALJ hearings" does not justify the Anonymous Claim Rule. Def. Motion at 29-30. The right of

access extends well beyond a right to attend a hearing. It extends to the judge's decision or the disposition of a case following an appeal. The Department's emphasis on the right to attend the hearing is irrelevant to the illegal agency action complained of in this lawsuit. See Stegall, 653 F.2d at 185-86. It also affords no protection to the access rights of non-parties who would have no notice of a hearing or information sufficient to know that attendance would be a good idea.

Thus, Plaintiffs' allegations that the Anonymous Claimant Rule impairs their rights to access public information necessary in conducting Plaintiffs' business and in disseminating public information to Plaintiffs' members and customers is sufficient to state a violation of Plaintiffs' First and Fifth Amendment and APA rights. The Department also is oblivious to the access rights of non-parties to claims, which often includes the Plaintiffs, and provides no explanation why non-parties have no right to access information they need.

### 2.    Notice and Comment is Required Before the Anonymous Claimant Rule Can be Implemented

For BLBA claims, the Anonymous Claimant Rule alters a preexisting rule that was published for notice and comment. That rule provided: "A decision and order [of an ALJ] shall contain . . . the names of the parties . . . ." 20 C.F.R. § 725.477 (2007). Following objections to the Anonymous Claimant Rule by parties to BLBA claims, the Department repealed the relevant language of 20 C.F.R. § 725.477 by publishing a revision in the Federal Register. On or about August 3, 2007, the Benefits Review Board instituted the Anonymous Claimant

Rule without notice and comment.  See Plaintiffs-Intervenors' Complaint, Count II, ¶ 38.  For Longshore claims, the Department did not publish a rule or an announcement of a change.  Defendant now claims an exception to the APA's requirement that proposed rules must be published in the Federal Register for public comment.  See Def. Motion at 14.  Defendant argues that the Anonymous Claimant Rule is not subject to the notice and comment requirement of the APA because it is a rule of agency procedure or practice.  Id.  Defendant's claim lacks merit.

The Anonymous Claimant Rule is a "rule" for purposes of the APA:

> (4) "rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing;

5 U.S.C. § 551(4).  The APA requires that proposed rules be published in the Federal Register for public comment unless one of the enumerated exceptions apply.  APA, 5 U.S.C. § 553(b):

> General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. . . .  Except when notice or hearing is required by statute, this subsection does not apply—(A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; . . .

5 U.S.C. § 553(b). There is a strong presumption in favor of notice and comment rulemaking in the APA and exceptions to the notice and comment requirements are narrowly construed. <u>National Ass'n of Home Health Agencies v. Schweiker</u>, 690 F.2d 932 (D.C. Cir. 1982).

The Department argues that the Anonymous Claimant Rule is exempt from notice and comment rulemaking because it is "procedural." Def. Motion at 13. To the extent the determination of whether a rule is substantive or procedural turns on issues of fact, the agency bears the burden of proof based on the record. "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). <u>See</u> <u>also</u> <u>Director, Office of Workers' Compensation Programs v. Greenwich Collieries</u>, 512 U.S. 267 (1994) (holding that the burden of proof in 5 U.S.C. § 556(d) means both the burden of production and the burden of persuasion.)

In this Circuit, the test for what constitutes a "procedure or practice" is whether the rule "encodes a substantive value judgment." <u>Public Citizen v. Dep't of State</u>, 276 F.3d 634, 640 (DC Cir. 2002). <u>See</u> <u>also</u> <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 302 (1979) (holding that informational rights are substantive and merit the protections guaranteed by the APA). If a rule does not encode a "substantive value judgment," it falls within the "procedure or practice" exception to the APA. If a rule encodes a "substantive value judgment," the rule requires public notice and comment. Under this test, the Anonymous Claimant Rule was required to be issued for public notice and

comment.   Arguably, <u>Chrysler Corp.</u> is dispositive and precludes this Court
from agreeing with the Department on this issue.

The Department's insistence that the Anonymous Claimant Rule is a rule
of procedure is hard to fathom.  A judicial decision to shield a litigant's name
from the public requires a balance between the privacy interests of the
individual and the public's interest in knowing the identity of the individual
and relevant information concerning the judicial proceeding instituted by the
individual.  The public interest in knowing the identity of litigants and the
details of their cases are many and varied.  Future litigants have an interest in
knowing about previous litigation involving that individual.    Insurance
companies have an interest in knowing about conditions that may be revealed
during litigation.   The press has an interest in knowing whether different
claimants are treated differently because of who they are and in observing the
process.

