UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS     )
                                                 )
                    Plaintiff,                   )
                                                 )
    and                                          )
                                                 )
OLD REPUBLIC INSURANCE COMPANY                   )
                                                 )
    and                                          )
                                                 )
ASSOCIATION OF BITUMINOUS CONTRACTORS, INC.      )
                                                 )
                    Intervenor Plaintiffs,       )
                                                 )
                                Case: 1:07-CV-2250 (RMC)
                                                 )
            v.                                   )
                                                 )
ELAINE L. CHAO, in her official capacity as the Secretary of Labor )
United States Department of Labor                )
                                                 )
                    Defendant.                   )

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE
<u>ADMINISTRATIVE RECORD</u>**

The Plaintiff and Intervenor Plaintiffs ("Plaintiffs"), by and through their counsel, respectfully move this Court pursuant to 5 U.S.C. § 706 to order Defendant to produce the full administrative record relating to the Anonymous Claimant Rule. In support of this Motion, the Plaintiffs rely on the following Memorandum of Points and Authorities and such other points and authorities as may be cited at a hearing on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF THE ADMINISTRATIVE RECORD**

1. On March 25, 2008, Defendant filed a motion to dismiss Plaintiffs' Complaint challenging the Department of Labor's Anonymous Claimant Rule applied in Longshore and Harbor Worker's Act ("LHWCA") and Black Lung Benefits Act ("BLBA") claims. In support of its motion, Defendant argues that "[r]ecently, DOL has received a number of comments from past claimants and members of Congress raising concerns that the publication of these decisions has resulted in the embarrassing public disclosure of the medical history and other intimate details of the claimants and their families." Def. Mot. to Dismiss at 1. Additionally, Defendant claims that "the decisions usually contain detailed information about the claimant's physical condition and medical history, as well as other personal information about the claimant and his dependents or survivors." Id. at 4. Defendant further claims that "DOL found that the publication of longshore and black lung decisions had led to public exposure of claimants' personal information . . . ." Id. at 12. The Plaintiffs dispute these factual allegations.

2. Defendant's Motion to Dismiss alleges also that this Court lacks subject matter jurisdiction over the dispute. In particular, Defendant argues that 5 U.S.C. §§ 702, 704 do not waive sovereign immunity when there is an adequate remedy in a court under another statute. Defendant asserts that the information withheld under the Anonymous Claimant Rule is available under the Freedom of Information Act (FOIA), 5 U.S.C. § 552a, and thus there is no proper remedy under the Administrative Procedure Act and no waiver of sovereign immunity for this purpose. In order to make this argument in good faith Defendant would, of necessity, have considered the adequacy of the FOIA

2

remedy in light of the specific needs of the Plaintiffs here and others, and the FOIA qualified exemptions from disclosure set forth in 5 U.S.C. § 551(b), that may apply. One assumes there is a supporting record for Defendant's jurisdictional argument since the alleged adequacy of the FOIA remedy is far from clear on the face of the statutes involved, and FOIA contains no express APA exemption. Moreover, Plaintiffs dispute the adequacy of the FOIA remedy.

3.    This Court's review is limited to the administrative record on which Defendant appears to rely, but has failed to produce. See Beverly Enterprises, Inc. v. Herman, 130 F.Supp.2d 1 (D.D.C. 2000). "It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made." IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.D.C. 1997). Here, Defendant claims to have received a number of comments related to its decision to adopt the Anonymous Claimant Rule, and Defendant further claims that the decisions usually contain detailed information about the claimant's physical condition, medical history and other personal information and that Defendant has found that publication of the LHWCA and BLBA cases have led to public exposure of claimants' personal information. Defendant also has alleged that the FOIA remedy is fully adequate presumably after investigating the question. The Court should order Defendant to produce the administrative record on which Defendant suggests it relies.

4.    On April 24, 2008, undersigned counsel contacted defense counsel, Scott Risner, Esq., to request that Defendant produce the administrative record. Thereafter, Mr. Risner agreed to produce the administrative record no later than May 21, 2008. On

May 8, 2008, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss after concluding that Defendant's motion was without merit on its face and that the administrative record of the Rule was not necessary for a response in opposition. The Plaintiffs' counsel advised defense counsel that although Plaintiffs had filed their Opposition to Defendant's Motion to Dismiss, Plaintiffs still needed the administrative record in order to prepare Plaintiffs' Motion for Summary Judgment. On May 12, 2008, defense counsel reneged on his agreement to produce the administrative record, pointing to the fact that Plaintiffs had already filed their Opposition to Defendant's Motion to Dismiss. Defense counsel further indicated that Defendant would only produce the administrative record if Defendant's Motion to Dismiss is denied. This was not Plaintiffs' understanding of the agreement. Plaintiffs have advised defense counsel that Plaintiffs will ask the Court to consider Defendant's Motion to Dismiss and Plaintiffs' Motion for Summary Judgment together. However, Plaintiffs are now unable to file their Motion for Summary Judgment because Defendant refuses to comply with her earlier agreement to produce the administrative record by May 21, 2008.

WHEREFORE, for the reasons stated above, the Plaintiffs respectfully request that the Court compel Defendant to immediately produce the administrative record relating to this matter with a privilege log if appropriate.

Respectfully submitted this 13th day of May, 2008.

        /s/
Mark E. Solomons
D.C. Bar No. 344440
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:   (202) 331-3100
Facsimile:   (202) 331-3101
email: solomonsm@gtlaw.com

        /s/
Laura Metcoff Klaus
D.C. Bar No. 294272
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:   (202) 533-2362
Facsimile:   (202) 261-0137
Email: klausl@gtlaw.com

Attorneys for Old Republic Insurance Co.

        /s/
Mary Lou Smith
D.C. Bar No. 389507
Howe, Anderson & Steyer, P.C.
815 Connecticut Avenue, N.W. #620
Washington, D.C. 20006
Telephone:   (202) 296-5680
Facsimile:   (202) 331-8049
Email: mlsmith@haspc.com

Attorney for Association of Bituminous Contractors, Inc.

/s/
_____
Francis Edwin Froelich
D.C. Bar No. 418399
CARROLL & FROELICH, PLLC
919 18th Street, N.W., Suite 901
Washington, D.C. 20006
Telephone:   (202) 587-4802
Facsimile:    (202) 587-4888
Email: win@cflaw.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS<br><br>Plaintiff,<br><br>and<br><br>OLD REPUBLIC INSURANCE COMPANY<br><br>and<br><br>ASSOCIATION OF BITUMINOUS CONTRACTORS, INC.<br><br>Intervenor Plaintiffs,<br><br>v.<br><br>ELAINE L. CHAO, in her official capacity as the Secretary of Labor United States Department of Labor<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case: 1:07-CV-2250 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Upon consideration of Plaintiffs' Motion to Compel Production of the Administrative Record, any Opposition thereto, and upon consideration of the entire record and for the reasons stated in Plaintiffs' Motion, it is hereby,

**ORDERED**, that the Motion be, and it hereby is, **GRANTED**; and it is further

**ORDERED**, that Defendant shall produce the administrative record relating to the Anonymous Claimant Rule with a privilege log, if appropriate, no later than May____, 2008. **SO ORDERED.**

Date: _____

_____
Rosemary M. Collyer
United States District Judge