# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS, )<br><br>Plaintiff, )<br>and )<br><br>OLD REPUBLIC INSURANCE COMPANY and ASSOCIATION OF BITUMINOUS CONTRACTORS, INC., )<br><br>Plaintiff-Intervenors, )<br><br>v. )<br><br>ELAINE L. CHAO, in her official capacity as the Secretary of Labor, )<br><br>Defendant. ) | Civil Action No. 07-2250 (RMC) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      THE APA DOES NOT AUTHORIZE JUDICIAL REVIEW OF THE
          CLAIMANT NAME CHANGE BECAUSE FOIA PROVIDES AN
          ADEQUATE METHOD FOR PLAINTIFFS TO OBTAIN THE
          INFORMATION THAT THEY SEEK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.     CHIEF JUDGE VITTONE HAS THE AUTHORITY TO ADOPT THE
          CLAIMANT NAME CHANGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    III.    AS A PROCEDURAL RULE, THE CLAIMANT NAME CHANGE IS
          EXEMPT FROM NOTICE AND COMMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    IV.    FOIA DOES NOT REQUIRE THE DEPARTMENT OF LABOR TO
          CREATE DOCUMENTS INCLUDING CLAIMANTS' FULL NAMES . . . . . . 9

    V.     CHANGING THE CAPTIONING OF OALJ DECISIONS DOES NOT
          VIOLATE THE CONSTITUTION OR COMMON LAW . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

American Hospital Association v. Bowen,
    834 F.2d 1037 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Batterton v. Marshall,
    648 F.2d 694 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Center for National Security Studies v. Department of Justice,
    331 F.3d 918 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Detroit Free Press v. Ashcroft,
    195 F. Supp. 2d 937 (E.D. Mich. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Doe v. Stegall,
    653 F.2d 180 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

FCC v. Potsville Broadcasting Co.,
    309 U.S. 134, 60 S. Ct. 437, 84 L. Ed. 656 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

FCC v. Schreiber,
    381 U.S. 279, 85 S. Ct. 1459, 14 L. Ed. 2d 383 (1965) . . . . . . . . . . . . . . . . . . . . . . . . 12

Fitzgerald v. Hampton,
    467 F.2d 755 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fressola v. Manbeck,
    1995 WL 656874 (D.D.C. Mar. 30, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Graber Manufacturing Co. v. Dixon,
    223 F. Supp. 1020 (D.D.C. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

JEM Broadcasting Co. v. FCC,
    22 F.3d 320 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Leonard v. District of Columbia,
    794 A.2d 618 (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Marshall County Health Care Authority v. Shalala,
    988 F.2d 1221 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

NLRB v. Sears, Roebuck & Co.,
   421 U.S. 132, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975) . . . . . . . . . . . . . . . . . . . . . . . . .  10

People for the Ethical Treatment of Animals v. U.S. Department of Agriculture,
   2007 WL 1720136 (D.D.C. June 11, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Potomac Electric Power Co. v. Director, OWCP,
   449 U.S. 268, 101 S. Ct. 509, 66 L. Ed. 2d 446 (1980) . . . . . . . . . . . . . . . . . . . . . . . . .  5

Public Citizen v. Department of State,
   276 F.3d 634 (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Richmond Newspapers, Inc. v. Virginia,
   448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) . . . . . . . . . . . . . . . . . . . . . . . .  12

Sierra Club v. U.S. Department of Interior,
   384 F. Supp. 2d 1 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Smith v. NTSB,
   981 F.2d 1326 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Society of Professional Journalists v. Secretary of Labor,
   616 F. Supp. 569 (D. Utah 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Sprewell v. Golden State Warriors,
   266 F.3d 979 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Transohio Savings Bank v. Director, Office of Thrift Supervision,
   967 F.2d 598 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 3

U.S. Department of Labor v. Kast Metal Corp.,
   744 F.2d 1145 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Williams v. Conner,
   522 F. Supp. 2d 92 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

