**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| OLD REPUBLIC INSURANCE COMPANY and ASSOCIATION OF BITUMINOUS CONTRACTORS, INC., | ) ) ) ) ) |
| Plaintiff-Intervenors, | ) ) |
| v. | )   Civil Action No. 07-2250 (RMC) ) |
| ELAINE L. CHAO, in her official capacity as the Secretary of Labor, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF THE ADMINISTRATIVE RECORD**

## INTRODUCTION

Defendant Elaine L. Chao hereby opposes Plaintiff National Association of Waterfront Employers and Plaintiff-Intervenors Old Republic Insurance Company and Association of Bituminous Contractors, Inc.'s (collectively "Plaintiffs") Motion to Compel Production of the Administrative Record. The threshold issues raised in Defendant's pending motion to dismiss should be addressed and resolved before requiring filing of the administrative record and entertaining the summary judgment briefing proposed by Plaintiffs. Further, Plaintiffs' contention that they need the administrative record in order to respond to certain statements in Defendant's pending motion does not withstand scrutiny. Plaintiffs originally demanded the

administrative record before responding to Defendant's motion, then subsequently withdrew their request and filed their memorandum in opposition to the motion. It is implausible that Plaintiffs urgently need the administrative record in order to refute statements in a motion that is now fully briefed. In the event the Court denies Defendant's pending motion, in whole or in part, the filing of an administrative record can be accomplished promptly and preparation and submission of motions for summary judgment will not be delayed.

### **BACKGROUND**

1.      On March 25, 2008, Defendant filed its Motion to Dismiss, in which it asked the Court to dismiss Plaintiffs' complaints for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Docket No. 10.

2.      On April 22, 2008, Plaintiffs filed their first Motion to Compel Production of the Administrative Record. Docket No. 12. Therein, Plaintiffs quoted what they considered "factual allegations" in Defendant's pending motion to dismiss, and indicated that they disputed Defendant's jurisdictional argument. Id. at 1-2. Plaintiffs asked the Court to require production of the administrative record "on which Defendant appears to rely." Id. at 2.

3.      Having failed to confer with Defendant, as required by Local Rule 7(m), Plaintiffs withdrew their motion to compel on April 23, 2008. Docket No. 13.

4.      On April 24, 2008, Mark E. Solomons, Laura Metcoff Klaus, and Precious Murchison, counsel for Plaintiff-Intervenor Old Republic Insurance Company, contacted undersigned counsel to request that Defendant produce the administrative record. Plaintiffs' counsel indicated their intention to simultaneously file their opposition to the motion to dismiss and a motion for summary judgment.

5.      On April 28, 2008, undersigned counsel informed Mr. Solomons that Defendant agreed to produce the record, given Plaintiffs' contention that the record was needed to respond to the pending motion to dismiss.  Undersigned counsel subsequently informed Mr. Solomons that Defendant would produce the record no later than May 21, 2008, and indicated that Defendant would not oppose Plaintiffs' request for an additional extension of its deadline to respond to the pending motion to dismiss.

6.      On May 8, 2008, Plaintiffs filed their memorandum in opposition to Defendant's motion to dismiss.  Docket No. 14.  At no point in the memorandum do Plaintiffs discuss the administrative record, nor do they seek to rely on facts not already before the Court.

7.      Shortly after Plaintiffs' filing, Ms. Murchison indicated that Plaintiffs had determined that the record was not necessary for Plaintiffs' opposition brief, but that they would desire the record in order to file a motion for summary judgment.  Given Defendant's position that summary judgment briefing is premature due to the pending dispositive motion, Defendant agreed to promptly produce the record in the event the Court denied the pending motion in whole or in part.

8.      On May 13, 2008, Plaintiffs filed the instant motion to compel.

## ARGUMENT

The Court has inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  Furthermore, "a trial court has inherent power to control the sequence in which it hears matters on its calendar."  United States v. W. Elec. Co., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995).  Following these basic principles, courts routinely defer discovery when a

3

dispositive motion has been filed that may dispose of the claim or action.  It is well-recognized that "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. District of Columbia Financial Responsibility and Management Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting Coastal States Gas Corp. v. Dep't of Energy, 84 F.R.D. 278, 282 (D. Del. 1979)).  Defendant respectfully requests that the Court prevent the unnecessary waste of the limited resources of the Court and the parties by not requiring production of the administrative record or briefing on summary judgment motions until the Court rules on Defendant's pending dispositive motion.

If granted, Defendant's motion to dismiss would dispose of all of Plaintiffs' claims, and Plaintiffs' opposition memorandum shows that they did not need the administrative record to respond to that motion.  The motion raises important jurisdictional and threshold questions regarding the allegations set forth in the complaints.  Defendant's motion puts no factual matters at issue and does not ask the Court to go beyond the complaints and the parties' briefing.  The Court's resolution of the motion could result in dismissal of the entire case, which, of course, would obviate the need to compile and produce the administrative record or to submit further briefing.  In fact, a decision in Defendant's favor on any of the threshold issues set forth in the motion will narrow the issues to be resolved in cross-motions for summary judgment.  In light of this posture, it is premature to require Defendant to produce an administrative record and to engage in summary judgment briefing.

In their motion to compel, Plaintiffs quote several statements from Defendant's motion and contend that they are disputed factual allegations.  But the notion that Plaintiffs now need

the administrative record in order to refute statements in Defendant's motion to dismiss is belied by Plaintiffs' own response to the motion.  In any event, the factual issues identified by Plaintiffs are not material and merely provide context to the Department of Labor's adoption of the claimant name change.  The Court's resolution of the motion to dismiss does not require it to resolve these issues.

Defendant agrees that production of the record is appropriate for a merits review under the Administrative Procedure Act, but Plaintiffs offer no basis for needing the record at the current stage of the proceedings.  Defendant proposes that the record be produced, and motions for summary judgment be filed, only if necessary following disposition of the pending motion to dismiss.  Such a result avoids wasting the time and resources necessary for assembling and filing the record, and preparing and responding to newly filed cross-motions for summary judgment, in the event Plaintiffs' complaints are dismissed in whole or in part.  It also allows the Court to resolve the threshold issues based on Plaintiffs' complaints without being forced to simultaneously consider the merits of comprehensive summary judgment briefing.

## CONCLUSION

In light of the present posture of this litigation, there is no reason to require immediate filing of the administrative record.  Plaintiffs' Motion to Compel Production of the Administrative Record should be denied.

Dated: May 27, 2008.                    Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Acting Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                        United States Attorney

RICHARD G. LEPLEY
Assistant Branch Director

 */s/ Scott Risner*
SCOTT RISNER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-2395
Fax: (202) 616-8470

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| OLD REPUBLIC INSURANCE COMPANY and ASSOCIATION OF BITUMINOUS CONTRACTORS, INC., | ) ) ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| v. | ) ) | Civil Action No. 07-2250 (RMC) |
| ELAINE L. CHAO, in her official capacity as the Secretary of Labor, | ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF THE ADMINISTRATIVE RECORD**

Upon consideration of Plaintiffs' Motion to Compel Production of the Administrative

Record, it is hereby

ORDERED that Plaintiffs' Motion to Compel Production of the Administrative Record is

DENIED.

_____
ROSEMARY M. COLLYER
United States District Judge