UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS<br><br>Plaintiff,<br><br>and<br><br>OLD REPUBLIC INSURANCE CO. and ASSOCIATION OF BITUMINOUS CONTRACTORS, INC.<br><br>Intervenor Plaintiffs,<br><br>v.<br><br>ELAINE L. CHAO, in her official capacity as the Secretary of Labor United States Department of Labor<br><br>Defendant. | Case: 1:07-CV-2250 (RMC) |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD

The Plaintiff and Intervenor Plaintiffs ("Plaintiffs"), by and through their counsel, respectfully submit their Reply in Support of Plaintiffs' Motion to Compel Production of the Administrative Record. In support of this Reply, the Plaintiffs rely on the following Memorandum of Points and Authorities and such other points and authorities as may be cited at a hearing if any on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFFS' REPLY

1.    The Court should require Defendant to produce the record on which it relies to support its Motion to Dismiss. See Paley v. Estate of Ogus, 20 F.Supp.2d 83, 89-91 (D.D.C. 1998 ("a motion to dismiss relying on an unsupported factual assertion 'is procedurally deficient and [ ] denial of the motion is warranted solely for that reason'") (quoting Brand v. Westall, 1995 WL 235579 at 2 (D.D.C. 1995)); see al so Bev erly Enterprises, Inc. v. Herman, 130 F.Supp.2d 1 (D.D.C. 2000) (judicial review limited to the administrative record); IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.D.C. 1997) (judicial review of agency action based on materials before agency at the time its decision was made).  Without providing record support, Defendant makes numerous factual allegations that go beyond "merely provid[ing] context to the Department of Labor's adoption of the claimant name change." Def. Mot. to Dismiss 1.    The factual allegations on which Defendant relies are material and in dispute.    Specifically, Defendant claims to have received multiple comments related to its decision to adopt the Anonymous Claimant Rule. See Def. Mot. to Dismiss at 1. Defendant claims that the LHWCA and BLBA decisions usually contain detailed information about the claimant's physical condition, medical history and other personal information.  Id. at 4. Defendant also claims that the DOL has found that publication of the LHWCA and BLBA cases have led to public exposure of claimants' personal information. Id. at 12. Defendant further claims that the Rule does not affect the ability of the Plaintiffs to timely present their evidence and arguments, access public information, research the applicable law, identify applicable precedent, respond to arguments asserted by adversaries and research the claims history of individual claimants. Id. at 27-28. Defendant's Motion to Dismiss is based on these and other factual allegations and without the administrative record, Defendant is unable to demonstrate that these factual allegations have

merit. Accordingly, the Court should order Defendant to immediately produce the administrative record on which it relies.

2.    That the Plaintiffs have filed their Opposition to Defendant's Motion to Dismiss does not obviate Defendant's obligation to immediately produce record support for the factual allegations contained in Defendant's Motion to Dismiss.    See generally Cooper v. First Government Mortg. & Investors Corp., 206 F.Supp.2d 33, 35-36 (D.D.C. 2002) (when deciding motion to dismiss court may disregard defendant's unsupported factual allegations).    Nor was defense counsel's agreement to produce the administrative record no later than May 21, 2008 conditioned upon any requirement that the Plaintiffs delay filing their Opposition until some time after May 21, 2008.    It is appropriate for the Court to order Defendant to produce the administrative record now because Defendant relies on it in support of her Motion to Dismiss and it is a matter of public record which the Court may consider in deciding the Motion to Dismiss. See Maniaci v. Georgetown University, 510 F.Supp.2d 50 (D.D.C. 2007) (court limited to facts in complaint, documents attached thereto and incorporated therein, matters of which the court may take judicial notice and *matters of public record*) (emphasis added).

3.    The Plaintiffs agree that the Court has inherent authority to control and manage its docket. See U.S. v. Western Elec. Co., Inc., 46 F.3d 1198 (D.D.C. 1995) ("a trial court has inherent power to control the sequence in which it hears matters on its calendar and to decide whether to consolidate the proceedings on motions") (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Accordingly, the Court may consider outstanding motions together should it choose to do so. Although the Plaintiffs recognize that the Court need not consider outstanding motions together, the Plaintiffs respectfully submit that doing so would allow the Court to resolve issues in a timely and efficient manner, preserve judicial resources and achieve judicial economy.    To

that end, the Plaintiffs intend to file their motion for summary judgment after Defendant produces the administrative record and the Plaintiffs will request that the Court consider Defendant's Motion to Dismiss and the Plaintiffs' Motion for Summary Judgment together.

WHEREFORE, for the reasons stated above, the Plaintiffs respectfully request that the Court compel Defendant to immediately produce the administrative record relating to this matter with a privilege log if appropriate.

Respectfully submitted this 29th day of May, 2008.

_____/s/_____
Mark E. Solomons
D.C. Bar No. 344440
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Telephone:    (202) 331-3100
Facsimile:    (202) 331-3101
email:  solomonsm@gtlaw.com

_____/s/_____
Laura Metcoff Klaus
D.C. Bar No.  294272
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 533-2362
Facsimile:    (202) 261-0137
Email:  klausl@gtlaw.com

Attorneys for Old Republic Insurance Co.

_____/s/_____
Mary Lou Smith
D.C. Bar No. 389507
Howe, Anderson & Steyer, P.C.
815 Connecticut Avenue, N.W. #620

Washington, D.C. 20006
Telephone:    (202) 296-5680
Facsimile:    (202) 331-8049
Email:  mlsmith@haspc.com

Attorney for Association of Bituminous Contractors, Inc.

_____/s/_____
Francis Edwin Froelich
D.C. Bar No. 418399
CARROLL & FROELICH, PLLC
919 18th Street, N.W., Suite 901
Washington, D.C. 20006
Telephone:    (202) 587-4802
Facsimile:    (202) 587-4888
Email:  win@cflaw.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| OLD REPUBLIC INSURANCE CO. and ASSOCIATION OF BITUMINOUS CONTRACTORS, INC. | ) ) ) ) | |
| Intervenor Plaintiffs, | ) ) | |
| v. | ) ) | Case: 1:07-CV-2250 (RMC) |
| ELAINE L. CHAO, in her official capacity as the Secretary of Labor United States Department of Labor | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Upon consideration of Plaintiffs' Motion to Compel Production of the Administrative Record, Defendant's Opposition thereto, Plaintiffs' Reply and upon consideration of the entire record and for the reasons stated in Plaintiffs' Motion and Reply, it is hereby,

**ORDERED**, that the Motion be, and it hereby is, **GRANTED**; and it is further

**ORDERED**, that Defendant shall produce the administrative record relating to

the Anonymous Claimant Rule with a privilege log, if appropriate, no later than

_____, 2008. **SO ORDERED**.

Date: _____

_____
Rosemary M. Collyer
United States District Judge