## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| OLD REPUBLIC INSURANCE COMPANY and BITUMINOUS CONTRACTORS, INC., | ) ) ) ) | |
| Intervenors, | ) ) | |
| v. | ) ) | Civil Action No. 07-2250 (RMC) |
| ELAINE L. CHAO, Secretary of Labor, | ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION

National Association of Waterfront Employers ("NAWE") together with intervening plaintiffs challenge the Department of Labor's adoption of the Anonymous Claimant Rule in cases involving claims under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. §§ 901-950, and the Black Lung Benefits Act ("Black Lung Act"), 30 U.S.C. §§ 901-944. This Rule provides that decisions and orders by administrative law judges will display the claimants' initials only, not their full names. Plaintiffs contend that the Rule is arbitrary and capricious and that it violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Longshore Act, the Black Lung Act, common law, and the First and Fifth Amendments to the U.S. Constitution. The Secretary moves to dismiss. As explained below, the motion to dismiss will be granted in part and denied in part.

# I.  FACTS

The Longshore Act and the Black Lung Act establish workers' compensation programs to pay benefits to certain maritime workers and coal mine employees, respectively.  The Black Lung Act generally incorporates the adjudicative procedures of the Longshore Act.  *See* 30 U.S.C. § 932(a) (incorporating 33 U.S.C. §§ 919 & 921, except as otherwise provided).  Under these Acts, if a worker's claim for benefits is contested by his employer or by the employer's insurer, upon request of any party the matter is referred to the Office of the Chief Administrative Law Judge of the Department of Labor for a hearing by an administrative law judge ("ALJ").  *See* 33 U.S.C. § 919(d); 20 C.F.R. §§ 702.331, 725.451, & 725.452.  After a hearing, the ALJ issues a decision and order awarding benefits or rejecting the worker's claim.[1]

The Chief Administrative Law Judge of the Department of Labor declared by memorandum that as of August 1, 2006, decisions by ALJs involving the Longshore Act and the Black Lung Act would no longer display the claimant's full name in the caption and text.  Compl., Ex. A (Mem. dated July 3, 2006).  Instead, claimants would be identified by their first and last initials, and a cover memorandum with the claimant's full name would be sent only to the parties. *Id*.  This rule is referred to as the Anonymous Claimant Rule.

The Anonymous Claimant Rule was adopted because the Department "has received a number of comments from past claimants and members of Congress raising concerns that the publication of [ALJ] decisions has resulted in the embarrassing public disclosure of the medical history and other intimate details of the claimants and their family members." Def.'s Mem. in Supp.

---

[1] The ALJ's decision is reviewable by the Benefits Review Board and those decisions are subject to review in the federal circuit courts of appeal.   *See* 33 U.S.C. § 921.

of Mot. to Dismiss at 1.  The Chief ALJ's memorandum instituting the new Rule explained further:

> The 1996 e-FOIA amendments required agencies to publish adjudicatory decisions on the Internet.[2]  A consequence of that law is that commercial Internet search engines negated any "practical obscurity" that was previously true of agency decisions relating to the [Black Lung Act] and the [Longshore Act].  Thus, to limit a claimant's exposure on the Internet, the Department of Labor has decided that it will avoid referring directly to the claimant's name in decisions and other orders that are required to be posted on the DOL web site on or after August 1, 2006.

*Id*.  Even though the claimant name is concealed on the Internet, the name of the claimant is not considered secret, since hearings under the Black Lung Act and the Longshore Act are open to the public, *see* 30 U.S.C. § 932(a); 33 U.S.C. § 923(b); 20 C.F.R. §§ 702.344 & 725.464, and parties to the administrative proceeding have notice of the claimant's full name.

The rule change was issued as a rule of agency procedure, without notice and comment under 5 U.S.C. § 553(b)(3)(A).  The Secretary of Labor did not publish the Rule as proposed in the Federal Register, did not put a proposed rule out for public comment, and did not publish it as a final rule.

