## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF WATERFRONT EMPLOYERS, <br><br> **Plaintiff,** <br> and <br><br> OLD REPUBLIC INSURANCE COMPANY and BITUMINOUS CONTRACTORS, INC., <br><br> **Intervenors,** <br><br> v. <br><br> HILDA L. SOLIS, Secretary of Labor, <br><br> **Defendant.**[1] | Civil Action No. 07-2250 (RMC) |

## MEMORANDUM OPINION

Plaintiff and Intervenors challenge the Department of Labor's adoption of an administrative rule requiring use of claimants' initials instead of their full names in decisions and orders of administrative law judges in cases under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. §§ 901-950, and the Black Lung Benefits Act ("Black Lung Act"), 30 U.S.C. §§ 901-944.  *See* AR 282-83 (Memorandum dated July 3, 2006, promulgating the "Rule").  Plaintiff and Intervenors contend that the Rule is arbitrary and capricious, that it violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Longshore Act, the Black Lung Act, common law,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Hilda L. Solis, Secretary of Labor, is substituted for her predecessor, Elaine L. Chao.

and the First and Fifth Amendments to the U.S. Constitution.  The Secretary moves to dismiss or for summary judgment, and Plaintiff and Intervenors also move for summary judgment.  As explained below, the motions will be granted in part and denied in part.  The Rule will be set aside and its enforcement enjoined because it was not properly promulgated under the APA.

## I.  FACTS

The Longshore Act and the Black Lung Act establish workers' compensation programs to pay benefits to certain maritime workers and coal mine employees, respectively.  These programs require employers or their insurance carriers to pay benefits to eligible claimants at government mandated rates, and the programs share a statutory system for adjudication of benefit claims.  The Department of Labor's Office of Workers' Compensation Programs ("OWCP") carries out the initial processing of claims and maintains records of the administration of these and other compensation programs.  *See* 20 C.F.R. §§ 1.1, 1.2, & 701.201.

If claims are not resolved administratively by OWCP, they are adjudicated by Department of Labor administrative law judges ("ALJs").  Under the Longshore Act and the  Black Lung Act , if a worker's claim for benefits is contested by the employer or by the employer's insurer, upon request of any party the matter is referred to the Office of the Chief Administrative Law Judge of the Department of Labor for a hearing by an ALJ.  *See* 33 U.S.C. § 919(d); 20 C.F.R. §§ 725.451-.452 & 702.331.[2]  After a hearing, the ALJ issues a decision and order awarding benefits or rejecting the worker's claim.[3]

---

[2] The Black Lung Act generally incorporates the adjudicative procedures of the Longshore Act.  *See* 30 U.S.C. § 932(a) (incorporating 33 U.S.C. §§ 919 & 921, except as otherwise provided).

[3] An ALJ's decision is reviewable by the Benefits Review Board and those decisions are subject to review in the federal circuit courts of appeal.  *See* 33 U.S.C. § 921.  In August of 2007,

The Chief Administrative Law Judge of the Department of Labor declared by memorandum that as of August 1, 2006, decisions and orders by ALJs involving the Longshore Act and the Black Lung Act would no longer display the claimant's full name in the caption and text. AR at 282-83.  Instead, claimants would be identified by their first and last initials.  *Id.*  The Chief ALJ instituted the Rule due to concerns about a claimant's privacy when ALJ orders and opinions are posted on the Internet.  He explained in the memorandum:

> The 1996 e-FOIA amendments required agencies to publish adjudicatory decisions on the Internet.[4]  A consequence of that law is that commercial Internet search engines negated any "practical obscurity" that was previously true of agency decisions relating to the [Black Lung Act] and the [Longshore Act].  Thus, to limit a claimant's exposure on the Internet, the Department of Labor has decided that it will avoid referring directly to the claimant's name in decisions and other orders that are required to be posted on the DOL web site on or after August 1, 2006.

*Id.* at 282.[5]  Even though claimants' names are concealed on all ALJ decision and orders, claimants' names are not considered secret. Parties to the administrative proceeding have notice of the claimant's full name.  As the memorandum indicated further:

> The caption will display the claimants initials. . . .  A cover or referral memorandum, not part of the decision, will be sent only to the parties. That memo will identify the claimant's full name.