The Anonymous Claimant Rule makes a substantive value judgment that
there are no possible set of facts and no circumstances under which the
interests of the public can outweigh the interests of the individual.  This rule
clearly and unequivocally encodes a "substantive value judgment" and as such
is subject to notice and comment under <u>Chrysler Corp.</u>

### 3.    Plaintiffs Are Entitled to Relief for the Department's Violation of FOIA's Recordkeeping Requirements

Count I of the Intervenors' Complaint alleges that in addition to its other
legal deficits, the Anonymous Claimant Rule violates FOIA.    Intervenors'

Complaint at 9.   It is not clear that Defendant's Rule 12 Motion addresses this point and the allegation has obvious merit. Section 552(a)(2) provides inter alia:

> To the extent required to prevent a clearly unwarranted invasion of personal privacy, an agency may delete identifying details when it makes available or publishes an opinion. . . . However, in each case the justification for the deletion shall be explained fully in writing.

5 U.S. C. § 552(a)(2).

The legislative history of the APA makes clear that Congress disapproved of agency efforts to conduct its affairs in ways that unnecessarily restrict public access to documents that should be available to the public and the information in those documents.    The legislative history explains:

> The public information requirements of section [5 U.S.C. § 552] are in many ways among the most important, far-reaching, and useful provisions of the bill.   For the information and protection of the public wherever located, these provisions require agencies to take the mystery out of administrative procedure by stating it.   The section has been drawn upon the theory that administrative operations and procedures are public property which the general public, rather than a few specialists or lobbyists, is entitled to know or to have the ready means of knowing with definiteness and assurance.

S. Rep. No. 79-752 (1945), as reprinted in LEGISLATIVE HISTORY OF THE ADMINISTRATIVE PROCEDURE ACT, S. DOC. NO. 248, 79th Cong., 2d Sess. 185, 198 (1946).   The Anonymous Claimant Rule obviously violates this statutory mandate. The Department does not comply when issuing decisions with initials only and probably cannot do so because there typically is no justification for it. This clear unanswered violation of law provides yet another reason for denying the Defendant's Motion to Dismiss.

### 4. Neither the Chief ALJ Nor the Benefits Review Board Is Authorized to Promulgate an Anonymous Claimant Rule

In response to the Plaintiffs' allegations that the Chief ALJ was without constitutional, statutory or delegated authority to adopt any rules, regulations or policies concerning the administration of the Longshore Act (Count II), the Secretary argues that the Chief ALJ had the legal authority to issue the Anonymous Claimant Rule.

As a threshold matter, this is not a proper basis for a Rule 12(b)(6) motion. The Secretary does not dispute that _if_ the Chief ALJ is without constitutional, statutory or delegated authority, the Anonymous Claimant Rule is invalid. Instead, the Secretary alleges facts that, according to the Secretary, prove that the Chief ALJ had the necessary lawful authority. These facts and arguments belong in an answer to the complaint so that the issue can be resolved on cross motions for summary judgment. There is no presumption that the Chief ALJ is authorized to issue rules. The Secretary has the burden of proving that the Chief ALJ was authorized to take the actions he took.

Moreover, Plaintiffs dispute the facts alleged by the Department. The Longshore Act provides: "Except as otherwise specifically provided, the Secretary shall administer the provisions of this chapter, and for such purpose the Secretary is authorized (1) to make such rules and regulations[.]" 33 U.S.C. § 939(a)(1). See also 30 U.S.C. § 936(a) (for Black Lung claims). The Secretary, by regulation, has assigned the authority to administer the LHWCA to the Assistant Secretary for Employment Standards. The Assistant Secretary for

Employment Standards, by regulations, has created the Office of Workers'
Compensation Programs (OWCP). 20 C.F.R. § 1.1. The Assistant Secretary for
Employment Standards then delegated the authority to administer the LHWCA
and BLBA, including the authority to issue rules, to the OWCP. 20 C.F.R. § 1.2
This delegation of authority is reflected in the Code of Federal Regulations:

> The Office of Workers' Compensation Programs (OWCP) is
> responsible for administering the LHWCA and its extensions
> (see 20 CFR 1.2(e)). The regulations in subchapter A of
> chapter I of this title (20 CFR part 1) describe OWCP's
> establishment within the Employment Standards
> Administration, the functions assigned to it by the Assistant
> Secretary of Labor for Employment Standards, and how those
> functions were performed before OWCP's establishment.