## STATUTES AND REGULATIONS

5 U.S.C. § 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6

5 U.S.C. § 552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10

5 U.S.C. § 553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

30 U.S.C. § 932 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

33 U.S.C. § 923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

20 C.F.R. § 702.201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

20 C.F.R. § 702.344 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12, 13

20 C.F.R. § 725.464 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

## MISCELLANEOUS

Delegation of Authority and Assignment of Responsibility for DOL Enterprise
    Communications Initiative, 70 Fed. Reg. 59,200 (Oct. 11, 2005) . . . . . . . . . . . . . . .  4, 6

Delegation of Authority and Assignment of Responsibilities for Employment Standards
    Programs, 52 Fed. Reg. 48,466 (Dec. 12, 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

H.R. Rep. No. 89-1497 (1966), reprinted in 1966 U.S.C.C.A.N. at 2424 . . . . . . . . . . . . . . . .  10

Kenneth C. Davis, The Information Act: A Preliminary Analysis, 34 U. Chi. L. Rev. 761,
    797 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Management of U.S. Department of Labor Web Sites, 68 Fed. Reg. 17,866 (Apr. 11, 2003) . .  6

U.S. Department of Labor Internet Services, 65 Fed. Reg. 50,018 (Aug. 16, 2000) . . . . . . . . .  6

## INTRODUCTION

In the memorandum supporting its motion to dismiss, Defendant showed that Plaintiffs'
complaints failed to state a claim upon which relief can be granted.  In their opposition brief,
Plaintiffs misstate the scope and nature of the claimant name change, and fail to explain how the
allegations set forth in their complaints establish violations of the Administrative Procedure Act
("APA"), the Freedom of Information Act ("FOIA"), the Longshore and Harbor Workers'
Compensation Act ("LHWCA"), the Black Lung Benefits Act ("BLBA"), the First and Fifth
Amendments to the Constitution of the United States, or common law.  By changing the method
by which claimants are identified in final decisions under the LHWCA and the BLBA, the
claimant name change does not, as Plaintiffs contend, "deny public access to important agency
records."  Pls.' Opp'n 3.  Instead, the change is at most a procedural rule, limited in scope,
validly adopted by the head of the Office of Administrative Law Judges ("OALJ"), and exempt
from the APA's requirements of notice and comment.  The Department of Labor ("DOL") has
not impeded the ability of Plaintiffs or the public to access ALJ hearings or obtain final decisions
issued under the LHWCA or the BLBA, and has done nothing to impact the due process rights of
parties contesting claims for benefits.  DOL continues to publish ALJ decisions on its website,
ensuring public availability of adjudicative orders.  Since Plaintiffs have stated no claims upon
which relief can be granted, their complaints should be dismissed.

## ARGUMENT

**I.    THE APA DOES NOT AUTHORIZE JUDICIAL REVIEW OF THE CLAIMANT NAME CHANGE BECAUSE FOIA PROVIDES AN ADEQUATE METHOD FOR PLAINTIFFS TO OBTAIN THE INFORMATION THAT THEY SEEK**

Plaintiffs' complaints focus on the claimant name change, and the fact that the OALJ no longer includes the full names of claimants in certain published adjudicative decisions.  Plaintiffs contend that they are legally entitled to know the identities of the parties in OALJ proceedings even if Plaintiffs themselves are not parties to the particular proceedings.  Ultimately, what Plaintiffs seek is the identity of individual claimants.  Under FOIA, Congress has provided a means to obtain that information.  Since filing a FOIA request is an "adequate remedy" to the harms alleged by Plaintiffs, 5 U.S.C. § 704 bars judicial review of Plaintiffs' claims.[1]  See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

In their opposition brief, Plaintiffs contend that they seek more than claimants' names, in that they "seek the vindication of broad informational rights" through equitable relief not available under FOIA.  See Pls.' Opp'n 12.  Citing Transohio Savings Bank v. Director, Office of Thrift Supervision, 967 F.2d 598 (D.C. Cir. 1992), Plaintiffs claim that the "adequate remedy" bar in § 704 does not apply when a plaintiff requests relief unavailable under the alternate

---

[1] As Plaintiffs note, this Court has arguably suggested that an adequate alternate remedy is an exception to the United States' waiver of sovereign immunity.  See Pls.' Opp'n 11 n.5 (citing People for the Ethical Treatment of Animals v. U.S. Dep't of Agriculture, 2007 WL 1720136, at *7 (D.D.C. June 11, 2007)).  An alternate remedy could instead be viewed as grounds for dismissal under Rule 12(b)(6).  See, e.g., Williams v. Conner, 522 F. Supp. 2d 92, 102 (D.D.C. 2007).  In any event, the result in this case is the same: if FOIA offers Plaintiffs an adequate means to obtain the information they seek, their claims should be dismissed at this stage, either for lack of jurisdiction or for failure to state a claim.