A preexisting rule that applied to claims under the Black Lung Act provided that ALJ decisions "shall contain . . . the names of the parties."  20 C.F.R. § 725.477(b).[3]  After the adoption of the Anonymous Claimant Rule, this regulation was replaced with one that did not require ALJ

---

[2] *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. 104-231, 110 Stat. 3028, codified in various sections of 5 U.S.C. § 552, including § 552(a)(2).  Final decisions by ALJs in Longshore Act and Black Lung Act cases are published on the Internet at http://www.oalj.dol.gov.

[3] Regulations that govern the filing and adjudication of claims for benefits are found at 20 C.F.R. §§ 702.301 - 702.394 (Longshore Act claims) and 20 C.F.R. §§ 725.301 - 725.483 (Black Lung Act claims).  The regulations promulgated under the Longshore Act were and are silent on the issue of claimant names.

decisions to contain party names.  *See* 72 Fed. Reg. 4204-05 (Jan. 30, 2007); 20 C.F.R. § 725.477(b).

The new regulation was published in the Federal Register as a final rule without opportunity for

notice and comment because the Rule allegedly pertained "solely to the Department's formatting of

decisions and orders."  72 Fed. Reg. 4204-05 (Jan. 30, 2007).

   NAWE represents stevedoring companies and marine terminal operators on issues

under the Longshore Act and on other federal issues.  NAWE also publishes a monthly newsletter.

NAWE brought a three count complaint against the Secretary of Labor, alleging that (1) the adoption

of the Anonymous Claimant Rule violates the procedural requirements of the Longshore Act and the

Administrative Procedure Act; (2) the Rule is arbitrary and capricious because the Chief ALJ

adopted the Rule without the authority to do so; and (3) the Rule violates the Longshore Act, the

APA, the common law, and the First and Fifth Amendments to the U.S. Constitution.

   Old Republic Insurance Company and the Association of Bituminous Contractors,

Inc., intervened as additional plaintiffs.  Old Republic Insurance Company is a workers'

compensation and employer liability insurer, insuring liabilities under the Black Lung Act.  It also

acts as claims administrator for self-insured coal mine operators.  Association of Bituminous

Contractors, Inc., is an employer association whose members are contractors who perform

construction work for coal companies.  Such construction companies are potentially liable under the

Black Lung Act to employees whose work involves exposure to coal dust and who become disabled

as a result.  The intervenors' complaint adds allegations that the Anonymous Claimant Rule violates

the Black Lung Act and FOIA.  NAWE and the intervenors are collectively referred to here as

Plaintiffs.

   Plaintiffs seek a declaratory judgment that the Anonymous Claimant Rule violates

the law, and they seek an injunction requiring the Secretary to withdraw the Rule, prohibiting the Secretary from adopting a new rule unless the Secretary uses formal rulemaking procedures, and prohibiting the Secretary from adopting a new rule requiring concealment of claimant names except when anonymity is based on individual special circumstances.  The Secretary moves to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

## II.  LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement.  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted). The facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965

On a motion to dismiss, a court must treat the complaint's factual allegations as true, "even if doubtful in fact," *Twombly,* 127 S. Ct. at 1965, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). In deciding a 12(b)(1) motion for lack of subject matter jurisdiction, however, the Court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III. ANALYSIS

Plaintiffs brought their claims under the APA, which waives the sovereign immunity of the United States and permits a court to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2). Plaintiffs contend that the Anonymous Claimant Rule is "not in accordance with the law" because it violates the First and Fifth Amendments to the U.S. Constitution, the APA, FOIA, the Longshore Act, the Black Lung Act.