---

the Benefits Review Board instituted its own rule requiring that decisions and orders issued by the Board use claimants' initials.

[4] *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. 104-231, 110 Stat. 3028, codified in various sections of 5 U.S.C. § 552, including § 552(a)(2).  Final decisions by ALJs in Longshore Act and Black Lung Act cases are published on the Internet at http://www.oalj.dol.gov.

[5] The Rule purports to address only decisions and orders posted on the Internet, but it has been applied to hard copy orders as well.  *See* Klaus Aff. [Dkt. # 41] ¶ 5.

*Id*. at 283.  Also, hearings under the Black Lung Act and the Longshore Act remain open to the public.  *See* 20 C.F.R. §§ 702.344 & 725.464.

The Chief ALJ issued the Rule as a rule of agency procedure, without notice and comment.  *See* 5 U.S.C. § 553(b)(3)(A).  The Secretary of Labor did not publish a proposed rule and invite public comment and did not publish the final Rule in the Federal Register.

A preexisting rule that applied to claims under the Black Lung Act provided that ALJ decisions "shall contain a statement of the basis of the order, *the names of the parties*, findings of fact, conclusions of law . . . ."  20 C.F.R. § 725.477(b) (version effective prior to Jan. 30, 2007) (emphasis added).[6]  After the adoption of the Rule at issue here, § 725.477(b) was replaced with one that did not require ALJ decisions to contain party names.  *See* 72 Fed. Reg. 4204 (Jan. 30, 2007); 20 C.F.R. § 725.477(b).[7]  The new regulation was published in the Federal Register as a final rule without opportunity for notice and comment because it allegedly pertained "solely to the Department's formatting of decisions and orders."  72 Fed. Reg. at 4204-05.

Plaintiff and Intervenors object to the Rule created by the Chief ALJ's memorandum.[8]

---

[6] Regulations that govern the filing and adjudication of claims for benefits are found at 20 C.F.R. §§ 702.301 - 702.394 (Longshore Act claims) and 20 C.F.R. §§ 725.301 - 725.483 (Black Lung Act claims).  The regulations promulgated under the Longshore Act were and are silent on the issue of claimant names.

[7] Other than the deletion of the phrase "the names of the parties," the new § 725.477(b) is identical to the prior version.

[8] Plaintiff and Intervenors refer to the Rule as the "Anonymous Claimant Rule."  The Court declines to adopt this nomenclature, as it is misleading.  The Rule at issue does not permit a claimant to proceed anonymously, as the parties to the administrative proceeding know the claimant's identity.  Also, the Rule does not require closed proceedings or sealed filings.  It only requires the use of initials in ALJ decisions and orders; all other filings in an administrative case contain the claimant's full name.

-4-

Plaintiff is the National Association of Waterfront Employers ("NAWE"), a trade association  that represents stevedoring companies and marine terminal operators on issues under the Longshore Act and other federal laws.  NAWE members are employers under the Longshore Act, *see* 33 U.S.C. § 902(4), and some members are also insurance carriers under the Longshore Act.  *See id*. § 902(5). NAWE also publishes a monthly newsletter.  Intervenors are Old Republic Insurance Company and the Association of Bituminous Contractors, Inc. ("ABC").  *See* Order [Dkt. # 5] (granting motion to intervene as plaintiffs).  Old Republic Insurance Company is a workers' compensation and employer liability insurer, insuring liabilities under the Black Lung Act.  It also acts as claims administrator for self-insured coal mine operators.  ABC is an employer association, and its members are contractors who perform construction work for coal companies.  Such construction companies are potentially liable under the Black Lung Act to employees whose work involves exposure to coal dust and who become disabled as a result.  ABC also publishes a newsletter regarding developments under the Black Lung Act.