20 C.F.R. § 701.201. See also Secretary [of Labor's] Order 7-87, 52 Fed. Reg.
48466 (for Black Lung claims). The Code of Federal Regulation contains no
delegation of rulemaking power to the Chief ALJ. To this extent, the Chief ALJ
is no different than the Benefits Review Board, which has no policymaking
authority. Potomac Elec. Power Co. v. Director, OWCP, 449 U.S. 268, 278 n.18
(1980).

The Secretary instead points to a Federal Register notice, 70 Fed. Reg.
59,200 (Oct. 11, 2005), as the source of the Chief ALJ's authority. The notice in
question concerns administering agency websites. The notice does not mention
the Chief ALJ by title or office. To the extent the notice applies to the Chief ALJ,
there is nothing in the notice that could remotely be construed as a delegation
of rulemaking authority—whether those rules are substantive or procedural.
The notice additionally expressly states:

> b. Relationship to Other Orders.  (1) This Order does not affect the authorities and responsibilities assigned by any other Secretary's Order, unless otherwise expressly so provided in this or another Order.

70 Fed. Reg. 59,200 (Oct. 11, 2005).  Thus on its face, the notice does not alter the exclusive authority delegated to the OWCP for rulemaking under the Longshore Act or the BLBA.  This is consistent with what the Chief ALJ told Plaintiffs when they asked him to reconsider the Anonymous Claimant Rule.  The Chief ALJ responded:  "The Office of Administrative Law Judges does not have the authority to institute rulemaking proceedings under the APA.  The authority to institute such proceedings resides with the Secretary of Labor." NAWE Complaint, Ex. C.

Because the Chief ALJ was without legal authority to issue the Anonymous Claimant Rule as it applies to persons covered under the LHWCA or the BLBA, the rule—regardless of whether it is a procedure or policy rule or a substantive rule—is void and without effect.

## V.  CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss Plaintiffs' Complaints should be denied.

Respectfully submitted,

_____/s/_____
Mark E. Solomons
D.C. Bar No. 344440
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Telephone:  (202) 331-3100
Facsimile:   (202) 331-3101
email:  solomonsm@gtlaw.com

_____/s/_____

Laura Metcoff Klaus
D.C. Bar No 294272
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:  (202) 533-2362
Facsimile:    (202) 261-0137
Email: klausl@gtlaw.com

Attorneys for Old Republic Insurance Co.


_____/s/_____

Mary Lou Smith
D.C. Bar No. 389507
Howe, Anderson & Steyer, P.C.
815 Connecticut Avenue, N.W. #620
Washington, D.C. 20006
Telephone:  (202) 296-5680
Facsimile:    (202) 331-8049
Email: mlsmith@haspc.com

Attorney for Association of Bituminous Contractors, Inc.


_____/s/_____

Francis Edwin Froelich
D.C. Bar No. 418399
CARROLL & FROELICH, PLLC
919 18th Street, N.W., Suite 901
Washington, D.C. 20006
Telephone:  (202) 587-4802
Facsimile:    (202) 587-4888
Email: win@cflaw.us

Attorney for the National Association of Waterfront Employers

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF<br>WATERFRONT EMPLOYERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OLD REPUBLIC INSURANCE CO.<br>and ASSOCIATION OF BITUMINOUS<br>CONTRACTORS, INC. | ) | |
| | ) | |
| Intervenor Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case: 1:07-CV-2250(RMC) |
| | ) | |
| ELAINE L. CHAO, in her official<br>capacity as the Secretary of Labor<br>United States Department of Labor | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, Plaintiffs' Opposition thereto, and any Reply, and upon consideration of the entire record and for the reasons stated in Plaintiffs' Opposition, it is hereby,

**ORDERED**, that the Motion be, and it hereby is, **DENIED**; and it is further

**ORDERED**, that Defendant shall file an Answer to Plaintiffs' Complaints no later than _____, 2008.

**SO ORDERED**.

Date: _____          _____
                                    Rosemary M. Collyer
                                    United States District Judge