2

statute.  Plaintiffs' attempt to circumvent § 704 is unsupported by <u>Transohio</u>.  There, the plaintiff

sought declaratory relief and specific performance of a contract, and the defendants claimed that

the plaintiff had an adequate remedy in the United States Claims Court under the Tucker Act.  <u>Id.</u>

at 608.  Since the Tucker Act "has long been construed as waiving sovereign immunity only for

claims seeking damages, and not for those seeking equitable relief (except in very limited

circumstances)," the Court found that the Claims Court was unable to provide Transohio the type

of relief it sought, and therefore did not constitute an adequate remedy for purposes of § 704.  <u>Id.</u>

Here, Plaintiffs ask the Court to require DOL to identify claimants in OALJ proceedings,

information that is available through a FOIA request.[2]

   At a minimum, even if the Court does not dismiss Plaintiffs' complaints in their entirety

on the basis of § 704, the Court should determine that FOIA offers an adequate remedy for the

harm asserted in at least some of Plaintiffs' claims.  Even if certain claims are seen as

challenging the procedures by which the claimant name change was adopted, the claims under

the Constitution and the disclosure provisions of FOIA seek no more than to vindicate purported

rights to know the identity of OALJ claimants.  That information can easily be obtained through

---

[2] Plaintiffs suggest that DOL would likely refuse to disclose claimants' identities in response to a FOIA request.  As Chief Judge Vittone made clear in announcing the claimant name change, the change affects only documents to be published on DOL's website, and "the claimant's name and the fact that the claimant has a case pending before an ALJ is a matter of public record."  Pl. NAWE's Compl., Ex. A at 1.  In any event, Plaintiffs' speculative concern does not make FOIA an inadequate remedy, given that FOIA itself allows for judicial review of contested withholdings.  <u>See</u> <u>Sierra Club v. U.S. Dep't of Interior</u>, 384 F. Supp. 2d 1, 30 (D.D.C. 2004) ("Since the FOIA specifically provides for judicial review of agency decisions to withhold documents or deny fee waivers, 5 U.S.C. §§ 552(a)(4)(A)(vii), (a)(4)(B), it contains the procedure for judicial review of the challenged agency actions here.").

a FOIA request, and those claims should be dismissed pursuant to the "adequate remedy" bar of § 704.

## II.    CHIEF JUDGE VITTONE HAS THE AUTHORITY TO ADOPT THE CLAIMANT NAME CHANGE

In disputing that Chief Judge Vittone has the authority to enact a policy regarding the OALJ's publication of decisions, Plaintiffs contend that this is a question of fact that may not be resolved in a Rule 12(b)(6) motion.  Pls.' Opp'n 24.  This argument is incorrect.  Defendant asks the Court to consider statutory provisions delegating authority to the Secretary of Labor and a Secretary's Order, published in the Federal Register, in which the Secretary delegated authority to other DOL officials.  The meaning of these legal authorities are matters that can be decided without recourse to factual issues beyond the documents themselves, and thus these issues are appropriate for resolution at this stage.  See Leonard v. District of Columbia, 794 A.2d 618, 625 (D.C. Cir. 2002) ("The construction of a statute raises a question of law."); see also Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (In an APA case, "the entire case on review is a question of law, and only a question of law," and so "there is no inherent barrier to reaching the merits at the 12(b)(6) stage."); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice . . . .").