### A.  FOIA is Not an Available Remedy

The Secretary argues that FOIA provides an adequate remedy in this case because FOIA allows a party to file a request with the Department of Labor for records involving a particular individual, and this right is enforceable in federal court.  *Id.* § 552(a)(3) & (4)(B).  The APA only provides review of final agency action when there is no other alternative remedy.  5 U.S.C. § 704. In other words, where Congress has provided an adequate procedure to obtain judicial review, that statutory procedure is the exclusive means of obtaining review.  *First Nat. Bank of Scotia v. United States*, 530 F. Supp. 162, 167 (D.D.C. 1982).  Thus, an APA claim is precluded where an adequate remedy under FOIA is available.  *Sierra Club v. Dep't of Interior*, 384 F. Supp. 2d 1, 30 (D.D.C. 2004).

FOIA is not an available remedy for Plaintiffs' Complaint.  Plaintiffs seek vindication of their First Amendment and common law rights to access administrative proceedings through equitable relief.  *See Transohio Savings Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 608 (D.C. Cir. 1992) (the Tucker Act did not provide an adequate alternative remedy because the plaintiff sought declaratory relief and specific performance of a contract and the Tucker Act permits only money damages).  Plaintiffs also seek to enforce their right to notice and comment rule making under the APA, and they challenge the authority of the Chief ALJ to institute a substantive rule via a memorandum.  FOIA does not address these claims at all.  Thus, FOIA does not provide a basis for dismissal under Rule 12(b)(1) or 12(b)(6).[4]

---

[4] The existence of an alternate remedy could require dismissal under Rule 12(b)(6) for failure to state a claim, *see Williams v. Conner*, 522 F. Supp. 2d 92, 107 (D.D.C. 2007), or under 12(b)(1) for lack of jurisdiction, if the alternate remedy is viewed as an exception to the waiver of sovereign immunity.  *See People for the Ethical Treatment of Animals v. Dep't of Agric.*, 2007 WL 1720136, at *7 (D.D.C. June 11, 2007).

### B.  First Amendment Right of Public Access

Under the First Amendment, there is a right of public access to criminal trials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 589-93 (1980).  Courts have found a legitimate public interest in access to civil trials as well.  *See Application of A.H. Belo Corp. (U.S. v. Cisneros)*, 66 F. Supp. 2d 47, 49 (D.D.C. 1999) ("Under the First Amendment, the media and the public are guaranteed a right of access to public hearings and to inspect certain documents subject to a two-part test.  First, access must have been historically available. Second, access must serve an important function of monitoring prosecutorial or judicial misconduct." (internal quotation marks and citations omitted)).[5]

Where there are legitimate interests in competition with the right of access to civil cases, courts balance those interests.  *Phoenix Newspapers, Inc. v. U.S. District Court*, 156 F.3d 940, 949 (9th Cir. 1998).  The presumption of public access is overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (quoting *Press-Enterprise Co. v. Superior Court*,  478 U.S. 1, 9 (1986)); *see, e.g.*, *Ospina v. Trans World Airlines, Inc.*, 975 F.2d 35 (2d Cir. 1992) (the right of public access may be limited to protect physical safety; thus, the court sealed portions of a trial and exhibits that revealed sensitive antiterrorist airline security information).

Like the right of public access in civil cases, public policy favors public access to administrative proceedings.  *See, e.g., FCC v. Schreiber*, 381 U.S. 279, 293 (1965) (FCC did not abuse its discretion by requiring an open hearing in an investigative proceeding); *Fitzgerald v.*

---

[5] The right of public access in civil cases is embodied in the Rules of Civil Procedure. *See* Fed. R. Civ. P. 77(b) ("All trials upon the merits shall be conducted in open court and so far as convenient in a regular court room.").

*Hampton*, 467 F.2d 755, 764 (D.C. Cir. 1972) (finding a due process right of public access to a Civil Service Commission employee removal hearing).  "[W]hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedure which have traditionally been associated with the judicial process." *Id*. at 765.  "In administrative hearings, the rule of the 'open' forum is prevailing — if not by statutory mandate, then by regulation or practice."  *Id*. at 764.