NAWE filed an amended complaint alleging four counts against the Secretary: (1) the adoption of the Rule violates the procedural requirements of the Longshore Act and the APA; (2) the Rule is arbitrary and capricious because the Chief ALJ adopted it without the authority to do so; (3) the Rule violates the Longshore Act, the APA, the common law, and the First and Fifth Amendments to the U.S. Constitution; and (4) if the Rule is lawful, then the "Fourteen Day Rule," 33 U.S.C. § 914(b) & (e), violates the Fifth Amendment.  *See* Am. Compl. [Dkt. # 32].[9]  The

---

[9] The Court has federal question jurisdiction in this case.  *See* 28 U.S.C. § 1331.  Even though the APA does not provide an independent basis for subject matter jurisdiction, *Califano v. Sanders*, 430 U.S. 99, 107 (1977), final agency action is subject to judicial review when there is no other adequate remedy.  5 U.S.C. § 704; *see City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 183 (JJ. Ginsburg & Stevens, dissenting) (under *Sanders*, district courts may review administrative

Intervenors' amended complaint adds allegations that the Rule violates the Black Lung Act and FOIA.  *See* Intervenors' Am. Compl. [Dkt. # 33].[10]

        NAWE alleges that the Secretary did not identify third parties who have an interest in knowing the claimants' identities in ALJ orders and decisions, the Secretary did not balance the interests of such third parties against claimants' interests, and the Secretary did not consider a more narrowly tailored rule.  Am. Compl. ¶¶ 23-25, 35.  NAWE asserts that it needs to know the identity of claimants for a variety of reasons including, for example, the need to determine: whether a current claimant previously was denied benefits for the same or similar injury, whether a payment owed by a second employer should be reduced by compensation already paid for the injury by a prior employer, and whether a claim should be paid out of a "special fund" for employees who were previously injured.  *Id.* ¶¶ 64, 66, 68.  Intervenors similarly assert that the Rule prevents them "from obtaining the claims history of individual claimants on a timely basis for the purpose of investigating and defending claims within the regulatory time limits."  Intervenor's Am. Compl. ¶ 15.  Because both NAWE and ABC publish newsletters, they also assert that as members of the press they need to know the identity of claimants.  *See id.* ¶¶ 16-17, 49; Am. Compl. ¶¶ 75-79

        NAWE and Intervenors seek a declaratory judgment that the Rule violates the law, and they seek an injunction requiring the Secretary to withdraw the Rule, prohibiting the Secretary

---

action under the federal question jurisdiction statute, 28 U.S.C. § 1331, when Congress has not specifically prescribed another review route or precluded review.)

   [10] Previously in this case, the Court granted in part and denied in part the Secretary's motion to dismiss NAWE and the Intervenors' original complaints.  *See* Mem. Op. [Dkt. # 21].  Subsequently, NAWE and Intervenors requested leave to amend their complaints, and the Court granted their requests.  Thus, the Court now revisits the issues presented in the context of the Amended Complaint and the Intervenors' Amended Complaint.

from adopting a new rule unless the Secretary uses formal rulemaking procedures, and prohibiting the Secretary from adopting a new rule requiring concealment of claimant names except when anonymity is based on individual special circumstances. The Secretary moves to dismiss or for summary judgment. NAWE and Intervenors also move for summary judgment.

## II.  LEGAL STANDARD

The Secretary moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. Where matters outside the pleadings are presented in a motion to dismiss, the court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Here, the Court looks to the pleadings as well as the Administrative Record. Because the Court examines matters outside the pleadings, it treats the Secretary's motion as one for summary judgment. NAWE and Intervenors also filed a motion for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322 (1986). To determine which facts are "material," a court must look to the substantive law on which each claim

rests.  *Anderson*, 477 U.S. at 248.  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  ANALYSIS

NAWE and Intervenors brought their claims under the APA, which waives the sovereign immunity of the United States and permits a court to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  5 U.S.C. § 706(2).  NAWE and Intervenors contend that the Rule is "not in accordance with the law" because

it violates the APA, FOIA, the Longshore Act, the Black Lung Act, the common law, and the First and Fifth Amendments to the U.S. Constitution.

### A.  Notice and Comment under the APA

NAWE and Intervenors contend that their right to notice and comment under the APA was violated when the Secretary instituted the Rule regarding the use of claimants' initials by memorandum.  *See* 5 U.S.C. § 553(b) & (c) (requiring notice and public comment); *Batterton v. Marshall*, 648 F.2d 694, 703 (D.C. Cir. 1980) (the requirement of notice and comment ensures public participation and fairness to affected parties).  The Secretary contends that the notice and comment procedures did not need to be followed because the Rule is merely procedural.  *See* 5 U.S.C. § 553(b)(A) (exempting rules of agency procedure and practice from the notice and comment process).  The Secretary argues that the Rule is not substantive because it does not affect the filing of a claim or the presentation of evidence, it merely affects the "formatting" of ALJ decisions and orders.