The notion that the Chief Administrative Law Judge may only adopt policies governing the work of the OALJ if a Secretary's Order expressly says that it is delegating "rulemaking authority" is also incorrect.  Secretary's Order 2-2005 expressly "delegate[s] authority and assign[s] responsibility" for developing and administering DOL websites.  Delegation of Authority and Assignment of Responsibility for DOL Enterprise Communications Initiative, 70

4

Fed. Reg. 59,200, 59,202 ¶ 7(g) (Oct. 11, 2005) (emphasis added).  That includes whatever

authority the Secretary had, which includes the ability to decide how documents will be

formatted and appear on DOL websites.  See 5 U.S.C. § 301.  Plaintiffs provide no authority to

support their argument that a valid delegation must explicitly mention rulemaking authority.[3]  In

fact, Plaintiffs' argument is contradicted by their own discussion of the authority of the Assistant

Secretary for Employment Standards.  Plaintiffs contend that the Assistant Secretary possesses

"the authority to issue rules," citing to 20 C.F.R. § 702.201 and Secretary's Order 7-87.  See

Pls.' Opp'n 25.  Yet neither provision expressly mentions the authority to issue rules.  In fact,

Secretary's Order 7-87 provides that the Assistant Secretary "is hereby delegated authority and

assigned responsibility, except as hereinafter provided, for carrying out . . . the employment

standards policies, programs, and activities of the Department of Labor" – language remarkably

similar to that used in the Secretary's Orders delegating authority to administer DOL websites.

See Delegation of Authority and Assignment of Responsibilities for Employment Standards

Programs, 52 Fed. Reg. 48,466, 48,466 ¶ 3(a) (Dec. 12, 1987).

     Just as the Secretary delegated certain authority to the Assistant Secretary, the Secretary

has delegated her authority to administer the OALJ website, and to adopt and implement

appropriate rules and policies in furtherance of that authority, to the Chief Administrative Law

Judge.  The Secretary first delegated this authority to the Chief Administrative Law Judge in

---

[3] Plaintiffs' citation to Potomac Electrical Power Co. v. Director, OWCP, 449 U.S. 268, 101 S. Ct. 509, 66 L. Ed. 2d 446 (1980) is inapposite.  In Potomac Electrical Power Co., the Supreme Court recognized that the Benefits Review Board "is not a policymaking authority; its interpretation of the LHWCA thus is not entitled to any special deference from the courts."  Id. at 278 n.18.  Defendant does not contend that the Chief Administrative Law Judge has any authority to adopt rules regarding the interpretation of a statute, or to otherwise set substantive policy for DOL.  The authority to adopt rules of organization and procedure is entirely different.

2000, through Secretary's Order 2-2000.  <u>See</u> U.S. Department of Labor Internet Services, 65

Fed. Reg. 50,018 (Aug. 16, 2000).  That order provided that "DOL Agency Heads are delegated

authority and assigned responsibility for developing, implementing, operating, and expanding

their individual agency Internet services in accordance with DOL policy and standards."  <u>Id.</u> at

50,021 ¶ 6(f).  This order gave the Chief Administrative Law Judge the authority to adopt and

implement policies regarding publications to a website administered by the OALJ.[4]

Secretary's Order 2-2000 was subsequently revised and updated by Secretary's Order 2-

2003, <u>see</u> Management of U.S. Department of Labor Web Sites, 68 Fed. Reg. 17,866 (Apr. 11,

2003), and then by Secretary's Order 2-2005, <u>see</u> 70 Fed. Reg. at 59,200.  Secretary's Order 2-

2005 remains in force, and the delegation to DOL agency heads such as the Chief Administrative

Judge remains nearly the same as in 2000: they are "delegated authority and assigned

responsibility for developing, implementing, improving, and expanding their respective agency

enterprise communications services in accordance with this Order and DOL policy and

standards."  <u>Id.</u> at 59,200 ¶ 7(g).[5]  The enactment of procedures governing the publication of

---

[4] The OALJ is a component of the Department of Labor.  As the head of the OALJ, the Chief Administrative Law Judge is responsible for the management of the office, and is a "DOL Agency Head" for the purposes of the Secretary's Order.