The public policy favoring open forums also favors public access to both court and administrative records.  *Phoenix Newspapers*, 156 F.3d at 946 ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records") (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978)); *Graber Mfg. Co. v. Dixon*, 223 F. Supp. 1020, 1222 (D.D.C. 1963) (generally, there is a right of access to administrative records).[6]  In *Graber*, the court emphasized that due to the public interest in open administrative proceedings, the plaintiff bore the burden to show that certain documents should be received *in camera*.  *Id*.  "[W]ithout free access to the record, future respondents would find it difficult to prepare a defense, and attorneys would not be able adequately to advise clients." *Id*.  Only if a plaintiff could show serious injury to its business should it be permitted to submit documents *in camera*.  *Id*.

Disclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings.  *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).[7]  Even so,

---

[6] The common law also provides the media a limited right of access to judicial records. *Application of A.H. Belo*, 66 F. Supp. 2d at 48.

[7] *See* Fed. R. Civ. P. 10(a) (requiring that complaints in federal district court state the names of the parties).

it is within the discretion of the district court to grant the "rare dispensation" of anonymity. *U.S. v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). When a party raises a privacy interest, a court must balance that interest against the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981); *accord Yacovelli v. Moeser*, No. 02-596, 2004 WL 1144183, at *6 (M.D.N.C. May 20, 2004). To determine whether a party may proceed anonymously, a court should consider the impact of the plaintiff's anonymity on the public interest in open proceedings and on fairness to the defendant. *Microsoft*, 56 F.3d at 1464. In balancing the competing interests involved, factors to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;[8]
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party;[9] and
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

---

[8] Matters of a sensitive and highly personal nature include those dealing with birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).

[9] "When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Yacovelli*, No. 02-596, 2004 WL 1144183, at * 8.

*See Yacovelli*, 2004 WL 1144183, at * 6-8.

Pseudonymous litigation has been permitted "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d 320, 322-23 (11th Cir. 1992).  In contrast, requests to proceed anonymously have been denied where the plaintiff merely cites personal embarrassment as the basis of the need for confidentiality.  In *Qualls*, for example,  the plaintiffs were soldiers serving in Iraq or en route to Iraq whose terms of service were involuntarily extended by the Department of Defense's Stop Loss program.  *Qualls*, 228 F.R.D. at 9.  They claimed that if they were named they could be subject to retaliation including physical harm, and they submitted affidavits of unrelated third parties which alleged retaliation or bias against military personnel who speak out against the President, the Iraq War, or war in general.  *Id*. at 11.  The court rejected the plaintiffs' request to proceed as John Does, finding that they did not meet their burden of demonstrating a legitimate basis for granting anonymity in the face of the public interest in full access to the courts.  The affidavits did not allege potential physical harm and they did not discuss the individual plaintiffs' situations.  *Id*. at 111-12. Further, the court noted that "bringing litigation can subject a plaintiff to scrutiny and criticism and can affect the way [a] plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym." *Id*. at 12; *accord Doe v. Frank*, 951 F.2d at 322-23 (the court denied plaintiff's request to proceed under a pseudonym in a discrimination lawsuit where the plaintiff sought to prevent public disclosure of his alcoholism).

The Anonymous Claimant Rule does not require the closure of administrative

hearings or the withholding of ALJ decisions and orders.  Further, the Rule does not permit claimants to proceed anonymously; indeed, the claimant's identity continues to be known to all parties to an administrative proceeding.  The Anonymous Claimant Rule only requires that claimants be referenced by their initials when ALJ decisions and orders are published on the Internet.  The Chief ALJ instituted the Rule to protect the privacy interests of claimants, deeming the publication of highly personal medical information on the Internet to be an unnecessary intrusion into the claimant's privacy.  Because the Rule reflects an appropriate balancing of interests in compliance with the First Amendment, Plaintiffs have not alleged a First Amendment violation here.