To determine whether a rule is substantive or procedural, courts examine whether the rule "encodes a substantive value judgment."  *Public Citizen v. Dep't of State*, 276 F.3d 634, 640 (D.C. Cir. 2002).  In *Public Citizen*, the D.C. Circuit considered a rule adopting the date of a FOIA request as the date to cutoff an agency's search for records.  The court found that the rule was procedural because it applied to all FOIA requests, made no distinction based on subject matter, and thus encoded no value judgment.  *Id*. at 641.  In contrast to the rule examined in *Public Citizen*, the Rule requiring ALJs to use only claimants' initials encodes a value judgment — the determination that, in *all* claims for benefits under the Longshore Act and the Black Lung Act, claimants' privacy interests trump any interest that the public or the press may have in access to the claims history of

workers, as shown in ALJ decisions and orders.

Further, informational rights are substantive, thus meriting APA protections. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 302-03 (1979).  In *Chrysler*, the Supreme Court found that regulations promulgated by the Department of Labor's Office of Federal Contract Compliance, which require that reports related to affirmative action programs be made available to the public, are substantive rules.  *Id*. at 302.  "[T]he promulgation of these regulations must conform with any procedural requirements imposed by Congress. . . .  The pertinent procedural limitations in this case are those found in the APA."  *Id*. at 303.

The interests that NAWE and Intervenors assert here are informational interests. Public policy favors public access to administrative proceedings.  *See, e.g.,  FCC v. Schreiber*, 381 U.S. 279, 293 (1965); *Fitzgerald v. Hampton*, 467 F.2d 755, 764 (D.C. Cir. 1972).  And the same public policy favors public access to administrative records.  *Graber Mfg. Co. v. Dixon*, 223 F. Supp. 1020, 1022 (D.D.C. 1963).  Also, the common law provides the press a limited right of access to judicial records.  *Application of A.H. Belo Corp. (U.S. v. Cisneros)*, 66 F. Supp. 2d 47, 48 (D.D.C. 1999).  These informational interests are substantive and are entitled to APA protection.  *See Chrysler*, 441 U.S. at 302-03.[11]

---

[11] The First Amendment protects public access to court records and proceedings if the access has been historically available and if such access "plays a significant positive role in the functioning of the particular process in question."  *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986). The right is qualified, however, and it may be overcome by an overriding interest in closure that is narrowly tailored to serve such overriding interest.  *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984); *see, e.g., Phoenix Newspapers, Inc. v. U.S. District Court*, 156 F.3d 940, 949 (9th Cir. 1998); *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).  While the D.C. Circuit has been silent regarding access to civil proceedings and records, "other Circuits have opined and uniformly held that the public has a First Amendment right of access to civil proceedings and records."  *See In re Guantanamo Bay Detainee Litig.*, 624 F. Supp. 2d 27, 35 (D.D.C. 2009) (collecting cases); *In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 9 (D.D.C. 2009) (same).  The Court does

In sum, the Rule should have been subject to APA formal rulemaking procedures. Because the Secretary did not engage in formal notice and comment rulemaking, the Rule will be set aside and its enforcement enjoined.

## B.  Authority of Chief ALJ to Institute Rule Change

NAWE and Intervenors also challenge the authority of the Chief ALJ to promulgate the Rule.  The Secretary contends that the Chief ALJ has the authority to administer the agency website because the Secretary delegated to agency heads the responsibility for the management of Department of Labor communications services, including websites.  *See* 70 Fed. Reg. 59,200 (Oct. 11, 2005).  However, as explained above, the Rule is not a mere procedural or administrative rule regarding the formatting of documents on a website.  It is substantive because it encodes a value judgment.  The Secretary's delegation of authority to agency heads to administer websites did not include the authority to institute the formal APA rulemaking that is required for substantive rules. Accordingly, the Chief ALJ did not have authority to promulgate the Rule.[12]

## C.  Freedom of Information Act

Intervenors allege that the Rule violates § 552(a) of FOIA.  FOIA requires that when

---

not reach the issue of whether the interest in access to administrative decisions and orders presented here constitutes a right protected by the First Amendment or whether the Rule requiring the use of claimants' initials infringes on First Amendment rights.  The Court holds only that access to administrative records is favored by public policy and that this interest is substantive and entitled to APA protection.