[5] Plaintiffs argue that Secretary's Order 2-2005 did not affect authorities and responsibilities that the Secretary had already delegated to other officials, including the authority to administer the LHWCA and BLBA programs, which had been delegated to the Assistant Secretary for Employment Standards in Secretary's Order 7-87.  <u>See</u> Pls.' Opp'n 25-26. Plaintiffs' argument fails for two reasons.  First, the claimant name change was not adopted pursuant to authority to administer the LHWCA and BLBA programs.  It is not a substantive provision interpreting the LHWCA or the BLBA; it is a limited matter of procedure, restricted to the operation and administration of the OALJ.  5 U.S.C. § 301 allows the Secretary to manage the operations and activities of DOL, and the Secretary has given the Chief Administrative Law Judge basic responsibilities to run the OALJ through orders such as Secretary's Order 2-2005. Second, even if the Court finds some overlap between Secretary's Order 2-2005 and the

documents to the OALJ's website is a proper exercise of authority delegated to the Chief

Administrative Law Judge.

### III.    AS A PROCEDURAL RULE, THE CLAIMANT NAME CHANGE IS EXEMPT FROM NOTICE AND COMMENT

The APA exempts rules of "agency organization, procedure, or practice" from its

requirements of notice and comment rulemaking.  5 U.S.C. § 553(b)(A).  As Plaintiffs

acknowledge, the test for whether a rule is procedural is "whether the agency action also encodes

a substantive value judgment or puts a stamp of approval or disapproval on any given type of

behavior."  Am. Hosp. Ass'n v. Bowen, 834 F.2d 1037, 1047 (D.C. Cir. 1987).  The claimant

name change is a routine procedural rule with limited effect, creating a uniform practice for the

format and content of final LHWCA and BLBA decisions.  Changing the format of a party's

name in published decisions does not affect the rights of parties, and it makes no substantive

value judgment as to parties' behavior.  As Defendant explained in its opening brief, the

claimant name change does not affect the filing of a claim, the presentation of evidence, or other

aspects of the adjudicative process.  See Def.'s Mot. to Dismiss 13-17.  The change is not a

substantive rule because it does not "grant rights, impose obligations, or produce other

significant effects on private interests."  Batterton v. Marshall, 648 F.2d 694, 701-02 (D.C. Cir.

1980).

---

authority delegated to the Assistant Secretary, Plaintiffs fail to consider that Secretary's Order 2-2005 merely renews a previous delegation to the Chief Administrative Law Judge.  Even if the authority to issue policies such as the claimant name change had once been delegated to the Assistant Secretary, Secretary's Order 2-2000 re-delegated this authority when it gave the Chief Administrative Law Judge the responsibility to administer the OALJ's website, and that delegation is now embodied in Secretary's Order 2-2005.

In response, Plaintiffs contend that the claimant name change cannot be procedural because it implicates the interests of various parties, including "the privacy interests of the individual" claimant and "the public interest in knowing the identity of litigants and the details of their cases." Pls.' Opp'n 22. Plaintiffs misinterpret the "substantive value judgment" test. That a rule implicates parties' interests, or even has a minor impact on parties, does not make the rule substantive. Instead, the claimant name change could be a substantive rule if it affected parties' behavior and actually impacted the rights of parties to appear or proceed before an ALJ. A substantive rule is one that is "likely to have the intent or effect of substantially altering party behavior." U.S. Dep't of Labor v. Kast Metal Corp., 744 F.2d 1145, 1150 (5th Cir. 1984). Given that the claimant name change does not alter how ALJs adjudicate claims for longshore and black lung benefits, the rule is procedural. See JEM Broad. Co. v. FCC, 22 F.3d 320, 326-27 (D.C. Cir. 1994) (concluding that a regulation was procedural because it did not change the substantive standards by which an agency evaluated applications).

Plaintiffs are wrong to suggest that any rule affecting "informational rights" or that requires consideration or the balancing of various parties' interests is substantive. See Pls.' Opp'n 21-22. This broad argument is foreclosed by the D.C. Circuit's decision in Public Citizen v. Dep't of State, 276 F.3d 634, 641 (D.C. Cir. 2002). There, the D.C. Circuit considered a rule adopting the date of a FOIA request as the date to cut-off an agency's search for records. Id. That rule implicates the interests of parties in obtaining information from the government as much as, if not more than, the claimant name change affects informational interests. Nonetheless, that court found that the rule was procedural in nature. Id. Since the rule "applies to all FOIA requests, making no distinction between requests on the basis of subject matter," it

"encodes no substantive value judgment," and is therefore exempt from notice and comment requirements. Id. See also Fressola v. Manbeck, 1995 WL 656874, at *4 n.7 (D.D.C. Mar. 30, 1995) (the limited impact of a rule affecting the form of patent applications does not make the rule substantive, since all procedural rules have some limited impact on parties and the public).