### C.  Right to Notice and Comment under the APA

Plaintiffs also contend that their right to notice and comment under the APA was violated when the Chief ALJ instituted the Anonymous Claimant Rule by memorandum and when the Secretary repealed, without notice and comment, the regulation that required the claimant's name to be stated in claims under the Black Lung Act.  *See* 5 U.S.C. § 553(b) (requiring notice and public comment); *Batterton v. Marshall*, 648 F.2d 694, 703 (D.C. Cir. 1980) (the requirement of notice and comment ensures public participation and fairness to affected parties).  The Secretary argues that the notice and comment procedures did not need to be followed because the Anonymous Claimant Rule is merely procedural.  *See* 5 U.S.C. § 553(b)(A) (exempting rules of agency procedure and practice from the notice and comment process).  Because the Rule does not affect the filing of a claim or the presentation of evidence, the Secretary argues that it is not substantive.

To determine whether a rule is substantive or procedural, courts examine whether the rule "encodes a substantive value judgment."  *Public Citizen v. Dep't of State*, 276 F.3d 634, 640 (D.C. Cir. 2002).  In *Public Citizen*, the Circuit considered a rule adopting the date of a FOIA request

as the date to cutoff an agency's search for records. The court found that the rule was procedural because it applied to all FOIA requests, made no distinction based on subject matter, and thus encoded no value judgment. *Id*. at 641.

Public Citizen did not examine a rule affecting First Amendment rights. Also, informational rights are substantive and merit APA protections. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 302-03 (1979). In *Chrysler*, the Supreme Court found that regulations promulgated by the Department of Labor's Office of Federal Contract Compliance, which require that reports related to affirmative action programs be made available to the public, are substantive rules. *Id*. at 302. "[T]he promulgation of these regulations must conform with any procedural requirements imposed by Congress. . . . The pertinent procedural limitations in this case are those found in the APA." *Id*. at 303.

By instituting the Anonymous Claimant Rule, the Chief ALJ made a value judgment — he determined that, in all claims for benefits under the Longshore Act and the Black Lung Act, the claimant's privacy interest trumped the right to public access to administrative decisions and orders posted on the Internet. Thus, Plaintiffs have stated a claim that the Rule, and the accompanying repeal of the Black Lung Act regulation requiring the naming of claimants, is a substantive rule that should have been subject to APA formal rulemaking procedures.

### D. Authority of Chief ALJ to Institute Rule Change

Plaintiffs also challenge the authority of the Chief ALJ to enact the Anonymous Claimant Rule. The Secretary contends that the Chief ALJ has the authority to administer the agency website because the Secretary delegated to agency heads the responsibility for the management of Department of Labor communications services, including websites. *See* 70 Fed.

Reg. 59,200 (Oct. 11, 2005).  However, as explained above, the Plaintiffs assert that the Anonymous Claimant Rule is not a mere procedural or administrative rule regarding the formatting of documents on a website, but that the Rule is substantive because it encodes a value judgment.  The Secretary's delegation of authority to agency heads to administer websites did not include the authority to institute the formal APA rulemaking that is required for substantive rules.  *See* Def.'s Reply at 5 n.3 ("Defendant does not contend that the Chief Administrative Law Judge has any authority to adopt rules regarding the interpretation of a statute, or to otherwise set substantive policy for DOL.") Accordingly, Plaintiffs have stated a claim challenging the Chief ALJ's authority to promulgate the Anonymous Claimant Rule.

### E.  Freedom of Information Act

Plaintiffs also allege that the Anonymous Claimant Rule violates § 552(a) of FOIA. *See* Intervenors' Compl. ¶ 35.  FOIA requires that when an agency makes information available or publishes an opinion, it may delete identifying details to prevent an unwarranted invasion of privacy, but in each case must explain in writing the justification for the deletion.  5 U.S.C. § 552(a)(2).  The Secretary points out that this section simply does not apply to the circumstances at issue here, as it does not control how an agency creates its documents.  FOIA governs how an agency redacts information from documents that are made publicly available, but not how documents are created initially.  Under the Anonymous Claimant Rule, ALJ decisions and orders are created using first and last initials only; no information is deleted from them, and thus they are not redacted documents. Because FOIA does not apply, Plaintiffs have failed to state a FOIA claim.