[12] Under the Longshore Act and the Black Lung Act, the Secretary is authorized to make rules and regulations.  *See* 33 U.S.C. § 939(a)(1) (Longshore Act); 30 U.S.C. § 936(a) (Black Lung Act). The Secretary assigned the authority to administer these Acts to the Assistant Secretary of Labor for Employment Standards, who delegated the authority to administer the Acts and to create regulations to the OWCP.  20 C.F.R. §§ 1.2., 1.2(e) & (f), & 701.201.  Thus, the OWCP, and not the Chief ALJ, has the authority to engage in substantive rulemaking under the Longshore and Black Lung Acts.

an agency makes information available or publishes an opinion, it may delete identifying details to prevent an unwarranted invasion of privacy, but in each case must explain in writing the justification for the deletion.  5 U.S.C. § 552(a)(2).  FOIA governs how an agency redacts information from documents that are made publicly available, but not how documents are created initially.  Thus, FOIA does not control how an agency creates its documents, and it does not apply to the circumstances at issue here.  Because FOIA does not apply, Intervenors have failed to state a FOIA claim.

### D.  Longshore and Black Lung Acts

NAWE and Intervenors allege that the adoption of the Rule violates the Longshore Act and the Black Lung Act because the Rule was not adopted in accordance with the "procedural requirements" of the Acts and because the Rule violates these Acts.  However, NAWE and Intervenors fail to identify any portion of these Acts that sets forth such alleged procedural requirements or that requires the Department of Labor to publish claimants' full names in ALJ decisions and orders.  Thus, NAWE and Intervenors have not pointed to any cause of action arising under the provisions of these Acts.  Because they have not stated a claim for relief, the claims under the Longshore Act and the Black Lung Act will be dismissed.[13]

### E.  Remaining Claims

NAWE and Intervenors also allege that their common law right to access court records and their rights under the First Amendment and the Due Process Clause of the Fifth

---

[13] NAWE and Intervenors also point out that a statute does not abrogate the common law unless it does to directly.  *See United States v. Texas*, 507 U.S. 529, 534 (1993).  They then reason, erroneously, that because the Acts do not abrogate the common law that they somehow create a cause of action under the common law.

Amendment were violated by the promulgation of the Rule.  *See* Am. Compl. ¶¶ 108-111 (Count 3) & ¶ 112 (Count 4); Intervenors' Am. Compl. ¶ 57 (Count 3).  It is well-settled that courts should avoid unnecessarily deciding constitutional questions.  *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 353-54 (D.C. Cir. 1997).  And when a plaintiff receives all relief requested based on other considerations, there is no need to reach additional issues.  *See United Seniors Ass'n, Inc. v. Shalala*, 182 F.3d 965, 969-70 (D.C. Cir. 1999) (because case resolved on other grounds, there was no need to reach the constitutional issues raised in the complaint).  Because the Court will set aside the Rule and enjoin its enforcement under the APA, NAWE and Intervenors' requests for relief are fully satisfied.  The Court need not reach the common law claim or the constitutional claims.

## IV.  CONCLUSION

For the reasons explained above, the Secretary's motion to dismiss or for summary judgment [Dkt. # 35 & 36][14] will be granted in part and denied in part, and Plaintiff and Intervenors' motion for summary judgment [Dkt. # 40] will be granted in part and denied in part.  While the claims under FOIA, the Longshore Act, and the Black Lung Act will be dismissed, summary judgment will be granted in favor of Plaintiff and Intervenors with regard to their claims under the APA.  The Rule requiring the use of claimants' initials in ALJ decisions and orders under the Longshore Act and the Black Lung Act will be set aside and its enforcement will be enjoined.  A memorializing Order accompanies this Memorandum Opinion.

---

[14] The Secretary also filed a corrected memorandum in support of its motion to dismiss or for summary judgment.  *See* Dkt. # 46.

Date: October 27, 2009                                      _____/s/_____
                                                                        ROSEMARY M. COLLYER
                                                                        United States District Judge