Since the claimant name change is a narrow procedural rule that will not affect the substantive behavior of parties who appear before the OALJ in LHWCA and BLBA proceedings, the change is at most a procedural rule exempt from notice and comment proceedings.

## IV.    FOIA DOES NOT REQUIRE THE DEPARTMENT OF LABOR TO CREATE DOCUMENTS INCLUDING CLAIMANTS' FULL NAMES

Plaintiffs' substantive claims under FOIA similarly fail to state actionable claims.[6]  In addition to allowing the public to request records from the government, FOIA requires an Executive Branch agency to "make available for public inspection and copying" various records in a "reading room," including "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases."  5 U.S.C. § 552(a)(2), (A).  To facilitate access to such documents, FOIA requires agencies to make the documents available on their websites.  Id. § 552(a)(2).  DOL continues to fulfill this obligation by publishing final decisions in OALJ proceedings, including cases under the LHWCA and the BLBA, on the OALJ's website.

---

[6] Plaintiffs contend that the claimant name change violates FOIA and that "[i]t is not clear that Defendant's Rule 12 Motion addresses this point."  Pls.' Opp'n 23.  Defendant's opening brief addresses the allegation of a substantive violation of FOIA at pages 23 to 25, under the heading "The OALJ continues to publish its decisions on the Internet, fulfilling DOL's obligations under the Freedom of Information Act."

Plaintiffs now contend that the claimant name change is inconsistent with 5 U.S.C. § 552(a)(2), which provides in part that:

> To the extent required to prevent a clearly unwarranted invasion of personal privacy, an agency may delete identifying details when it makes available or publishes an opinion. . . .   However, in each case the justification for the deletion shall be explained fully in writing.

Id. The plain language of the section shows its inapplicability to this case.  The section does not control how an agency creates its documents, but rather provides a mechanism by which an agency may redact unnecessary information in pre-existing documents, the disclosure of which would not serve the purposes of the FOIA's "reading room" provision.  As appropriate, an agency "may delete identifying details" from a document that it then makes available to the public on its website.  Id. (emphasis added).  DOL and the OALJ do not delete any information from ALJ decisions or other documents.  Instead, under the claimant name change, decisions are created using only the first and last initials of the claimants.  The documents published to DOL's website are not amended or incomplete in any way; they are the final decisional documents, as signed by the ALJ and as required to be published by FOIA.

DOL's approach is justified by and consistent with the purpose of including final adjudicative opinions in FOIA's "reading room" provisions, as Defendant argued in its motion to dismiss.  See Def.'s Mot. to Dismiss 24.  FOIA's guarantee of routine access to final agency decisions "represents a strong congressional aversion to 'secret (agency) law' and represents an affirmative congressional purpose to require disclosure of documents which have 'the force and effect of law.'" NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 153, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975) (quoting Kenneth C. Davis, The Information Act: A Preliminary Analysis, 34 U. Chi. L. Rev. 761, 797 (1967), and H.R. Rep. No. 89-1497, at 7 (1966), reprinted in 1966

10

U.S.C.C.A.N. at 2424).  The purpose of the provision "is obviously to give the public notice of

what the law is so that each individual can act accordingly."  <u>Smith v. NTSB</u>, 981 F.2d 1326,

1328 (D.C. Cir. 1993).  As Defendant has argued, and Plaintiffs do not dispute, the claimant

name change has no impact on the legal reasoning or analysis of ALJs.  By merely changing the

formatting of a claimant's name, the claimant name change still ensures that decisions issued

under the LHWCA and the BLBA contain complete reasoning.  The applicable law is not secret,

as parties will still be able to read the relevant facts of a case and see how the ALJ adjudicated

the parties' claims.  The continued publication of these decisions fulfills DOL's FOIA

obligations, both in spirt and letter, and Plaintiffs' claim to the contrary should be dismissed.

## V.     CHANGING THE CAPTIONING OF OALJ DECISIONS DOES NOT VIOLATE THE CONSTITUTION OR COMMON LAW

Plaintiffs' complaints allege that the claimant name change violates common law and the

First and Fifth Amendments to the Constitution of the United States.  Pl. NAWE's Compl.,

Count 3, ¶ 35; Pl.-Intervenors' Compl., Count III, ¶ 39.  Defendant moved to dismiss each count,

addressing each argument in turn.  <u>See</u> Def.'s Mot. to Dismiss 26-31.  In response, Plaintiffs

exaggerate the impact of the claimant name change in an attempt to salvage a claim to a

"constitutional right of access to BLBA and LHWCA proceedings."  Pls.' Opp'n 14.  It is telling

that Plaintiffs do not identify the precise constitutional or common law rights at issue here, for a

party's rights under common law and the First and Fifth Amendments simply do not require the

OALJ to include the full names of claimants in published decisions.

For several pages, Plaintiffs argue that "trials must be open to the public," and cite cases

requiring administrative agencies to open their hearings to the public and the press.  <u>See</u> <u>id.</u> at

14-15.  The authorities cited by Plaintiffs do not call into question the claimant name change.[7]

As is abundantly clear from Defendant's opening brief, the claimant name change does not affect

DOL's longstanding policy on open hearings.  As Chief Judge Vittone's announcement of the

claimant name change states, "except for documents to be posted on a DOL web site, the hearing

process will not change."  Pl. NAWE's Compl., Ex. A at 1.  Statutes and regulations require ALJ

hearings pursuant to the LHWCA and the BLBA to be open to the public.  See 33 U.S.C. §

923(b); 30 U.S.C. § 932(a); 20 C.F.R. §§ 702.344, 725.464.  While Plaintiffs contend that "[t]he

---

[7] The cases relied on by Plaintiffs find at most a requirement that agencies allow the
public and the press to attend certain proceedings.  See Richmond Newspapers, Inc. v. Virginia,
448 U.S. 555, 580, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (plurality opinion) (finding that the
First Amendment protects the public's right to attend criminal trials); Detroit Free Press v.
Ashcroft, 195 F. Supp. 2d 937 (E.D. Mich. 2002) (finding that the First Amendment precludes
the government from closing immigration removal proceedings to the press and the public);
Soc'y of Prof. Journalists v. Sec'y of Labor, 616 F. Supp. 569 (D. Utah 1985) (requiring access
for the public and the press to investigative hearings into a mine safety incident).  Cf. Ctr. for
Nat'l Sec. Studies v. Dep't of Justice, 331 F.3d 918, 934 (D.C. Cir. 2003) ("Neither the Supreme
Court nor this Court has applied the Richmond Newspapers test outside the context of criminal
judicial proceedings or the transcripts of such proceedings.").

Plaintiffs also cite FCC v. Schreiber, 381 U.S. 279, 293, 85 S. Ct. 1459, 14 L. Ed. 2d 383
(1965), which merely upheld the FCC's own decision to open its investigative hearings to the
public.  In doing so, the Supreme Court recognized the "established principle that administrative
agencies 'should be free to fashion their own rules of procedure.'"  Id. at 290 (quoting FCC v.
Potsville Broad. Co., 309 U.S. 134, 143, 60 S. Ct. 437, 84 L. Ed. 656 (1940)).  The Court
explained that it is not a court's role to impose its "conception of how the public and private
interests could best be served."  Id. at 291.  The agency's power "may not be exercised
arbitrarily, but its exercise may not be impeached merely because reasonabl[e] minds might
differ on the wisdom thereof."  Id. at 292.  Of course, recognizing an agency's discretion to open
its hearings to the public is not the same as finding a requirement that it do so, let alone a
constitutional requirement regarding the publication of a resulting decision.

Plaintiff's remaining citation here is far off the mark.  In Fitzgerald v. Hampton, 467 F.2d
755 (D.C. Cir. 1983), the issue before the court was whether a terminated federal employee was
statutorily entitled to a hearing and, if so, what procedures were required at that hearing.  Of
course, the claimant name change raises no concerns about Plaintiffs' rights to a hearing when
they contest benefits claims, or the procedures applied by ALJs at such hearings.

right of access extends . . . to the judge's decision or the disposition of a case following an appeal," Pls.' Opp'n 18-19, it is undisputed that the OALJ continues to publish the decisions issued in LHWCA and BLBA cases, and that the decisions continue to include comprehensive legal analysis.

Similarly, Plaintiffs misrepresent the impact of the claimant name change when they argue that the rule is contrary to a requirement for "public access to the administrative record" of a hearing.  See id. at 16 (citing Graber Mfg. Co. v. Dixon, 223 F. Supp. 1020 (D.D.C. 1963)).  In Graber Manufacturing Co., the issue before the court was whether to allow a party to submit evidence in camera.  223 F. Supp. at 1022.  The court required the party to justify the need for evidence to be submitted confidentially, finding that the ability of future parties to prepare their own cases depended on "free access to the record."  Id.  Again, the claimant name change does not allow evidence to be submitted confidentially, and it does nothing to impede access to the administrative record in a case.  As stated in the announcement of the change, "except for documents to be posted on a DOL web site, the hearing process will not change."  Pl. NAWE's Compl., Ex. A at 1.  By regulation, ALJs compile a complete record, including all evidence considered.  See 20 C.F.R. §§ 702.344 (In LHWCA hearings, "[a]ll evidence upon which the administrative law judge relies for his final decision shall be contained in the transcript of testimony either directly or by appropriate reference.  All medical reports, exhibits, and any other pertinent document or record, in whole or in material part, shall be incorporated into the record either by reference or as an appendix."), 725.464 (similar provision for BLBA hearings).  In no way does the claimant name change create a means by which confidential evidence can be considered and kept from the public.

13

Plaintiffs' citation to <u>Graber Manufacturing Co.</u> is indicative of their general misconception of the impact of the claimant name change, which they suggest allows for "anonymous litigation." Claimants in LHWCA or BLBA proceedings do not proceed anonymously. Their full names are included in all documents filed with the OALJ by the parties, and in all interim decisions and orders. The respondent to a claim has full knowledge of the claimant's identity and the same ability to defend its position before an ALJ . The hearing is open to the public, and "the claimant's name and the fact that the claimant has a case pending before the ALJ is a matter of public record." Pl. NAWE's Compl., Ex. A at 1. The effects of the claimant name change are restricted to the publication of the final decision in the case. At no point is anyone barred from disclosing the identity of a party. <u>Cf</u>. <u>Doe v. Stegall</u>, 653 F.2d 180, 185-86 (5th Cir. 1981) (granting plaintiff's request to proceed anonymously and barring public disclosure of plaintiff's identity). The claimant name change is not an assurance of confidentiality, but rather the end of the unnecessary mass publication of claimants' personal information.

Plaintiffs try to create the impression that the Department of Labor has barred the public and the press from all administrative hearings, allowed claimants to proceed anonymously against their employers, and refused to publish adjudicative decisions. Of course, the claimant name change is much more limited in scope. The claimant name change does not affect the hearing process or the substantive standards of LHWCA and BLBA adjudication. Plaintiffs' hyperbole greatly exceeds the actual impact of the policy, and their constitutional and common law claims should be dismissed.

14

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons stated in Defendant's opening

memorandum, Defendant's motion to dismiss should be granted.[8]

Dated: May 19, 2008.                          Respectfully submitted,

                                              GREGORY G. KATSAS
                                              Acting Assistant Attorney General

                                              JEFFREY A. TAYLOR
                                              United States Attorney

                                              RICHARD G. LEPLEY
                                              Assistant Branch Director

                                               */s/ Scott Risner*                          
                                              SCOTT RISNER
                                              Trial Attorney
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Ave., N.W.
                                              Washington, D.C. 20530
                                              Tel: (202) 514-2395
                                              Fax: (202) 616-8470

                                              Attorneys for Defendant

---

[8] Defendant also moved to dismiss Plaintiffs' procedural and substantive claims arising under the LHWCA and the BLBA.  <u>See</u> Def.'s Mot. to Dismiss 21, 25; Pl. NAWE's Compl. Count 1, ¶ 33; <u>id.</u>, Count 3, ¶ 35; Pl.-Intervenors' Compl., Count I, ¶ 34; <u>id.</u>, Count II, ¶ 37.  In their opposition brief, Plaintiffs do not respond to these arguments, and these claims should also be dismissed.

15