### F.  Longshore and Black Lung Acts

Plaintiffs also allege that the adoption of the Anonymous Claimant Rule  violates the

Longshore Act and the Black Lung Act because the Rule was not adopted in accordance with the "procedural requirements" of the Acts and because the Rule violates these Acts. *See* Compl. ¶¶ 33, 35; Intervenors' Compl. ¶¶ 35, 37. However, Plaintiffs fail to identify any part of these Acts that sets forth such alleged procedural requirements or that requires the Department of Labor to publish full claimant names in ALJ decisions and orders. Thus, Plaintiffs have not stated a claim for relief under the Longshore Act or the Black Lung Act.

### G.  Fifth Amendment

Plaintiffs also allege that the Anonymous Claimant Rule infringes their right to due process under the Fifth Amendment. The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. The Fifth Amendment "only requires that a person receive his 'due' process, not every procedural device that he may claim or desire." *Johnson v. United States*, 628 F.2d 187, 194 (D.C. Cir. 1980). To determine what process is due, courts weigh three factors:

> the nature of the benefit or status of which the individual is being deprived; the need for the government to act efficiently and expeditiously in terminating this type of benefit or status; and the extent to which the decisionmaking process would be aided by the presence of the procedural safeguard that the individual seeks.

*Id*. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

Although Plaintiffs assert that the Anonymous Claimant Rule impairs the ability of parties in Longshore Act and Black Lung Act litigation to research and identify applicable case law, and that it impairs the right of employers and insurers to research the claims history of individual claimants, *see* Intervenors' Compl. ¶ 32, Plaintiffs fail to indicate how this affects their Fifth

Amendment rights. The allegation that Plaintiffs' ability to research and identify applicable case law has been affected by the Anonymous Claimant Rule is unsupported by the facts Plaintiffs allege. The facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and a court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning*, 292 F.3d at 242. Decisions in Longshore Act and Black Lung Act cases continue to be published and may be researched and cited in ALJ proceedings. The law and the facts of those decisions have not been altered by the Anonymous Claimant Rule. The use of the claimants' initials in decisions and orders posted on the Internet does not affect the ability to research applicable case law.

Plaintiffs also assert that the Anonymous Claimant Rule impairs the alleged right of employers and insurers to research the claims history of individual claimants. *See* Intervenors' Compl. ¶¶ 32 & 37. The claims history of an individual claimant can be obtained through discovery, which is available in administrative proceedings. *See, e.g.*, 29 C.F.R. §§ 18.14(a) (discovery of any relevant matter that is not privileged is allowed), 18.13 (providing for discovery by deposition, interrogatory, and production of documents). "[T]he conduct and extent of discovery in agency proceedings is a matter ordinarily entrusted to the expert agency in the first instance." *Trailways Lines, Inc. v. ICC*, 766 F.2d 1537, 1546 (D.C. Cir. 1985). The alleged right to research claims history is not a right to life, liberty, or property, protected by the Fifth Amendment due process. Accordingly, Plaintiffs have failed to state a claim under the Fifth Amendment.

## IV.  CONCLUSION

For the reasons explained above, the Secretary's motion to dismiss [Dkt. # 10] will be granted in part and denied in part. Plaintiffs' claims under the First and Fifth Amendments to the

U.S. Constitution, FOIA, the Longshore Act, and the Black Lung Act will be dismissed.  Plaintiffs'

claims under the APA remain at issue.   A memorializing order accompanies this Memorandum

Opinion.


Date: November 13, 2008                              _____/s/_____
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge